FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | No. 2:21-MJ-00213-JTR-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE |

At Defendant's April 19, 2021, initial appearance based on a Criminal Complaint, Defendant appeared via video while in custody at the Spokane County Jail. Attorney Carl Oreskovich represented the Defendant and appeared in Court. Assistant U.S. Attorneys Richard Barker and James Goeke represented the United States and also appeared in Court. United States Probation Officer Patrick Dennis was present telephonically. At the time of the hearing, Defendant consented to proceeding by video.

Defendant was advised of, and acknowledged, his rights.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566

ORDER - 1

F.3d 900, 913 n.14 (9th Cir. 2009).  Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence.  If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation.  The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.  Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent.  As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

The **preliminary and detention hearings are set for <u>April 21, 2021 at 1:30 p.m.</u>**, in person before the undersigned.  **IT IS ORDERED** pending the hearing, Defendant shall be detained in the custody of the United States Marshal and produced for the hearing or until further order of the court.

ORDER - 2

The U.S. Probation Office shall prepare a Supplemental Pretrial Services Report prior to the detention hearing and shall notify defense counsel prior to interviewing Defendant.

A **status hearing is set for May 5, 2021, at 1:30 p.m.,** before the undersigned.

**IT IS SO ORDERED.**

DATED April 19, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 3