Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Richard R. Barker
James A. Goeke
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD CRAIG ILG, (a/k/a/ Scar215),<br><br>    Defendant. | Case No.: 2:21-MJ-00213-JTR-1<br><br>United States' Unopposed Motion for Protective Order<br><br>Without Oral Argument<br>April 30, 2021 – 6:30 p.m. |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Richard R. Barker and James A. Goeke, Assistant United States Attorneys for the Eastern District of Washington, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, moves for a Protective Order for appropriate protections against dissemination of the discovery materials and the sensitive information contained herein, disclosed in the above-captioned matter.

Motion for Protective Order- 1

The information addressed by this motion involves sensitive personal identifiers contained in the discovery in this case. Such information may include, for example, social security numbers, driver's license and identification information, dates of birth, birth places, addresses, phone numbers, e-mail addresses, personal photographs, cooperating witness information, identifying information pertaining to minor witnesses, and additional sensitive personal identifiers and information. The protections sought by the United States will not impede the Defendant's ability to prepare a defense, but merely will protect against the improper dissemination and use of the sensitive information.

The discovery in the instant case also includes medical records of the putative victim as well as personal identifying information of potential eye and ear witnesses. To protect the Protected Information and to provide full discovery disclosures to the Defendants as expeditiously as possible, the United States proposes that the following restrictions be placed on sensitive information:

1. Defense Counsel shall not share or provide any discovery items produced by the United States in this case with anyone other than designated Defense Counsel and his defense investigators, retained expert witnesses, and support staff. Defense Counsel may permit their defendants to view unredacted discovery items in the presence of Defense Counsel and their defense investigators and support staff. Defense Counsel personally, or through Defense Counsel's

Motion for Protective Order- 2

investigators and support staff, may show unredacted discovery items to witnesses in regard to items or events about which a witness may have personal knowledge. Defense Counsel and his investigators and support staff shall not allow the Defendant or witnesses to copy Protected Information contained in the discovery.

2. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States. At the conclusion of the case, Defense Counsel will return the discovery to the United States, will certify that it has been shredded, or, if the materials are still needed, will store it in a secure place and not disclose it to third parties. If the assigned Defense Counsel is relieved or substituted from the case, Defense Counsel will return the discovery to the United States or certify that it has been shredded.

3. Defense Counsel shall store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons contrary to the Protective Order.

4. Defense Counsel shall be responsible for advising their client/Defendant, employees, witnesses, and other members of the defense team of the contents of the Protective Order.

5. The Protective Order shall also apply to any new Defense Counsel that may later become counsel of record in this case.

Motion for Protective Order- 3

## ANALYSIS & MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. Fed. R. Crim. Proc. 16(d)(1); *see also United States v. El-Mezain*, 664 F.3d 467, 519 (5th Cir. 2011). The United States does not seek to delay, deny, or restrict the disclosure of information required by the Federal Rules of Criminal Procedure. Instead, the United States only seeks to facilitate discovery disclosure, while protecting against the improper disclosure or use of any Protected Information. The attached proposed Protective Order would have no effect on Defendant's ability to prepare a defense and would properly protect sensitive personal, financial, and business information and identifiers of Defendants and third parties.

"Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). It is entirely appropriate for any protective order to

Motion for Protective Order- 4

strictly advise the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case").

## NECESSITY OF EXPEDITED HEARING

The United States hereby seeks to expedite the hearing on the instant motion and proposed protective order without oral argument. So the United States can timely provide discovery in this matter, an expedited hearing is appropriate.

WHEREFORE the United States moves that this Court issue the proposed Protective Order without undue delay. Defense counsel informed the Government that they do not oppose this motion.

Dated: April 30, 2021.

Joseph H. Harrington
Acting United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

Motion for Protective Order- 5

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notification of such filing will be e-mailed to counsel of record.

<u>s/Richard R. Barker</u>
Richard R. Barker
Assistant United States Attorney

Motion for Protective Order- 6