Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com

*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**DEFENDANT'S MOTION TO REOPEN DETENTION HEARING RE: REQUEST FOR RELEASE OF DEFENDANT**<br><br>Without Oral Argument:<br>June 2, 2021 at 6:30 pm |

COMES NOW, Defendant RONALD CRAIG ILG, by and through his attorneys of record, Carl J. Oreskovich and Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby moves the Court for an Order granting his release from custody pending trial. This Motion

Defendant's Motion to Reopen
Detention Hearing - Page 1

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

is made pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq*. This Motion is supported by the following Memorandum of Law and the accompanying Forensic Psychological Evaluation completed by Alexander Patterson, Psy.D.

## BACKGROUND

This is a prosecution of Defendant Ronald Craig Ilg, MD ("Dr. Ilg") for Attempted Kidnapping contrary to 18 U.S.C. § 1201(a)(1), (d). The Government alleges that Dr. Ilg "communicat[ed] with various administrators/representatives from dark-web sites to hire someone to harm two individuals in Spokane, Washington." (ECF No. 1 at 3.) The Indictment provides, in pertinent part:

> Beginning on or about February 15, 2021, and continuing until on or about April 11, 2021, . . . the Defendant [Dr. Ilg] . . . did unlawfully and willfully attempt to seize, confine, kidnap, abduct and carry away and hold for reward or otherwise, J.L.I., and used a means, facility, and instrumentality of interstate and foreign commerce, to include a cellular phone, the Internet, and related instrumentalities, in attempting to commit and in furtherance of the commission of the offense.

(ECF No. 22 at 1.) The alleged victim is Dr. Ilg's wife ("Victim 2"). Dr. Ilg was also previously charged via Criminal Complaint regarding another individual, "Victim 1." (*See* ECF No. 1.)

Defendant's Motion to Reopen
Detention Hearing - Page 2

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

Dr. Ilg was born in Bellingham, WA and the sixth of eight children. Dr. Ilg grew up in a small, farming community in the Willamette Valley of Oregon and attended Western Oregon State College. (Ex. A at 1.) Dr. Ilg graduated from Oregon Health Sciences University School of Medicine in 1994. (*Id.* at 2.) Following a Pediatric Residency and Perinatal-Neonatal Fellowship Program in Portland, Dr. Ilg moved to Spokane in 2003 to practice neonatology. (*See id.*)

As a neonatologist in Spokane, Dr. Ilg has worked at Deaconess Hospital and Sacred Heart Medical Center, including as Director of the Deaconess ICU. (Ex. A at 1.) Dr. Ilg holds many certifications, including Pediatric Board Certification and Neonatal-Perinatal Medicine Certification. (*Id.* at 3.) Beginning in December 2020, Dr. Ilg served as Executive Director and Chief Medical Officer of Maddie's Place, a nonprofit focused on medical care for drug dependent newborns and their mothers. (*Id.* at 2.) Dr. Ilg also owns a cherry orchard in Walla Walla, WA with family. (ECF No. 8 at 2.)

Dr. Ilg has no criminal history. (ECF No. 8 at 2.) Dr. Ilg has substantial ties to the community, including his ex-wife Corrina Cockrill and two biological sons. Dr. Ilg's family live in the Spokane area. (*See* ECF No. 8; *accord* ECF

Defendant's Motion to Reopen
Detention Hearing - Page 3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

No. 11.)  Additionally, Dr. Ilg has resided at his current home in Spokane since 2003.  (ECF No. 8 at 1.)

Dr. Ilg has been in custody at the Spokane County Jail since April 16, 2021.  (*See* ECF No. 12.)  On April 21, 2021, the Court held a detention hearing.  (*See* ECF No. 15.)  The Court granted the Government's motion for detention, but indicated that detention was "subject to [the] right to return before the Court should circumstances change."  (*Id.* at 2.)  During the detention hearing, the Court indicated that in order to grant Dr. Ilg's release, it would need assurance of no contact with the alleged victim(s) and witnesses, satisfaction of Dr. Ilg's mental state, and a substantial cash bond.

This Motion is supported by the accompanying Forensic Psychological Evaluation of Alexander Patterson, Psy.D.  In the Psychological Evaluation, Dr. Patterson opines, in pertinent part, that "there is insufficient evidence to suggest that Dr. Ilg is a significant risk for suicide at the current time."[1]  Dr. Patterson further indicates: "Dr. Ilg also does not appear to be a significant risk for criminal behavior that would present a threat to public safety."  As such, Dr.

---

[1] Although Dr. Ilg also seeks to have the Forensic Psychological Evaluation be filed under seal based upon medical privacy, the excerpts quoted in this brief are the conclusions reached by Dr. Patterson as opposed to specific private medical details provided during the evaluation.

Defendant's Motion to Reopen
Detention Hearing - Page  4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

Patterson concludes that "Dr. Ilg does not currently meet criteria for a psychiatric illness."

In support of the release of Dr. Ilg from custody, Dr. Patterson proposed the following safety plan:

1. He should have no contact with [J.I.] (wife) or [M.P.] ("girlfriend"). Contact with these individuals would likely cause Dr. Ilg's mental state to destabilize.
2. He should establish care with a psychotherapist. I recommend counseling sessions at least weekly to monitor his mental health and help with stress management.
3. He should continue taking escitalopram (Lexapro) as prescribed. This medication could be managed by his family physician or internist.
4. He should abstain from all substances, including anabolic steroids (which can have psychological side-effects).
5. Ms. Cockrill is his primary source of support and appears to be a positive influence. Residing with her, either at his home in Spokane or her home in Wenatchee, would likely be beneficial. This would also have the advantage of providing contact with Dr. Ilg's older son ([B.I.]), which would be a protective factor.
6. Immediate referral to an inpatient psychiatric facility would be advised if Dr. Ilg's mental health starts to decline.
7. His access to firearms, knives, and medication should be limited as much as possible. I recommend either removing these items from the home or placing them in a safe. Ideally, a third party such as Ms. Cockrill could keep his antidepressant and provide it at intervals to limit his opportunity to overdose.

Defendant's Motion to Reopen
Detention Hearing - Page 5

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

In addition to the Psychological Evaluation, Dr. Ilg is also willing to post a substantial cash bond in support of his release.

## **POINTS & AUTHORITES**

Release and detention pending trial is governed by the Bail Reform Act ("BRA"), 18 U.S.C. § 3141, *et seq.* "The whole spirit of the Bail Reform Act, . . . is that a defendant facing trial should be released, rather than detained, unless there are strong reasons for not releasing him." *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). In this vein, "federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The Bail Reform Act "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Pursuant to 18 U.S.C. § 3142(c)(3), "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." Further, the detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the

Defendant's Motion to Reopen
Detention Hearing - Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

movant at the time of the hearing and that has a material bearing on . . . whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

### A. The Bail Reform Act Provides a Presumption of Release.

"The BRA dictates that a defendant is entitled to pretrial release <u>unless a judicial officer judge finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Rangel*, 318 F. Supp. 3d 1212, 1216 (E.D. Wash. 2018) (quoting 18 U.S.C. § 3142(e)(1)). That is, "[t]he judicial officer <u>shall</u> order the pretrial release . . . , unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). The BRA makes clear "<u>[o]nly in rare cases should release be denied, and doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant</u>." *United States v. Santos–Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015); *accord Motamedi*, 767 F.2d at 1405.

Defendant's Motion to Reopen
Detention Hearing - Page 7

ETTER, M<u>c</u>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## B. The Proposed Conditions of Release Would Reasonably Assure Dr. Ilg's Future Appearance and the Safety of the Community.

At the detention hearing, the Court shall consider to following factors in determining what conditions of release would reasonably assure a defendant's future appearance and protect the safety of the community:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence; . . .
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). In general, "[t]he weight to be accorded to each factor rests in the Court's discretion." *Rangel*, 318 F. Supp. 3d at 1216.

At the detention hearing, "[t]he facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure

Defendant's Motion to Reopen
Detention Hearing - Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

the safety of any other person and the community shall be supported by <u>clear and convincing evidence</u>." 18 U.S.C. § 3142(f)(2)(B).

### *1. Nature and Circumstances of the Offense.*

The first factor for the Court to consider is "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g)(1). As indicated above, the Indictment charges Dr. Ilg with one count of Attempted Kidnapping. (*See* ECF No. 22.) Although Attempted Kidnapping is a "crime of violence," the allegations by the Government do not involve the use of a firearm by Dr. Ilg in furtherance of the crime.

Pursuant to 18 U.S.C. § 3142(e)(3), various crimes contain a presumption "that no condition or combination of conditions will reasonably assure . . . the safety of the community." These offenses include a "crime of violence," only if a firearm was used "in furtherance of any such crime." 18 U.S.C. § 3142(e)(3)(B); 18 U.S.C. § 924(c)(1)(A). Although Attempted Kidnapping may qualify as a "crime of violence," the Government does not allege that Dr. Ilg used a firearm "in further of any such crime." 18 U.S.C. § 924(c)(1)(A). As such, a presumption of release exists under the BRA

Defendant's Motion to Reopen
Detention Hearing - Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

that the Government must overcome via "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). Therefore, the first factor supports release.

### *2. Weight of Evidence Against the Person.*

Pursuant to § 3142(g)(2), the Court also must consider "the weight of the evidence against the person." However, "the Ninth Circuit has directed that the weight of the evidence is the least important factor." *Rangel*, 318 F. Supp. 3d at 1216; *accord Motamedi*, 767 F.2d at 1407 ("the weight of the evidence is the least important of the various factors"). This is so because the Court should not make "a preliminary determination of guilt," as such a determination would in effect make the refusal to grant release "in substance a matter of punishment." *Motamedi*, 767 F.2d at 1407.

In the situation at hand, Dr. Ilg has pled not guilty to the Attempted Kidnapping charge and denies all allegations levied against him. (*See* ECF No. 28.) The information allegedly provided by the Government regarding Dr. Ilg's activity on the "dark-web" came from an anonymous source tied to an international news organization. (*See* ECF No. 1 at 3-4.) The messages allegedly sent by Dr. Ilg are unauthenticated and the source of the messages are currently unknown. Additionally, when interviewed by law enforcement, Dr. Ilg

Defendant's Motion to Reopen
Detention Hearing - Page 10

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"denied hiring someone to have VICTIMS 1 and 2 assaulted and/or kidnapped." (*Id*. at 18.) Although the Government previously argued that Dr. Ilg's suicide attempt was evidence of guilt, the Court should not draw such an inference for determining consciousness of guilt. Further, this theory is unsupported by the Forensic Evaluation of Dr. Patterson. As such, this factor supports release.

### 3. *History and Characteristics of the Person.*

The third factor for the Court to consider is "the history and characteristics of the person." 18 U.S.C. § 3142(g)(3). This factor is further defined as the accused's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Additionally, the Court also must consider if "the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense" when the crime was allegedly committed. 18 U.S.C. § 3142(g)(3)(B).

In the situation at hand, the history and characteristics of Dr. Ilg support pretrial release. Dr. Ilg has no criminal history. He has resided in the Spokane

Defendant's Motion to Reopen
Detention Hearing - Page 11

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

area for almost 20-years and owns his residence.  Dr. Ilg also has an ownership interest in a cherry orchard in Eastern Washington (Walla Walla).  Furthermore, Dr. Ilg has family in the Spokane-area, to wit two biological sons and his ex-wife and close friend, Corrina Cockrill.  Additionally, Dr. Ilg does not have a history of substance abuse nor any past events where he has failed to appear at a court proceeding or absconded.

### *4. Nature and Seriousness of Danger Posed to Any Person or the Community.*

The final factor for the Court to consider is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4).  Although the allegations against Dr. Ilg are severe, the Forensic Evaluation by Dr. Patterson proposes a safety plan to mitigate any concerns that Dr. Ilg poses a risk to himself or others.  This plan includes, but is not limited to, no contact with the alleged victims (and Dr. Ilg's former girlfriend), establishing care with a psychotherapist and continued monitoring, placing Dr. Ilg in the custody of a responsible adult with knowledge of the allegations, and prohibiting access to firearms or other weapons.  As such, the proposed safety plan should satisfy that Dr. Ilg will not pose a safety risk to the community or others.

Defendant's Motion to Reopen
Detention Hearing - Page 12

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

### C. Dr. Ilg Does Not Present a Flight Risk.

The Court may also order detention of a defendant in a case that involves "a serious risk that such person will flee." 18 U.S.C. § 3142(f)(2)(A). Notably, "the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *Santos-Flores*, 794 F.3d at 1090. In the situation at hand, Dr. Ilg has no criminal history, and therefore, has no previous events of failing to appear for proceedings or absconded. Additionally, Dr. Ilg has substantial ties to the community and was employed as a physician in Spokane for almost 20-years. Any concern the Court may have with Dr. Ilg posing a flight risk may be easily remedied by virtue of the Psychological Evaluation safety plan and surrender of Dr. Ilg's passport.

### D. The Proposed Conditions of Release Are the Least Restrictive Alternatives.

In the event release on personal recognizance is not warranted, the Court "shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

Defendant's Motion to Reopen
Detention Hearing - Page 13

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

The conditions of release may include, but are not limited to, a requirement that the person:

> **(i)** remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court . . . ;
> . . .
> **(iv)** abide by specified restrictions on personal associations, place of abode, or travel;
> **(v)** avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
> **(vi)** report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
> **(vii)** comply with a specified curfew;
> **(viii)** refrain from possessing a firearm, destructive device, or other dangerous weapon;
> **(ix)** refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance . . . ;
> **(x)** undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
> **(xi)** execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required . . . ;
> **(xii)** execute a bail bond with solvent sureties . . . ;
> **(xiii)** return to custody for specified hours following release for employment, schooling, or other limited purposes; and
> **(xiv)** satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C. § 3142(c)(1)(B).

Defendant's Motion to Reopen
Detention Hearing - Page 14

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

In the scenario at hand, the Psychological Evaluation proposes a safety plan that meets the requirements of the Bail Reform Act. The safety plan presents the least restrictive alternative to allow the release of Dr. Ilg pending trial, while satisfying the Court that no danger is posed to the community at large, the alleged victims / witnesses, and Dr. Ilg himself. Additionally, Dr. Ilg is able and willing to post a cash bond in the amount of $250,000 in support of his release.

## CONCLUSION

Based upon the foregoing, Dr. Ilg respectfully requests that this Court grant his Motion to Reopen the Detention Hearing and release him from custody pending trial in this matter.

RESPECTFULLY SUBMITTED this 2nd day of June, 2021.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By: /s/ Carl J. Oreskovich
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Ronald Craig Ilg*

Defendant's Motion to Reopen
Detention Hearing - Page 15

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2021, I electronically filed the following document:

DEFENDANT'S MOTION TO REOPEN DETENTION HEARING RE REQUEST FOR RELEASE OF DEFENDANT

with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Richard R. Barker
Richard.Barker@usdoj.gov

James A. Goeke
James.Goeke@usdoj.gov

DATED this 2nd day of June, 2021.

By: /s/ Carl J. Oreskovich

Defendant's Motion to Reopen
Detention Hearing - Page 16

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100