Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com

*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR RELEASE**<br><br>With Oral Argument:<br>June 11, 2021 at 2:30 pm |

COMES NOW, Defendant Ronald Craig Ilg, MD ("Dr. Ilg"), by and through his attorneys of record, and hereby submits the following Reply in Support of Defendant's Motion for Release pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*

Reply in Support of Defendant's
Motion for Release - Page 1

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## A. The Alleged Weight of the Evidence Against the Accused is the Least Important Factor of the Court's Analysis.

The Government repeatedly argues that Dr. Ilg should not be released based upon the alleged weight of the evidence against Dr. Ilg. (*See, e.g.,* United States' Resp. at 5 ("The offense required careful planning, involved a number of messages over the course of several weeks, and involved the transfer of approximately $50,000.").) However, the Ninth Circuit has repeatedly stated that the weight of the evidence against the accused is the least important factor of the Court's analysis. *See, e.g., United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) ("the weight of the evidence is the least important of the various factors").

## B. Dr. Ilg's Alleged Suicide Attempt Does Not Constitute Evidence of Guilt or Demonstrate a Flight Risk.

The Government argues that "suicide is a form of flight and, as such, is admissible as circumstantial evidence of consciousness of guilt." (United States' Resp. at 7.) The Government cites to *United States v. Cody*, 498 F.3d 582 (6th Cir. 2007); *Tug Raven v. Trexler*, 419 F.2d 536 (4th Cir. 1969); and *United States v. Workman*, 680 Fed. Appx. 699 (10th Cir. 2017) in support of its argument. (*See* United States' Resp at 7-8.) However, these cases do not

Reply in Support of Defendant's
Motion for Release - Page 2

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

support the conclusion that the Court should consider Dr. Ilg's suicide attempt in the release analysis.

In *Cody*, the Sixth Circuit held "that suicidal ideations and/or attempts may be admissible as relevant evidence of consciousness of guilt, but only after being screened through typical Rule 403 balancing in accordance with this court's jurisprudence on the admissibility of flight evidence." *Cody*, 498 F.3d at 592. Additionally, *Cody* did not address pretrial release or flight risk. *See id*. Similarly, *Tug Raven* not only does not address pretrial release, but is not even a criminal case. *See Tug Raven*, 419 F.2d at 543. Finally, *Workman* is distinguishable as the Tenth Circuit explicitly indicated: "we might view the question differently if the district court considered *only* Mr. Workman's suicidal ideation, but it also considered 'Mr. Workman's lack of contacts with the community [and] the fact that he does not have a non-custodial place to live.'" *Workman*, 680 Fed. Appx. at 703 (italics in original).

As such, "suicide risk, standing alone," is not "sufficiently concrete and unmitigable to warrant flight-based detention." *United States v. Comberger*, 2021 WL 1725516, at *2–3 (E.D. Ky. 2021) (unpublished)[1]. Additionally, the

---

[1] Offered for persuasive purposes only.

Reply in Support of Defendant's
Motion for Release - Page 3

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

United States' argument that Dr. Ilg's suicide attempt is consciousness of guilt is contrary to the Psychological Evaluation of Alexander Patterson, Psy.D.

**C.  The Proposed Safety Plan is the Least Restrictive Alternative.**

Under the Bail Reform Act, a presumption of release exists and the Court is required to impose the least restrictive alternatives.  *See, e.g., United States v. Rangel*, 318 F. Supp. 3d 1212, 1216 (E.D. Wash. 2018) ("The BRA dictates that a defendant is entitled to pretrial release <u>unless</u> a judicial officer judge finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"); *accord United States v. Santos–Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) ("Only in rare cases should release be denied, and doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant.").

The Government argues "both the psychological assessment and the safety plan fail to address compelling evidence Defendant remains a risk to himself and others." (United States' Resp. at 4-5.)  However, the Forensic Psychological Evaluation of Alexander Patterson, Psy.D explicitly concludes that "there is insufficient evidence to suggest that Dr. Ilg is a significant risk for suicide at the

Reply in Support of Defendant's
Motion for Release - Page  4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

current time" and "Dr. Ilg does not currently meet criteria for a psychiatric illness." Besides identifying inherent caveats to any type of psychological evaluation, the Government does not offer concrete psychological evidence or any expert of its own to rebut Dr. Patterson's conclusion(s).

Dr. Patterson proposes a seven-portion safety plan. This includes, but is not limited to, no contact with the charged victim and "WITNESS 1," ongoing medical care with a psychotherapist, and prohibits access to weapons. Not only is this plan consistent with 18 U.S.C. § 3142(c)(1)(B), but it is the least restrictive alternative available. The Court also may impose a substantial cash bail, extensive ongoing monitoring, and the surrender of Dr. Ilg's passport. Practically speaking, release is required for Dr. Ilg to assist in the preparation of his defense for trial.

Furthermore, the Government argues that Dr. Ilg should not have contact with his young son based upon alleged evidence that "reflects a recklessness and a disregard for social norms." (United States' Resp. at 10.) However, Dr. Ilg has a constitutional right to the relationship with his biological child. *See United States v. Mercado*, 777 F.3d 532, 539 (1st Cir. 2015) ("Supervised release conditions that unduly restrict a defendant's contract with his own minor

Reply in Support of Defendant's
Motion for Release - Page 5

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

children may spark concerns related to the constitutional right of familial association."). Any restriction on contact between Dr. Ilg and his young son is unwarranted based upon the crime for which Dr. Ilg is charged, which was not a crime against children and did not involve minors.

## **CONCLUSION**

Based upon the foregoing, Dr. Ilg respectfully requests that this Court grant release him from custody pending trial in this matter.

RESPECTFULLY SUBMITTED this 10th day of June, 2021.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By: /s/ Carl J. Oreskovich
    Carl J. Oreskovich, WSBA #12779
    Andrew M. Wagley, WSBA #50007
    *Attorneys for Defendant Ronald Craig Ilg*

Reply in Support of Defendant's
Motion for Release - Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June, 2021, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record in this matter.

DATED this 10th day of June, 2021.

By: /s/ Carl J. Oreskovich

Reply in Support of Defendant's
Motion for Release - Page 7

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100