Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com

*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RONALD CRAIG ILG,<br><br>　　　　　Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**DEFENDANT'S MOTION TO REVOKE PRETRIAL DETENTION ORDER**<br><br>With Oral Argument:<br>November 18, 2021 at 11:00 am<br>Via Videoconference |

COMES NOW, Defendant RONALD CRAIG ILG, by and through his attorneys of record, and respectfully moves the Court for an Order revoking his pretrial detention and granting his release from custody pending trial. This Motion is made pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq*. and the Due Process Clause of the Fifth Amendment. This Motion is supported by

Defendant's Motion to Revoke
Pretrial Detention Order- Page  1

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

the following Memorandum of Law and the accompanying Forensic Psychological Evaluations.

The Bail Reform Act carries a presumption for release unless the Government proves by clear and convincing evidence that no conditions of release will protect the safety of the community and/or any individual. *See* 18 U.S.C. § 3142(b). At this juncture, Dr. Ilg has produced Psychological Evaluations from two experts who opine that Dr. Ilg is psychologically stable and does not pose a threat to himself or others. The Court has wide discretion to tailor release conditions, including electronic home monitoring and a substantial cash bond. 18 U.S.C. § 3142(c)(1)(B). In addition, Dr. Ilg's continued pretrial confinement would violate Due Process based upon the likely realistic trial date, Dr. Ilg's need to effectively consult with counsel and experts, and the ongoing resurgence of the COVID-19 pandemic in confinement centers.

## **BACKGROUND**

This is a prosecution of Defendant Ronald Craig Ilg, MD ("Dr. Ilg"), for Attempted Kidnapping contrary to 18 U.S.C. § 1201(a)(1), (d). (*See* ECF No. 22.) The Government alleges that Dr. Ilg "communicat[ed] with various administrators/representatives from dark-web sites to hire someone to harm two individuals in Spokane, Washington." (ECF No. 1 at 3.) The alleged victim

Defendant's Motion to Revoke
Pretrial Detention Order- Page  2

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

pursuant to the Indictment is Dr. Ilg's former wife, "Victim 2." (*See* ECF No. 22 at 1.) Dr. Ilg was also previously charged via Criminal Complaint regarding another individual, "Victim 1." (*See* ECF No. 1.) **Importantly, Dr. Ilg has pled not guilty and expressly denies the allegations against him.**

Dr. Ilg was born in Bellingham, WA and is the sixth of eight children. Dr. Ilg grew up in a small, farming community in the Willamette Valley of Oregon and attended Western Oregon State College. He graduated from Oregon Health Sciences University School of Medicine in 1994. Following a Pediatric Residency and Perinatal-Neonatal Fellowship Program in Portland, Dr. Ilg moved to Spokane in 2003 to practice neonatology. As a neonatologist in Spokane, Dr. Ilg has worked at Deaconess Hospital and Sacred Heart Medical Center, including serving as the Director of the Deaconess Intensive Care Unit ("ICU"). Dr. Ilg holds many certifications, including Pediatric Board Certification and Neonatal-Perinatal Medicine Certification.

Dr. Ilg previously served as Executive Director and Chief Medical Officer of Maddie's Place, a nonprofit focused on medical care for drug dependent newborns and their mothers. Dr. Ilg also owns a cherry orchard in Walla Walla, WA with his ex-wife, Corrina Cockrill. Dr. Ilg has no criminal history. He has substantial ties to the community, including his ex-wife Corrina and two

Defendant's Motion to Revoke
Pretrial Detention Order- Page 3

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

biological sons, who all live in the Eastern District of Washington. Prior to his arrest, Dr. Ilg resided at his current home in Spokane since 2003. Dr. Ilg has been in custody at the Spokane County Jail since April 16, 2021.

This Motion is supported by the accompanying Forensic Psychological Evaluations of Alexander Patterson, Psy.D., and Michael Stanfill, Ph.D.[1]  Dr. Patterson opines, in pertinent part, that "Dr. Ilg does not currently meet criteria for a psychiatric illness." The Psychological Evaluation of Dr. Patterson was presented to Magistrate Judge John T. Rodgers at the last detention hearing. On June 15, 2021, the Magistrate issued an Order Denying Detention Review. (ECF No. 48; ECF No. 49.) In this Order, Magistrate Rodgers concluded that "the United States has established by clear and convincing evidence that Defendant represents a danger to the community that cannot be addressed by conditions or a combination of conditions." (ECF No. 49 at 2.)

Following the Magistrate's Order Denying Detention Review, Dr. Ilg was evaluated by Dr. Stanfill. Dr. Stanfill opines that Dr. Ilg does not pose a

---

[1] The Forensic Psychological Evaluation of Dr. Patterson has previously been filed under seal. (ECF No. 46.) Although Dr. Ilg seeks to have the accompanying Forensic Psychological Evaluations be filed under seal based upon medical privacy, the excerpts quoted in this brief are the conclusions reached, as opposed to specific private medical details provided during the evaluation.

Defendant's Motion to Revoke
Pretrial Detention Order- Page  4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

substantial danger of harming others based upon the Violence Risk Appraisal Guide, Revised Version ("VRAG-R"), a validated and commonly-accepted actuarial measure, along with the Psychopathy Checklist-Revised ("PCL-R"). Dr. Stanfill concludes that Dr. Ilg's "alleged behavior, if proven to be true, [was] strongly driven and influenced by various other external contributing factors (e.g., loss of work, separation from wife and child, etc.)." Additionally, Dr. Stanfill indicates that Dr. Ilg does not presently pose any suicidal thoughts and/or ideations and is psychologically stable. Dr. Stanfill opines that "Dr. Ilg [has] few psychosocial risks associated with well-researched criminogenic risk factors closely tied to recidivism" and had favorable scores on the Level of Services Inventory, Revised Versions ("LSI-R"). Dr. Stanfill concludes that if Dr. Ilg is released, he should resume regular therapy, be subject to regular self-harm risk assessments and monitoring, and prevented access to firearms.

At this juncture, Dr. Ilg has been subject to pretrial detention for over six-months. Additionally, based upon the complexity of discovery and novel issues presented in this case, it is unrealistic that this case will proceed to trial until at least the end of 2022. As explained below, Dr. Ilg respectfully requests his release based upon the least restrictive alternatives available, which could include a substantial cash bond, a safety plan, and electronic home monitoring.

Pretrial Detention Order- Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

## STANDARD OF REVIEW

A defendant has the "right to seek revocation of his pretrial detention at any time." *United States v. Torres*, 995 F.3d 695, 707 (9th Cir. 2021). "The judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). The detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on . . . whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

## POINTS & AUTHORITIES

Release and detention pending trial is governed by the Bail Reform Act ("BRA"), 18 U.S.C. § 3141, *et seq.* "The whole spirit of the Bail Reform Act, . . . is that a defendant facing trial should be released, rather than detained, unless there are strong reasons for not releasing him." *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972); *accord United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) ("federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail"); *see also United States v. Rangel*, 318 F. Supp. 3d 1212, 1216 (E.D. Wash. 2018). That is, "[t]he

Defendant's Motion to Revoke
Pretrial Detention Order- Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

judicial officer <u>shall</u> order the pretrial release . . . , unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). The BRA makes clear "<u>[o]nly in rare cases should release be denied, and doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant</u>." *United States v. Santos–Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015); *accord Motamedi*, 767 F.2d at 1405.

### A. **Conditions of Release Would Reasonably Assure Dr. Ilg's Future Appearance and the Safety of the Community and Any Person.**

The Court shall consider the following factors in determining what conditions of release would reasonably assure a defendant's future appearance and protect the safety of the community:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence; . . .
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of

Defendant's Motion to Revoke
Pretrial Detention Order- Page 7

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

>   sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). In general, "[t]he weight to be accorded to each factor rests in the Court's discretion." *Rangel*, 318 F. Supp. 3d at 1216. The Government must meet its burden of establishing "that no condition or combination of conditions will reasonably assure the safety of any other person and the community" via "<u>clear and convincing evidence</u>." 18 U.S.C. § 3142(f)(2)(B); *accord Motamedi*, 767 F.2d at 1406.

### 1. *Nature and Circumstances of the Offense.*

The first factor for the Court to consider is "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g)(1). Dr. Ilg is charged with one count of Attempted Kidnapping. Pursuant to 18 U.S.C. § 3142(e)(3), various crimes contain a presumption "that no condition or combination of conditions will reasonably assure . . . the safety of the community." These offenses include a "crime of violence," only if a firearm was used "in furtherance of any such crime." 18 U.S.C. § 3142(e)(3)(B); 18 U.S.C. § 924(c)(1)(A). Although Attempted Kidnapping may qualify as a "crime of violence," the Government does not allege that Dr. Ilg used a firearm "in further of any such crime." 18

Defendant's Motion to Revoke
Pretrial Detention Order- Page  8

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

U.S.C. § 924(c)(1)(A). As such, a presumption of release exists under the first factor. *See* 18 U.S.C. § 3142(g)(1).

### *2. Weight of Evidence Against the Person.*

Pursuant to § 3142(g)(2), the Court also must consider "the weight of the evidence against the person." However, "the Ninth Circuit has directed that the weight of the evidence is the least important factor." *Rangel*, 318 F. Supp. 3d at 1216; *accord Motamedi*, 767 F.2d at 1408. The Court should not make "a preliminary determination of guilt," as such a determination would in effect make the refusal to grant release "in substance a matter of punishment." *Motamedi*, 767 F.2d at 1408. **As indicated above, Dr. Ilg has pled not guilty and expressly denies the allegations against him.**

Previously, Magistrate Judge Rogers reasoned that "[t]he evidence against Defendant includes his statements to law enforcement, preserved texts of email conversations with would-be kidnappers, and funds from defendant's accounts traced to dark web addressees." (ECF No. 49 at 2-3.) However, all three of these alleged pieces of evidence are subject to suppression. Under this factor, the Court should consider suppression issues and the admissibility of evidence at trial. *See, e.g., United States v. Jay*, 261 F. Supp. 2d 1235, 1241 (D. Or. 2003)

Defendant's Motion to Revoke
Pretrial Detention Order- Page 9

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(applying "cost-benefit analysis" in determining whether suppressed evidence may be considered for purposes of detention hearing).

First, the information provided to the Government regarding Dr. Ilg's alleged activity on the "dark-web" contains multiple layers of hearsay and came from an anonymous source that has yet to be identified. (*See* ECF No. 1 at 3-4.) Pursuant to Ninth Circuit authority, an "anonymous tip standing alone does not demonstrate an informant's veracity or reliability" as the informant "must predict future actions by the suspect that are subsequently corroborated by the police." *United States v. Morales*, 252 F.3d 1070, 1074–75 (9th Cir. 2001). In the situation at hand, law enforcement did nothing to corroborate the anonymous source's story, besides perhaps verifying innocuous details such as Dr. Ilg's pending divorce, profession, and public information regarding the alleged victims. *See United States v. Mendonsa*, 989 F.2d 366, 369 (9th Cir. 1993) (probable cause lacking when detective "merely verified 'innocent' facts; he did not corroborate predictions of future activity"). As such, the Search Warrants that were issued predicated upon this information were not supported by probable cause and are subject to suppression. *See id*.

Second, Dr. Ilg's statements to law enforcement at the Spokane International Airport were made absent *Miranda* warnings. Dr. Ilg was subject

Defendant's Motion to Revoke
Pretrial Detention Order- Page 10

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

to custodial interrogation when FBI agents interviewed him for over an hour in a closed room and seized his belongings pursuant to a Search Warrant. *See United States v. Kennedy*, 573 F.2d 657, 660-61 (9th Cir. 1978) (defendant subject to custodial interrogation when defendant "was confined to the backseat of an FBI vehicle" and "interrogated . . . for 45 minutes"); *accord United States v. Hartwell*, 296 F. Supp. 2d 596, 606–07 (E.D. Pa. 2003) (custodial interrogation occurred at airport when "Defendant was in a small private room, surrounded by two TSA agents and a police officer blocking the exit, and had just produced a suspicious item that he had been exceedingly reluctant to reveal."), *aff'd*, 436 F.3d 174 (3d Cir. 2006). As such, these statements are inadmissible and must be suppressed. *See id*.

Third and finally, the tracing of cryptocurrency funds to accounts allegedly tied to Dr. Ilg is not a clear-cut issue at this juncture. Cryptocurrency and blockchain analysis are the subject of expert opinion(s). *See* Fed. R. Evid. Rule 702 (expert testimony admissible if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact or issue"); *accord Otto v. LeMahieu*, 2021 WL 1615311, at *4-5 (unpublished) (N.D. Cal. 2021) (expert report regarding cryptocurrency subject to *Daubert* challenge). Additionally, the account information allegedly

Defendant's Motion to Revoke
Pretrial Detention Order- Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

implicating Dr. Ilg was ascertained by virtue of Search Warrants that are subject to suppression as indicated *supra*.

Based upon substantial evidentiary issues, the weight of the evidence— albeit the least important factor— supports Dr. Ilg's release based upon the lack of admissible evidence.  *See* 18 U.S.C. § 3142(g)(2).

### 3. *History and Characteristics of the Person.*

The third factor for the Court to consider is "the history and characteristics of the person." 18 U.S.C. § 3142(g)(3).  Dr. Ilg has no criminal history, resided in the Spokane area for almost 20-years (prior to his arrest), and owns his residence.  Prior to his arrest, Dr. Ilg maintained a career as a successful neonatologist and enjoyed many outdoor activities, such as hunting, fishing, and skiing.  Furthermore, Dr. Ilg has family in the Eastern District of Washington, to wit two biological sons and his ex-wife and close friend, Corrina.  Additionally, Dr. Ilg does not have a history of substance abuse nor any past events where he has failed to appear at a court proceeding or absconded from justice.

The Government may argue that Dr. Ilg's alleged suicide attempt prior to his arrest warrants pretrial detention.  However, as indicated by both Dr. Stanfill and Dr. Patterson, Dr. Ilg does not currently present as suicidal and/or exhibit suicidal ideations.  Moreover, Dr. Ilg is not on suicide watch while in pretrial

Defendant's Motion to Revoke
Pretrial Detention Order- Page  12

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

custody at the Spokane County Jail (nor has the Government indicated that suicide watch would be appropriate). Although Dr. Ilg is amicable to ongoing mental health treatment, this factor in the aggregate warrants release. *See* 18 U.S.C. § 3142(g)(3).

### 4. *Nature and Seriousness of Danger Posed to Any Person or the Community.*

The final factor for the Court to consider is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). The Forensic Evaluation by Dr. Patterson proposed a safety plan to mitigate any concerns that Dr. Ilg poses a risk to others (including establishing care with a psychotherapist and continued monitoring). Additionally, Dr. Stanfill opines that Dr. Ilg does not pose a substantial danger to others or the community based upon Dr. Ilg's empirical results following VRAG-R, PCL-R, and LSI-R testing.

Magistrate Rodgers previously indicates that "Defendant's mental state is not yet understood or effectively addressed." (ECF No. 49 at 5.) However, the newly obtained Forensic Evaluation by Dr. Stanfill provides empirical, scientific evidence regarding Dr. Ilg's current mental state. Furthermore, the Court may order electronic monitoring to ensure that Dr. Ilg's whereabouts during pretrial

Defendant's Motion to Revoke
Pretrial Detention Order- Page 13

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

release are always known and require ongoing mental health counseling. As such, the Forensic Evaluations of Dr. Stanfill and Dr. Patterson, along with pretrial release conditions imposed by the Court, satisfy that Dr. Ilg will not pose a safety risk to the community or others. *See* 18 U.S.C. § 3142(g)(4).

### B. Dr. Ilg Does Not Present a Flight Risk.

The Court may also order detention of a defendant in a case that involves "a serious risk that such person will flee." 18 U.S.C. § 3142(f)(2)(A). Notably, "the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *Santos-Flores*, 794 F.3d at 1090. In the situation at hand, Dr. Ilg has no criminal history, and therefore, has no previous events of failing to appear for proceedings or absconding. Additionally, Dr. Ilg has substantial ties to the community for almost 20-years. Any concern the Court may have with Dr. Ilg posing a flight risk may be easily remedied by virtue of a substantial cash bond, surrender of Dr. Ilg's passport, and/or electronic monitoring.

The Government may argue that Dr. Ilg's suicide attempt constitutes a flight risk. However, assuming *arguendo* such threat exists, "[t]here is a fundamental difference between how [the Court should] treat an accused who is a threat to himself and accused who is either a threat to flee the jurisdiction to

Defendant's Motion to Revoke
Pretrial Detention Order- Page  14

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

avoid prosecution or to commit other serious offenses." *United States v. Doane*, 54 M.J. 978, 982–83 (A.F. Ct. Crim. App. 2001). The Court should "not put an accused in pretrial confinement solely to protect against the risk that an accused might kill himself." *Doane*, 54 M.J. at 983. As such, release is warranted. *See* 18 U.S.C. § 3142(f)(2)(A).

### C. The Court is Required to Impose the Least Restrictive Conditions.

In the event release on personal recognizance is not warranted, the Court "shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). Such conditions may include a requirement that the person:

> **(i)** remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court . . . ;
> . . .
> **(iv)** abide by specified restrictions on personal associations, place of abode, or travel;
> **(v)** avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
> **(vi)** report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
> **(vii)** comply with a specified curfew;

Defendant's Motion to Revoke
Pretrial Detention Order- Page 15

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

> **(viii)** refrain from possessing a firearm, destructive device, or other dangerous weapon;
> **(ix)** refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance . . . ;
> **(x)** undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
> **(xi)** execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required . . . ;
> **(xii)** execute a bail bond with solvent sureties . . . ;
> **(xiii)** return to custody for specified hours following release for employment, schooling, or other limited purposes; and
> **(xiv)** satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C. § 3142(c)(1)(B). The Court also has the discretion to impose home confinement via electronic monitoring. *See, e.g.*, *United States v. Chen*, 820 F. Supp. 1205, 1212 (N.D. Cal. 1992).

In the scenario at hand, both Dr. Stanfill and Dr. Patterson propose a safety plan that would require Dr. Ilg maintain ongoing psychological / psychiatric treatment, be subject to ongoing monitoring, and be prohibited from accessing weapons. Additionally, Dr. Ilg is able and willing to post a cash bond in the amount of $250,000 in support of his release. Furthermore, to the extent the Court deems it necessary, it can impose electronic monitoring of Dr. Ilg while subject to pretrial release. As such, the Court is obligated to impose the least

Defendant's Motion to Revoke
Pretrial Detention Order- Page 16

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

restrictive condition, or combination of conditions, that will reasonably assure the future appearance of Dr. Ilg and the safety of any other person and the community. *See* 18 U.S.C. § 3142(c)(1)(B).

### D. Continued Pretrial Detention of Dr. Ilg During COVID Constitutes a Due Process Violation.

In addition to the BRA analysis *supra*, the continued detention of Dr. Ilg constitutes a violation of Due Process. "[A]t some point, pretrial detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation." *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 747 n. 4 (1987)). "The point at which detention constitutes a due process violation requires a case-by-case analysis." *Torres*, 995 F.3d at 708. In conducting such an analysis, the Court considers: "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." *Torres*, 995 F.3d at 708; *accord United States v. Babitchenko*, 2019 WL 3402004, at *7 (unpublished) (D. Idaho 2019). Due Process is violated when the "pretrial detention crosses the line from regulatory to punitive detention." *Torres*, 995 F.3d at 710.

Defendant's Motion to Revoke
Pretrial Detention Order- Page 17

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

At this juncture, Dr. Ilg has been subject to pretrial detention for over six months. Although Dr. Ilg's current trial date is scheduled for March 2022, based upon the complex discovery and novel issues presented in this case, this matter will likely not go to trial until late 2022. At such, Dr. Ilg will have been in pretrial detention for approximately one-and-a-half years. *See Babitchenko*, 2019 WL 3402004, at *11. Not only does this extensive pretrial detention remove Dr. Ilg from his legitimate ties to the community, but also impacts his ability to consult with defense counsel and expert witnesses so as to develop a defense in this matter. Although the delay is caused by the complexity of this matter and the impact of COVID on the judicial system, the arguments contained above demonstrate that Dr. Ilg should be released under the BRA. *See Torres*, 995 F.3d at 709-10.

Additionally, the Court should take into account that Dr. Ilg is subject to pretrial detention during the COVID pandemic. *See Pimentel-Estrada v. Barr*, 458 F. Supp. 3d 1226, 1251 (W.D. Wash. 2020) (petitioner established that civil detention during COVID pandemic was "not reasonably related to the legitimate government interests such that his continued detention is punitive in violation of his due process rights"). As the Court is aware, incarcerated individuals are more susceptible to the contraction of COVID based upon detention center

Defendant's Motion to Revoke
Pretrial Detention Order- Page 18

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

populations, cramped quarters, and overcrowding. Moreover, Dr. Ilg is approximately 55-years-old, and therefore, may be considered more susceptible to COVID than younger incarcerated individuals.

On balance, the continued pretrial detention of Dr. Ilg until this matter proceeds to trial constitutes a Due Process violation.

## **CONCLUSION**

Based upon the foregoing, Dr. Ilg respectfully requests that this Court grant Defendant's Motion to Revoke Pretrial Detention Order and release him from pretrial custody under the proposed conditions of release.

RESPECTFULLY SUBMITTED this 10th day of November, 2021.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Ronald Craig Ilg*

Defendant's Motion to Revoke
Pretrial Detention Order- Page 19

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the United States and the State of Washington that on the 10th day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send electronic service to all attorneys of record.

EXECUTED this 10th day of November, 2021 in Spokane, WA.

By: /s/ Jodi Dineen
Jodi Dineen

Defendant's Motion to Revoke
Pretrial Detention Order- Page 20

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100