Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com

*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RONALD CRAIG ILG,<br><br>　　　　　Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**DEFENDANT'S MOTION TO AMEND ORDER GRANTING UNITED STATES' MOTION FOR PRETRIAL CONDITIONS (ECF No. 51)**<br><br>With Oral Argument:<br>November 18, 2021 at 11:00 am<br>Via Videoconference |

COMES NOW, Defendant RONALD CRAIG ILG, by and through his attorneys of record, and respectfully moves this Court for an Order Amending Pretrial Conditions to allow indirect contact through legal counsel with alleged victim J.I. and purported witness M.P. for purposes of depositions in a parallel

Defendant's Motion to Amend Order
Granting United States' Motion for Pretrial
Conditions (ECF No. 51) - Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

family law matter. (ECF No. 51.) This Motion is based upon the following Memorandum of Law and accompanying Declaration of Andrew M. Wagley.

## BACKGROUND

As the Court is aware, this is a prosecution of Defendant Ronald Craig Ilg, MD ("Dr. Ilg"), for Attempted Kidnapping contrary to 18 U.S.C. § 1201(a)(1), (d). (ECF No. 22.) The alleged victim pursuant to the Indictment is Dr. Ilg's former wife, J.I. (*See id*.) Prior to Dr. Ilg's arrest in this matter, Dr. Ilg and J.I. were parties to a parallel family law proceeding in Spokane County Superior Court. (Decl. of Andrew M. Wagley ("Wagley Decl.") at ¶ 3.) Although a Final Divorce Order has been entered in the family law proceeding, a trial regarding custody and child support is scheduled for January of 2022. (Wagley Decl. at ¶ 5.) To date, no depositions have been taken in the family law matter. (*Id*.)

On August 5, 2021, the Court granted the United States' Motion for Pretrial Conditions. Prior to entry, Defendant stipulated to this Motion. The Court's Order imposed the following pretrial condition:

> Defendant shall avoid all contact whatsoever, direct or indirect, with any person Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Defendant shall have no contact with [M.P.]. Prohibited forms of contact include but are not limited to telephone, mail, email, text, video, social media, and/or any contact through any third person or parties.

Defendant's Motion to Amend Order
Granting United States' Motion for Pretrial
Conditions (ECF No. 51)- Page  2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(ECF No. 53 at 1.) As such, this Order explicitly prohibits contact between Dr. Ilg and alleged victim J.I. (Dr. Ilg's former wife) and alleged witness M.P. (Dr. Ilg's former girlfriend). (*See id.*)

Both J.I. and M.P. are disclosed as witnesses for Petitioner (J.I.) in the family law matter. (Wagley Decl., Ex. A.) Following entry of the Order Granting United States' Motion for Pretrial Conditions, Dr. Ilg's legal counsel in the family law matter (Mark Cassell) attempted to schedule the depositions of both J.I. and M.P. (*Id.*, Ex. B.) In response, J.I.'s legal counsel (Bevan Maxey) took the position that the Order prohibits such depositions and requested Dr. Ilg "get federal permission before we schedule the depositions." (*Id.*, Ex. C.) As such, Dr. Ilg now seeks to amend the Pretrial Conditions to allow indirect contact through counsel for purposes of said depositions.

## POINTS & AUTHORITIES

As the Court is well aware, pretrial conditions are governed by the Bail Reform Act ("BRA"), 18 U.S.C. § 3141, *et seq*. Pursuant to 18 U.S.C. § 3142(c)(B)(v), the Court may order that the defendant "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." Once pretrial conditions have been imposed, "[t]he

Defendant's Motion to Amend Order Granting United States' Motion for Pretrial Conditions (ECF No. 51)- Page 3

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

"The Bail Reform Act empowers trial courts to restrict a defendant's contact with potential witnesses if the condition is the 'least restrictive' avenue for avoiding witness tampering." *United States v. Vasilakos*, 508 F.3d 401, 411 (6th Cir. 2007). In this vein, the purpose of pretrial contact prohibition is "to avoid intimidation or coercion of witnesses." *Vasilakos*, 508 F.3d at 411. However, this concern is not present if such conduct is through legal counsel for purposes of discovery. *See id*. (reasoning that defendants did not establish error in denial of amendment of pretrial conditions to allow direct contact as "[t]he district court did not restrict defense counsel's ability to interview any potential witnesses, and the defendants failed to provide any evidence that their attorney's preparation was inhibited").

"The Due Process Clause of the United States Constitution protects persons from deprivation of life, liberty, or property without due process of law." *In re Marriage of Parker*, 91 Wn. App. 219, 223, 957 P.2d 256 (1998). A father in a custody proceeding has a "fundamental liberty interest in the care and custody of his son." *In re Marriage of Parker*, 91 Wn. App. at 224; *accord Link v. Link*, 165 Wn. App. 268, 280, 268 P.3d 963 (2011) ("The United States and

Defendant's Motion to Amend Order
Granting United States' Motion for Pretrial
Conditions (ECF No. 51)- Page 4

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Washington Supreme Courts have long recognized parents' fundamental rights to the care and custody of their children."). Due Process is satisfied if the litigant in a custody dispute is allowed to conduct pretrial discovery and depositions by and through counsel. *See In Interest of Darrow*, 32 Wn. App. 803, 808, 649 P.2d 858 (1982) (father's Due Process rights satisfied in parental termination proceeding when he "was afforded an opportunity to defend through counsel and by deposition or similar evidentiary techniques").

In the situation at hand, Dr. Ilg's custody rights of his infant son will be determined at the upcoming trial in the family law matter. Both J.I. and M.P. have been listed as witnesses in such matter and J.I.'s purported position is that Dr. Ilg will never have contact or visitations with his infant son. (Wagley Decl. at ¶¶ 13-14.) Due Process requires Dr. Ilg have the opportunity to defend his parental rights by and through his family law counsel. *See, e.g., In Interest of Darrow*, 32 Wn. App. at 808. This includes, but is not limited to, depositions by counsel to explore the proposed testimony of J.I. and M.P. at the upcoming custody and child support trial. (Wagley Decl. at ¶ 14.) Furthermore, any concern regarding witness harassment, coercion, or intimidation is eliminated by such contact being through counsel and for a specific purpose. (*Id.*) As such,

Defendant's Motion to Amend Order
Granting United States' Motion for Pretrial
Conditions (ECF No. 51)- Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

good cause exists to amend Dr. Ilg's Pretrial Conditions to allow contact with alleged victims and potential witnesses by and through counsel.  (*See id*.)

## CONCLUSION

Based upon the foregoing, Dr. Ilg respectfully requests that this Court grant Defendant's Motion to Amend Order Granting United States' Motion for Pretrial Conditions (ECF No. 51).  Dr. Ilg proposes the pertinent pretrial condition be amended to include language to the effect of: "Defendant's prohibition on indirect contact with J.I. and M.P. shall not apply to contact by and through legal counsel for purposes of taking depositions in the parallel family law matter.  Additionally, nothing herein shall prohibit discovery and witness interviews by legal counsel for purposes of defending this federal prosecution."

RESPECTFULLY SUBMITTED this 11th day of November, 2021.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By: /s/ Andrew M. Wagley
　　Carl J. Oreskovich, WSBA #12779
　　Andrew M. Wagley, WSBA #50007
　　*Attorneys for Defendant Ronald Craig Ilg*

Defendant's Motion to Amend Order
Granting United States' Motion for Pretrial
Conditions (ECF No. 51)- Page  6

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the United States and the State of Washington that on the 11th day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send electronic service to all attorneys of record.

EXECUTED this 11th day of November, 2021 in Spokane, WA.

By: /s/ Andrew M. Wagley
     Andrew M. Wagley

Defendant's Motion to Amend Order Granting United States' Motion for Pretrial Conditions (ECF No. 51)- Page 7

ETTER, MCMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100