Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com

*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** |

COMES NOW, Defendant RONALD CRAIG ILG, by and through his counsel of record, and respectfully submits the following Reply in Support of Defendant's Motion to Reopen Detention Hearing. As explained below, the Government fails to meet its burden for pretrial detention based upon the expressly denied allegations of the case, evidence obtained in violation of Dr.

Reply in Support of Motion to
Reopen Detention Hearing- Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

Ilg's rights under the Fourth and Fifth Amendments of the Constitution of the United States, and the mischaracterized and disputed evidence involving M.P. (a/k/a "WITNESS 1") that is nothing more than an attempt to prejudice Dr. Ilg. *See* 18 U.S.C. § 3142(g). A presumption for release exists and the Court is obligated to impose the least restrictive conditions. *See United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985); *accord United States v. Rangel*, 318 F. Supp. 3d 1212, 1216 (E.D. Wash. 2018).

### A. New Information Exists That Has a Material Bearing on Release.

As an initial matter, the Government argues that "[t]he only difference now is that Defendant—several months after the last detention hearing—has now hired a second psychologist, who agrees with the first." (ECF No. 72 at 2.) However, the Forensic Psychological Evaluation of Dr. Stanfill provides new psychological analysis information, including objective, validated, and commonly-accepted actuarial measures pertaining to any alleged danger posed by Dr. Ilg. Moreover, at this juncture, Dr. Ilg has been subject to pretrial detention for seven months. As such, reopening the detention hearing is warranted pursuant to 18 U.S.C. § 3142(f). *See United States v. Parmer*, ___ F. Supp. 3d. ___, 2020 WL 2213467 (N.D. Cal. 2020).

Reply in Support of Motion to
Reopen Detention Hearing- Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

**B. The Government Fails to Establish That No Conditions of Release Will Reasonably Assure the Safety of Any Person or the Community.**

The Court should grant pretrial release as the Government cannot establish by "<u>clear and convincing evidence</u>" that no "combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(f). As such, the Court is obligated to release Dr. Ilg under the least restrictive conditions, which could include a substantial bond, electronic home monitoring, and ongoing mental health treatment. 18 U.S.C. § 3142(c)(1)(B).

The Government repeats its original argument, indicating "this is a case involving Defendant's efforts to have his wife kidnapped, beaten, injected with heroin, and extorted." (ECF No. 72 at 3.) The Government points towards various disputed, unproven facts, such as "Defendant transferred a total of approximately $51,678.39 in Bitcoin currency," alleged "dark web addresses and the login credentials that Defendant stored . . . in various places" that were discovered via search warrants, and that during a custodial interview with FBI (lacking *Miranda* warnings) "Defendant claimed that he hired the hitman to kill himself and added he never intended to harm his estranged wife." (*Id.* at 4-6.) Each of these arguments goes towards the weight of the evidence, the least

Reply in Support of Motion to
Reopen Detention Hearing- Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

important factor under the BRA. *See, e.g., Rangel*, 318 F. Supp. 3d at 1216. Not only does Dr. Ilg expressly deny the allegations against him, but the Government's purported key pieces of evidence are subject to suppression as indicated below.

In this same vein, the Government further indicates "defense argues simply that because 'the Government does not allege that [Defendant] used a firearm in further[ance] of any such crime [of violence],' the nature and circumstances of the offense weigh in favor of release." (ECF No. 72 at 7.) However, the Government takes Dr. Ilg's argument out of context. A presumption for release exists under the BRA for the crime of Attempted Kidnapping, so long as a firearm was not alleged to be used in the commission thereof. 18 U.S.C. § 3142(g)(1), (e)(3)(B); 18 U.S.C. § 924(c)(1)(A). None of the allegations at hand involve the use of a firearm. (*See* ECF No. 1.)

The Government further argues that in relation to the two Forensic Psychological Evaluations "Defendant's self-serving statements [to Dr. Patterson and Dr. Stanfill] should provide the Court little, if any, comfort." (ECF No. 72 at 18.). Despite the Government's burden to prove detention by clear and convincing evidence, it does not offer any type of expert witness testimony to rebut the Forensic Psychological Evaluations. Although granted

Reply in Support of Motion to
Reopen Detention Hearing- Page 4

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

the Government would not have access to interview Dr. Ilg, the Evaluations at issue are comprised of objective analysis, including verifiable tests and assumptions that the Government would presumably be able to rebut if it had the evidence to do so. Release under the BRA is warranted.

### C. The Court Should Disregard Various Collateral Allegations Used Merely to Prejudice Dr. Ilg.

The Government's Opposition to Defendant's Second Motion for Release is littered with sensationalized, collateral allegations that are merely offered to portray Dr. Ilg as a monster, smear his name, and distract the Court from the circumstantial nature of the Government's case in chief. Additionally, the Government relies heavily upon mischaracterizations of Dr. Ilg's previous relationship with M.P. The Court should disregard these disputed, irrelevant, and prejudicial allegations.

By way of background, Dr. Ilg and M.P. were in a serious, committed relationship for over two years leading up to Dr. Ilg's arrest. The couple had met on a dominance and submission ("D/S") website called FetLife.com. M.P. was actively involved in the D/S community, to include a previous D/S relationship with another doctor, webcam modeling, and acting out various D/S sexual fantasies with Dr. Ilg. Following Dr. Ilg's separation from his estranged

Reply in Support of Motion to
Reopen Detention Hearing- Page 5

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

wife (J.I.), M.P. and Dr. Ilg were engaged to be married and made plans to move in together, including for M.P.'s children to attend school in Spokane. M.P. wore an engagement ring and actively planned their wedding on Etsy. Prior to Dr. Ilg's arrest, M.P., along with her children, accompanied Dr. Ilg on a vacation to Mexico. Even after Dr. Ilg's suicide attempt, M.P. texted Dr. Ilg's brother: "Can you please tell him I love him so much and I'm glad he is alive and awake" and "I have been told I can't go there and see him by the FBI and it's killing me not to be there."

First, the Government entirely mischaracterizes the context of this relationship and heavily relies upon M.P. **after conceding at the prior detention hearing that M.P.'s statements are inconsistent**. In this vein, the Government argues that "[M.P.] described being sexually assaulted by Defendant and stated that Defendant physically assaulted beyond her consent." (ECF No. 72 at 10.). Dr. Ilg expressly denies that he engaged in any type of sexual contact with M.P. that was beyond her consent in their D/S relationship. According to the Government, "[M.P.] further explained that Ilg forced her into a dark hole, required her to sign a 'master-slave' contract in blood against her will, and burned her with a cattle prod." (*Id*.) Even assuming *arguendo* these statements by M.P. are true, Dr. Ilg's participation in a consensual D/S

Reply in Support of Motion to
Reopen Detention Hearing- Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

relationship is completely irrelevant to the actual charge that Dr. Ilg attempted to hire a hitman from the dark web to kidnap his estranged wife.

Second, the Government argues that "Defendant wrote a letter begging a witness [M.P.] to marry Defendant so the witness wouldn't have to testify against him." (ECF No. 72 at 2.) The prejudicial use of this letter by the Government is apparent by virtue of the Government's classification of the letter as "manipulative" and "misogynistic." (*Id*. at 16.) Again, this six-page handwritten letter must be viewed within the entire context of the over two-year meretricious relationship between Dr. Ilg and M.P. Moreover, the letter does not beg M.P. to marry Dr. Ilg, but rather indicates: "As soon as we were married we could talk and communicate as much as we wanted." (ECF No. 72-1 at 6.) Most importantly, the letter is dated July 10 and the Order Granting United States' Motion for Pretrial (which prevents all contact with M.P.) did not go into effect until August 5, 2021. (*See* ECF No. 53.) As such, **the letter did not violate any pretrial conditions and Dr. Ilg subsequently stipulated to the pretrial prohibition on contract.**

Third, the Government argues that "evidence recently obtained through a Google search warrant indicates Defendant sought to procure a 'slave,' who, among other things, would be caged, flogged, and assaulted." (ECF No. 72 at

Reply in Support of Motion to
Reopen Detention Hearing- Page 7

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

2.) Dr. Ilg expressly denies he sent these messages. During this timeframe (March 2021), M.P. had access to Dr. Ilg's electronic devices and passwords. (*See, e.g.,* ECF No. 39 ("Defendant's then-current girlfriend, WITNESS 1, also took screenshots of the username and password, which she observed on Ilg's phone.").) Furthermore, M.P. was mad as Dr. Ilg had been corresponding with other women online in the months prior. Multiple aspects of these messages are suspect, including (1) statements that "<u>my wife</u> and gf don[']t want anyone else," despite Dr. Ilg and J.I. having been separated for an extended period of time; (2) acknowledgment by the Government that "[M.P] informed law enforcement of this email account associated with Defendant": and (3) a picture of Dr. Ilg by a Christmas tree despite the messages dated in March. (*See* ECF No. 72 at 10.) Assuming *arguendo* these messages were sent by Dr. Ilg, the Government further provides no theory of relevance to the actual charge at hand.

Fourth and finally, the Government argues that "[a] video recovered during the investigation depicts Defendant engaging in conduct reflecting recklessness, a disregard for social norms, and risking his own child's wellbeing." (ECF No. 72 at 10.) However, the Government's vague statements in this regard do not even allege that Dr. Ilg broke any law or otherwise engaged in any conduct not commonly practiced by a multitude of married couples. In sum, the Court

Reply in Support of Motion to
Reopen Detention Hearing- Page 8

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

should disregard the multiple collateral issues raised by the Government as a means of sensationalizing this matter.

**D. <u>The Court Should Consider Constitutional Violations and Suppression</u>**

The Government further argues that "evidence that Defendant attempted to hire multiple dark web hitmen to harm his former wife and a work colleague is properly before the Court for purposes of detention." (ECF No. 72 at 8.) However, the Government misses the point that if evidence is subject to suppression based upon Constitutional violations, the Court should not consider the evidence as it would perpetuate the Constitutional violation.

As it relates to the search warrant suppression issue, the Government argues that sufficient corroboration exists as "Defendant's text messages with WITNESS 1, which were set forth in the initial search warrants, reflected that Ilg 'hired someone to hurt [VICTIM 2] from the dark web using bitcoin.'" (ECF No. 72 at 8.) However, the full context of this conversation provides:

> [M.P.]: you hired someone to hurt [J.I.] from the dark web using bitcoin stop now
> . . .
> [Dr. Ilg]: I absolutely did not hire anyone. That's a lie. . . . And you said [redacted] could contact his dealers and get people to hurt me and my family. . . . That is real. The dark web is all a scam as all the studies show

Reply in Support of Motion to
Reopen Detention Hearing- Page 9

ETTER, M<u>c</u>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(ECF No. 1 at 14; ECF No. 72-4 at 71.) The Government does not provide the corroboration required by the Ninth Circuit to establish probable cause based on a confidential information's tip. *United States v. Morales*, 252 F.3d 1070 (9th Cir. 2001); *United States v. Mendonsa*, 989 F.2d 366 (9th Cir. 1993)

The Government further argues that Dr. Ilg was not in custody while at the Spokane International Airport as:

> FBI agents asked whether Defendant would accompany them to a conference room, and Defendant agreed. At various points in the interview FBI told Ilg he was free to go. In fact, near the beginning of the interview, Ilg told the FBI Agents he was willing to catch an Uber if he needed to and he sent a message to WITNESS 1 telling her to leave the airport without him. After the interview, Ilg was offered a ride to his home instead of taking an Uber. Ilg accepted the ride.

(ECF No. 72 at 9.) However, Dr. Ilg was subject to custodial interrogation as his luggage (including cell phone and keys) was seized pursuant to a search warrant, he was escorted by armed FBI agents to a private interview room in secluded area of the airport, and he was subject to questioning for over an hour. *See, e.g., United States v. Kennedy*, 573 F.2d 657, 660-61 (9th Cir. 1978). Moreover, Dr. Ilg explicitly requested an attorney prior to the statement: "'I would love to help out the best way that I can—to provide you guys whatever it

Reply in Support of Motion to
Reopen Detention Hearing- Page 10

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

is that you need—bat at the same time I need somebody with a clearer mind than me to help navigate that.'"  (ECF No. 72 at 6.)

E. **<u>Due Process Warrants Pretrial Release.</u>**

A Due Process violation may occur based upon analysis of: "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting detention under the Bail Reform Act." *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021).  All factors warrant release.  The Government argues no Due Process violation will occur based upon COVID as "just .005% of the population at the Spokane County Jail has tested positive for COVID-19."  (ECF No. 72 at 17.)  However, Dr. Ilg's floor (the Fifth Floor) of the Spokane County Jail was recently subject to a three-to-four-week COVID quarantine lockdown that necessitated the involvement of the CDC.  Further, pretrial confinement hampers Dr. Ilg's ability to plan his defense and Dr. Ilg has recently been subject to threats by other inmates.

## **<u>CONCLUSION</u>**

Based upon the foregoing, Dr. Ilg respectfully requests that this Court grant Defendant's Motion to Reopen Detention Hearing and release him from pretrial custody under the proposed conditions of release.

//

ETTER, M<u>c</u>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

RESPECTFULLY SUBMITTED this 17th day of November, 2021.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By: /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Ronald Craig Ilg*

Reply in Support of Motion to
Reopen Detention Hearing- Page 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury of the laws of the United States and the State of Washington that on the 17th day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send electronic service to all attorneys of record.

EXECUTED this 17th day of November, 2021 in Spokane, WA.

By: /s/ Andrew M. Wagley
Andrew M. Wagley

Reply in Support of Motion to
Reopen Detention Hearing- Page 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100