FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | No. 2:21-CR-00049-WFN-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DEFENDANT'S MOTION TO MODIFY PRETRIAL CONDITIONS<br><br>**ECF Nos. 63, 67** |

On November 18, 2021, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 63) and Motion to Modify Pretrial Conditions (ECF No. 67). With his consent, Defendant appeared by video in custody from the United States Courthouse in Spokane and was represented by Andrew Wagley and Carl Oreskovich. Assistant United States Attorney Richard Barker represented the United States.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 1

## A. Defendant's Motion to Reopen Detention Hearing, ECF No. 63

On April 27, 2021, Judge Rodgers entered an order of detention pending trial. ECF No. 16. On June 2, 2021, Defendant moved to reopen the detention hearing. ECF No. 34. On June 15, 2021, Judge Rodgers denied the motion and ordered that Defendant remain detained pending trial. ECF No. 48 (Order Denying Defendant's Motion to Reopen Detention Hearing); ECF No. 49 (sealed Appendix to Order Denying Defendant's Motion to Reopen Detention Hearing). Defendant has filed a second Motion to Reopen Detention, requesting release pending trial. ECF No. 63.

Subsequent to the last order denying Defendant's request for release, the primary change in circumstances identified is the completion of a second psychological evaluation. *See* ECF No. 66 (sealed psychological evaluation dated October 7, 2021). Defendant states that he has not had any behavioral or disciplinary issues while in custody at the Spokane County Jail and that the second mental health professional who evaluated him, like the first, concluded that he was not a danger to himself or others. *See* ECF No. 63 at 2. The United States opposes release and argues the second mental health evaluation does not alter the detention analysis and contends that Defendant remains a danger to the community if he were to be released. ECF No. 72 at 12-13.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 2

1    The Court has considered the additional information and has evaluated the

2  four factors outlined in 18 U.S.C. § 3142(g) to decide whether there are conditions

3  of release that would reasonably assure Defendant's appearance in court and the

4  safety of the community: (1) the nature and circumstances of the offense; (2) the

5  weight of evidence against Defendant; (3) the history and characteristics of

6  Defendant; and (4) the nature and seriousness of the danger Defendant would

7  present to the community if released.

8    The Court adopts and incorporates by reference Judge Rodgers' previous

9  findings, issued at ECF Nos. 16, 48, and 49, and makes the following additional

10  findings.

11    *1.  Defendant's Arguments Under the Bail Reform Act*

12    Defendant makes multiple arguments regarding the second statutory

13  factor—the weight of the evidence—and its role in the detention analysis.  As

14  Judge Rodgers previously noted, the weight of the evidence is the least important

15  statutory factor under the Bail Reform Act.  ECF No. 16 at 3; *see also United*

16  *States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008).  Defendant emphasizes that the

17  weight of the evidence should not predominate the Court's analysis.  He reminds

18  the Court that he vigorously contests the charge against him.  This Court is

19  mindful, as Judge Rodgers was in the previous detention analysis, that the weight

20  of the evidence is the least important statutory factor and Defendant is entitled to

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 3

the presumption of innocence.  However, as set forth orally on the record, the

Court also notes that this least-important factor should not be conflated with the

nature and circumstances of the offense—the latter is a distinct factor which the

Court must consider.  Here, the nature and circumstances of the charged offense

are extremely serious.  Defendant is charged with attempted kidnapping in

violation of 18 U.S.C. § 1201(a)(1), (d).  As noted in previous orders, the United

States alleges that Defendant used the "dark web" in 2021 to hire hitmen to assault

Defendant's former colleague and to kidnap and extort Defendant's wife.  *See* ECF

No. 1 (criminal complaint preceding indictment); ECF No. 16 (order of detention

pending trial).  The United States alleges that Defendant transferred more than

$40,000 in Bitcoin, a cryptocurrency, in order to effectuate his two-part demand.

The United States alleges that, first, Defendant demanded that the hitmen assault

Defendant's former colleague (Victim 1) by injuring or breaking her hands.  The

United States alleges that, second, Defendant demanded that the hitman kidnap and

extort Defendant's wife (Victim 2).  The United States alleges Defendant

demanded that the hitmen persuade his wife to drop all further divorce proceedings

and force her cooperation by threatening to kill her dog, assault her father, or make

her son become a heroin addict, and by injecting her with heroin until she was

addicted, and then take photographs and plant drug paraphernalia in her home to

use as blackmail.  *See* ECF No. 16 at 2 (order of detention pending trial).  Here, the

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 4

Court notes, as Judge Rodgers previously noted, that the nature and circumstances of the offense charged "represent an extraordinary threat to the community," ECF No. 16 at 2, and more specifically to the victims and witnesses involved in this criminal matter.

Turning back to the weight of the evidence, Defendant also argues the Court should take into consideration that he will challenge at trial the admissibility of the evidence presented in support of detention. First, the rules of evidence do not apply at a detention hearing under the Bail Reform Act. 18 U.S.C. § 3142(f)(2) ("The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."); *see, e.g., United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("[T]he government may proceed in a detention hearing by proffer or hearsay."). Under the statute, therefore, the parties may present evidence and information that may later be challenged at a criminal trial, and the Court is entitled to consider such evidence in making its detention determination. *Id.* Second, the District Court has not yet had the opportunity to consider the admissibility of the challenged evidence. Accordingly, the Court's detention analysis is unaffected by the contention at this stage that certain evidence may be the subject of a suppression motion.

1    The Court next turns to Defendant's assertion that the proposed conditions

2    of release will reasonably assure the safety of the community.  The Court is not

3    persuaded.  Significant concerns remain regarding the safety of witnesses, victims,

4    and their family members.  In particular, the Court has concerns because the

5    allegations arose in the context of a work dispute (Victim 1) and a prior civil court

6    proceeding related to the divorce of Defendant and Victim 2 in which money,

7    property, and child custody may be at issue.  Here, the consequences are more

8    significant in that Defendant's liberty is at issue.

9        The Court has serious concerns that efforts could be made pending trial to

10   improperly influence witnesses or victims.  This concern is buttressed by the fact

11   that the underlying allegations arose in the context of trying to influence a party to

12   a civil action and further, the language used by Defendant in a letter he wrote to his

13   girlfriend, Witness 1, while in custody.  In that letter, Defendant asked Witness 1

14   to marry him and wrote that:

15       Importantly, if we are married, *we* can decide if you testify or not.
         Washington Law is unique in this way.  One would think that you
16       would have to testify regarding things that happened when we weren't
         married.  That is NOT the case in Washington.
17       …

18       Please tell your lawyer that you want us to be married as soon as
         possible.  Today or tomorrow.

19

20

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 6

1    ECF No. 72-1 (emphasis added).  From the Court's perspective, the effort to

2    time a marriage around this pending matter and the language selected—the use of

3    "we" with respect to Witness 1's choice to testify—shows an effort to control

4    access to the evidence in this case.  That is precisely the kind of behavior that

5    concerns the Court and which cannot be prevented by conditions of release.  While

6    Defendant notes that he has not contacted Witness 1 since a no-contact order was

7    put in place, this Court notes that Defendant was subject to a protective order with

8    respect to his wife (Victim 2) at the time it is alleged that he sought out hitmen to

9    kidnap and extort her.  Given Defendant's alleged previous disregard for protective

10   orders, the Court has serious concerns that Defendant would not abide by a no-

11   contact order or a similar condition if released.

12   Defendant proposes a $250,000 cash bond, continued mental health

13   treatment, and GPS monitoring.  However, a financial bond—even a significant

14   one—does not address the Court's concern for victim and witness safety.

15   Likewise, GPS monitoring does not address the Court's concern for victim and

16   witness safety, especially given the nature of the allegations in this case and the

17   level of sophistication involved in the alleged plot.

18   As for mental health treatment, Defendant was engaged in a lengthy and

19   regular course of mental health treatment when the conduct at issue in this case

20   allegedly occurred.  The Court's concern, therefore, is with respect to the

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 7

effectiveness of mental health treatment to prevent harm.  The Court also has concerns with respect to Defendant's ability to hide his behavior from mental health providers given the provider appeared to have no indication that Defendant allegedly had intentions to harm others and/or attempt suicide.  A mental health provider must rely on the information supplied by the patient.  The Court simply does not have confidence that there is an incentive to be candid and forthright, particularly when the release plan involves directing the treatment provider to report any potential concerns to the Court.

Finally, the Court notes the sophistication involved in this matter, which allegedly involved the dark web, cryptocurrency, and burner phones.  The Court further notes that conditions of release cannot effectively prevent the use of such evasive tools, which cannot be monitored by the Probation Office.

On this record, the Court finds that a second psychological evaluation does not overcome the factors previously identified by the Court as warranting detention.  The Court finds that the United States has continued to meet its burden to show by a preponderance of the evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required, and furthermore by clear and convincing evidence that there are no conditions or combination of conditions other than detention that will ensure the safety of the community.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 8

1    *2. Defendant's Due Process Arguments*

2        Defendant argues that, in light of the COVID-19 pandemic, his continued

3    pretrial detention is a due process violation.  ECF No. 63 at 17.  Defendant directs

4    this Court to caselaw holding that due process is violated by continued pretrial

5    detention when the detention "crosses the line from regulatory to punitive

6    detention."  ECF No. 63 at 17 (citing *United States v. Torres*, 995 F.3d 695, 710

7    (9th Cir. 2021)).  Detention is punitive rather than regulatory when "there is no

8    regulatory purpose that can rationally be assigned to the detention or the detention

9    appears excessive in relation to its regulatory purpose."  *Torres*, 995 F.3d at 708.

10   Regulatory purposes include preventing danger to the community and ensuring that

11   the accused will appear as required.  *Id.* at 709.  Courts consider the following

12   when determining whether a due process violation has occurred: "(1) the length of

13   the defendant's pretrial detention; (2) the prosecution's contribution to the delay;

14   and (3) the evidence supporting detention under the Bail Reform Act."  *Id.*

15       Notably, in *Torres*, the defendant was detained for 21 months pending

16   trial—including during the height of the COVID-19 pandemic—and the Ninth

17   Circuit found there had been no due process violation given the prosecution had

18   not contributed to the delay, the evidence against the defendant was strong, and the

19   charges were serious.  *Id.*  Here, Defendant argues he will be detained pending trial

20   for 18 months if the trial is continued as he suspects it will be.  This is less than the

21 months of detention the defendant in *Torres* faced.  And, as in *Torres*, here the charges are serious, the evidence against Defendant is strong, and the prosecution has not contributed to any delay.  In other words, *Torres* undermines the very argument for which Defendant cites the case.  Furthermore, whether any due process violation has occurred is a determination for the district judge presiding over the criminal case.  However, in terms of an argument supporting release, the undersigned finds the argument unpersuasive.

Defendant argues that his continued detention will impact his ability to consult with defense counsel, and that as a detained individual he is more susceptible to COVID-19.  The Court is cognizant of the particular risks posed by COVID-19 for those in custody.  However, those risks must be weighed against the danger Defendant poses to the community if released.  Here, the risk of danger to the community, witnesses, and victims outweighs the risk that COVID-19 poses to Defendant.

For these reasons, and for the additional reasons set forth on the record, the Court denies Defendant's second Motion to Reopen Detention Hearing (ECF No. 63).

**B.  Defendant's Motion to Modify Pretrial Conditions, ECF No. 67**

With respect to Defendant's Motion to Modify Pretrial Conditions (ECF No. 67), the parties indicated their respective willingness to come to a mutually

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 10

agreeable solution.  Defendant seeks to indirectly contact his wife (Victim 2), through counsel, in order to address a collateral family law matter.  The United States has no objection to such indirect contact for that limited purpose.  The parties have indicated they will present the Court with appropriate language to address the issue.  For this reason, the motion is denied as moot.

**IT IS ORDERED:**

1.    Defendant's Motion to Reopen Detention Hearing (**ECF No. 63**) is **DENIED**.  Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

2.    The Defendant's Motion to Modify Pretrial Conditions (**ECF No. 67**) is **DENIED** as moot.  The parties shall propose a modification for the Court's consideration if additional issues arise.

3.    If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED November 29, 2021.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND DEFENDANT'S MOTION TO MODIFY CONDITIONS - 11