1  Carl J. Oreskovich, WSBA #12779
2  Andrew M. Wagley, WSBA #50007
3  Etter, McMahon, Lamberson,
4  Van Wert & Oreskovich, P.C.
5  618 West Riverside Avenue, Suite 210
6  Spokane, WA  99201
7  (509) 747-9100
8  (509) 623-1439 Fax
9  Email: carl@ettermcmahon.com
10 Email: awagley@ettermcmahon.com
   *Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00049-WFN |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO DISMISS COUNT THREE OF SUPERSEDING INDICTMENT** |
| RONALD CRAIG ILG, | |
| Defendant. | <u>With Oral Argument:</u><br>March 21, 2022 at 8:30 am<br>Spokane, WA |

COMES NOW, the Defendant Ronald C. Ilg, MD ("Dr. Ilg"), by and through his attorneys of record, and hereby submits the following Motion to Dismiss Count Three of the Superseding Indictment (ECF No. 80).

As indicated fully below, the alleged transcript of dark web messages at issue does not establish a requisite substantial step for attempted kidnapping as a

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 1

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

matter of law. *See United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995) (substantial step "<u>must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances</u>"). The alleged transcript—interpreted in the light most favorable for the Government—only shows mere preparation in the form of negotiating preliminary details. (*See* ECF No. 98-1 at 39-55.) Instead, for a substantial step involving hiring a "hitman" to commit a crime, an agreed upon transaction, a finalized payment plan, and all completed acts required by the defendant must be present. *See, e.g., United States v. Temkin*, 797 F.3d 682, 690 (9th Cir. 2015) (substantial step occurred when defendant "met with Pavel, who he believed was a hitman, and gave him the intended victims' address and personal information, details about a bank account where Pavel could transfer the money he was to extort . . . , and $3,000 in cash").

## **BACKGROUND**

This is a prosecution for attempted kidnapping and various other crimes relating to alleged dark web messages. (ECF No. 80.) The Government's theory of the case is that Dr. Ilg, using the moniker "Scar215," communicated "with various administrators/representatives from dark-web sites to hire someone to harm two individuals in Spokane, Washington." (ECF No. 1 at 4.) The

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Government alleges that these individuals were Dr. Ilg's estranged wife (Victim 2) and a former coworker (Victim 1). (*See id*. at 5.)

The alleged dark web messages were originally provided by an anonymous source, to an international news organization, to one of the alleged victims, and then to the Federal Bureau of Investigation ("FBI"). (*See* ECF No. 1 at 3-4.) The news organization "was conducting an investigation for a series related to murder-for-hire services on the dark web." (*Id.* at 3.) The Government acknowledges that "[t]he News Organization obtained the communications themselves from a source and/or sources unknown to the FBI." (*Id.* at 4.) At the time Dr. Ilg was criminal charged, the FBI indicated that "[t]he News Organization has not provided identification information" regarding the anonymous source. (*Id*.)

The alleged messages pursuant to the transcript[1] range from February 23, 2021 through April 8, 2021, between "Scar215" and "Admin Internet Killers," "Miguel," and "Juan admin Sinaloa Cartel." (*See* ECF No. 98-1 at 39-55.) The Government alleges that "[i]n these messages, Scar215 sought to hire a hitman to physically kidnap, assault, drug, and extort VICTIM 2, ILG's estranged

---

[1] For purposes of this Motion to Dismiss, the Court must accept the messages contained in the transcript as true. However, Dr. Ilg expressly denies sending the alleged messages and disputes the veracity of the transcript.

Three of Superseding Indictment- Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

wife." (ECF No. 1 at 5.) The Government indicates the following "bonus" requirement in relation to "the attempted kidnapping" of Victim 2:

> 1) drop court proceedings (this appears to be a reference to then on-going divorce proceedings between ILG and VICTIM 2),
> 2) return to her husband (*i.e.*, ILG) and be intimate with him . . . ;
> 3) tell no one whatsoever about the kidnapping;
> 4) plant drugs and drug paraphernalia in VICTIM 2's home;
> 5) inject VICTIM 2 with heroin 2 times a day, teaching her to inject herself; and
> 6) send pictures and videos of VICTIM 2 injecting herself to be used to extort VICTIM 2 in the future.

(*Id*. at 6-7.)

The Government alleges that "[o]n or about April 1, 2021, ILG, using the dark web moniker Scar215, messaged a dark web escrow service . . . , regarding his plans to hire a hitman to harm VICTIM 2." (ECF No. 1 at 8.) The Government further alleges that "ILG also transferred several thousands of dollars of Bitcoin into an account with the escrow service." (*Id*.) The transcript contains an alleged April 1, 2021 message from the escrow service to "User" indicating: "The funds will be sent back to the address you provided, and the transaction is being canceled." (ECF No. 98-1 at 52.) The transcript does not identify additional messages between "User" and the dark web escrow service.

The Government further alleges that "[b]etween April 2 and April 8, 2021, ILG, using the dark web moniker Scar215, engaged additional correspondence

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

through DARK WEBSITE #2, which again purported to be affiliated with a foreign cartel." (ECF No. 1 at 8.) The Government alleges that "[i]n this further correspondence, Scar215 described additional arrangements for VICTIM 2 to be kidnapped during the weekend of April 9, 2021—April 11, 2021, while ILG was visiting Mexico with his then-current girlfriend." (*Id*. at 9.)

An alleged message from "Juan admin Sinaloa Cartel" in the transcript purportedly dated April 2, 2021 provides:

> I have been informed that the escrow transaction is being ended and the funds are being sent to your address. Please let me know once you startup a new escrow transaction for the bonus, and add funds there. <u>Unfortunately, the hitman doesnt want to start the job until he sees the bonus funds in escrow</u>. He is afraid you might change your mind and not add the funds to escrow any more

(ECF No. 98-1 at 54.) After no response, a subsequent message from "Juan admin Sinaloa Cartel" dated April 6, 2021 indicates: "I talked with the hitman and he said we need to wait until you have the bonus funds in escrow with the correct success wallet. <u>He can not start the mission before you have funds in escrow</u>." (*Id*.)

After further correspondence pursuant to the transcript, "Juan admin Sinaloa Cartel" indicates "if you put $5k in our escrow and you start a new escrow that will eventually fill to 40k we can start this weekend." (ECF No. 98-

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1 at 55.) The message further provides a "bitcoin wallet for escrow" link and states: "Please let me know once you have added the bitcoin and we can proceed." (*Id.*) However, no new escrow account, transfer of funds, or payment is identified by the Government. (*See id.*; ECF No. 1.)

Dr. Ilg was arrested on April 16, 2021 and has been in pretrial custody for ten months. (*See* ECF No. 12.) The Superseding Indictment charges Dr. Ilg with various crimes, including Count Three—Attempted Kidnapping of Victim 2, contrary to 18 U.S.C. § 1201(a)(1), (d). (*See* ECF No. 80 at 2-3.)

## STANDARD OF REVIEW

Pursuant to Fed. R. Crim. Pro. 12(b)(3)(B)(v), the defendant may move to dismiss on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, the Court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Although the Court is typically bound by the four corners of the indictment, "[a] motion to dismiss an indictment can be determined before trial 'if it involves questions of law rather than fact.'" *United States v. Castaneda-Nicolas*, 535 F. Supp. 3d 1059, 1067 (E.D. Wash. 2021) (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). As such, the Court

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

may determine a motion to dismiss for failure to state a cognizable offense "so long as the court's findings <u>do not 'invade the province of the jury</u>.'" *United States v. Caldera-Lazo*, 535 F. Supp. 3d 1037, 1047 (E.D. Wash. 2021) (quoting *Shortt Accountancy Corp.*, 785 F.2d at 1452).

As such, the Court may rule upon a motion to dismiss "if the 'trial of the facts surrounding the commission of the alleged offense <u>would be of no assistance in determining the validity of the defense</u>.'" *Caldera-Lazo*, 535 F. Supp. 3d at 1047 (quoting *Shortt Accountancy Corp.*, 785 F.2d at 1452); *accord* Fed. R. Crim. P. Rule 12, *Advisory Committee Notes* ("only those issues that can be determined 'without a trial on the merits' need be raised by motion before trial"). As such, for purposes of this Motion to Dismiss, the Court may consider the alleged transcript of dark web messages as such evidence is documentary, may be treated as undisputed for purposes of this Motion, and does not require a factual determination. *See Castaneda-Nicolas*, 535 F. Supp. 3d at 1062 (defendant challenged "his underlying removal order" in motion to dismiss for failure to state a cognizable offense under Fed. R. Crim. P. 12(b)(3)(B)(v) in illegal reentry prosecution); *accord Caldera-Lazo*, 535 F. Supp. 3d at 1043-44 (same); *but see Boren*, 278 F.3d at 913 (in making false statements to influence federally insured bank prosecution, trial court improperly conduct evidentiary

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 7

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

hearing where "[e]ach side presented the testimony of a banker regarding the nature of an official bank check and a stop payment request"). In other words, this Motion to Dismiss is not predicated upon extrinsic evidence, but rather whether the alleged transcript of dark web messages that is the crux of the Government's case is sufficient as a matter of law. *See id*.

## **POINTS & AUTHORITIES**

Count Three of the Superseding Indictment charges Dr. Ilg with attempted kidnapping of Victim 2 based upon the use of "a cellular phone, the Internet, and related instrumentalities." (ECF No. 80 at 2-3.) However, the alleged dark web messages contained within the transcript fail to establish a substantial step as a matter of law. (*See* ECF No. 98-1 at 39-55.) A person commits the crime of attempted kidnapping if he or she attempts to "unlawfully seize[], confine[], . . . kidnap[], abduct[], or carr[y] away and holds for ransom or reward or otherwise any person" and "the offender . . . uses . . . any means, facility, or instrumentality of interstate or foreign commerce." 18 U.S.C. § 1201(a)(1), (d). In turn, attempt requires: "'(1) an intent to engage in criminal conduct, [and] (2) an overt act constituting a substantial step toward the commission of the crime.'" *United States v. Iribe*, 564 F.3d 1155, 1161 (9th Cir. 2009).

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

In determining a substantial step, "[c]onduct which <u>constitutes only 'mere preparation' is insufficient</u>." *United States v. Gutierrez-Zamarano*, 24 F.3d 250 (9th Cir. 1994). The purpose of the "substantial step" requirement is to "corroborate <u>strongly</u> the firmness of the defendant's criminal intent." *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995). Particularly in the Ninth Circuit, "[a] substantial step is . . . an action of 'such substantiality that, <u>unless frustrated, the crime would have occurred</u>.'" *Nelson*, 66 F.3d at 1042; *accord United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010). Even if intent is clear, the substantial step "<u>must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances</u>." *Nelson*, 66 F.3d at 1042.

For example, in *United States v. Nelson*, 66 F.3d 1036, 1043 (9th Cir. 1995), the Ninth Circuit held that there was an insufficient substantial step for attempted money laundering when the defendant "discussed the . . . scheme with [an alleged co-conspirator], who had the final authority, and [the co-conspirator] <u>rejected it</u>." Similarly, in *United States v. Still*, 850 F.2d 607, 610 (9th Cir. 1988), the Ninth Circuit held that a substantial step to rob a bank did not occur when the defendant "was seen sitting in his van, with the motor running, wearing a long blonde wig, parked approximately 200 feet away from the . . .

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Bank" as no evidence established "either actual movement toward the bank or actions that are analytically similar."  Finally, in *United States v. Candoli*, 870 F.2d 496, 503 (9th Cir. 1989), the Ninth Circuit held that no substantial step to commit arson occurred when the defendants "were seen driving by [the crime scene]," "parking up the street," and "[p]lastic bottles with gasoline were found in the trunk" after stopped by law enforcement.

Although plotting an offense, obtaining the necessary tools, and discussing details with another may show intent, such acts do not establish a substantial step as a matter of law. *See id*.  Instead, a substantial step requires that the defendant cross the point where the crime will occur absent intervening circumstances.  *See United States v. Smith,* 962 F.2d 923, 926, 930-31 (9th Cir. 1992) (substantial toward possession of cocaine when defendant arrived with codefendant at house where cocaine was picked up, drove off later in another car, and circled parking lot with a shotgun in his lap as "each participant in the joint venture did all that he could do to ensure the deal's completion"); *accord United States v. Davis,* 960 F.2d 820, 827 (9th Cir. 1992) (substantial step toward possession of cocaine where defendant arranged meeting, introduced parties when they arrived, and "supplied the purchase money").

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 10

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

In the context of an attempt charge involving a hitman, more than mere negotiation, planning, and the exchange of information is required to constitute a substantial step. *See United States v. Temkin*, 797 F.3d 682, 690 (9th Cir. 2015) (substantial step occurred when defendant "met with Pavel, who he believed was a hitman, and gave him the intended victims' address and personal information, details about a bank account where Pavel could transfer the money he was to extort . . . , and $3,000 in cash"); *United States v. Irving*, 665 F.3d 1184, 1200 (10th Cir. 2011) (substantial step for witness tampering when defendant and associate of hitman had "a series of discussions about the possible hit on [victim], they <u>reached a concrete agreement for the hit and settled on a definite price ($50,000) and the form of payment (i.e., cash, with one-half up front</u>"); *People v. Voit*, 355 Ill. App. 3d 1015, 825 N.E.2d 273, 287 (Ill. App. Ct. 2004)[2] (substantial step occurred by "providing [purported hitman] not only the money, but also personal information about [the victim], a photograph of [victim], and [victim's] car key"); *State v. Daniel B.*, 331 Conn. 1, 201 A.3d 989, 1003 (2019) (substantial step when defendant met purported hitman in person, provided photograph, finalized "carjacking scenario," and "created a structured payment scheme, whereby they agreed to a total price, a down payment amount, and

---

[2] Out-of-jurisdiction cases offered for nonbinding, persuasive purposes only.

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

upfront payment amount to be paid by the defendant . . . approximately ten hours later"); *Martin-Argaw v. State*, 343 Ga. App. 864, 806 S.E.2d 247, 250 (2017) (substantial step when defendant "had given the 'hit man' specific information about the three people, . . . agreed to pay a negotiated price for the hit, . . . discussed the logistics of making the payment, . . . [and] responded affirmatively when the 'hit man' made it clear that [defendant] did not need to do anything else before the hit occurred"). The attempted transaction should be associated with in-person meeting(s), a finalized plan, and complete payment (or payment plan) so the crime will occur absent frustration by intervening circumstances. (*See* ECF No. 98-1 at 144 (apparent substantial step in dark web hitman sting when "[a]n undercover FBI agent, posing as a hitman," met with suspect, finalized transaction, and the suspect "made the final $1,000 payment via Western Union").

In the situation at hand, the alleged dark web messages (as contained in the transcript) do not establish a substantial step towards the commission of attempted kidnapping as a matter of law. At no point during the alleged correspondence was final payment exchanged and/or a finalized transaction agreed upon. Instead, the alleged April 1, 2021 message from the escrow service: "The funds will be sent back to the address you provided, and the

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

transaction is being canceled." (ECF No. 98-1 at 52.) Thereafter, the purported dark web contact provided on April 2, 2021: "Unfortunately, the hitman doesnt want to start the job until he sees the bonus funds in escrow." (ECF No. 98-1 at 54.) After no correspondence for multiple days, the purported hitman associate indicated that "[the hitman] said we need to wait until you have the bonus funds in escrow with the correct success wallet. He can not start the mission before you have funds in escrow." (*Id*.) Thereafter, no new escrow account or payment is identified. (*See id*.; ECF No. 1.)

Even inferring the transcripts in the light most favorable to the Government, no in-person meeting(s) or phone conversation(s) occurred, the alleged dark web hitman transaction was never finalized, and no money ultimately changed hands. (*See* ECF No. 98-1 at 52-54; ECF No. 1.) Although the mere preparation documented in the messages may infer criminal intent, no substantial step occurred to "unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances." *Nelson*, 66 F.3d at 1042. The province of the jury would not be invaded based upon the consideration of the alleged dark web messages transcript that speaks for itself. *See id*. No substantial step occurred as a matter of law and dismissal is warranted. *See id*.

Defendant's Motion to Dismiss Count Three of Superseding Indictment- Page 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## CONCLUSION

Based upon the foregoing, the Defendant respectfully requests that the Court grant this Motion to Dismiss Count Three of the Superseding Indictment as a matter of law.

RESPECTFULLY SUBMITTED this 28th day of February, 2022.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Ronald C. Ilg, MD*

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 14

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record.

EXECUTED in Spokane, Washington this 28th day of February, 2022.

By: /s/ Andrew M. Wagley
    Andrew M. Wagley

Defendant's Motion to Dismiss Count
Three of Superseding Indictment- Page 15

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100