Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:21-CR-00049-WFN-1 |
| Plaintiff, | |
| v. | United States' Response to Defendant's Motion for Leave to Appear in Dress Clothes at Pretrial Conferences |
| RONALD CRAIG ILG (a/k/a "SCAR215"), | |
| Defendant. | |

The United States of America, by and through United States Attorney Vanessa R. Waldref and Assistant United States Attorney Richard R. Barker, respectfully submits this Opposition to Defendant's Motion for Leave to Appear in Dress Clothes at Pretrial Conferences. *See* ECF No. 100. For the reasons below, the Court should deny Defendant's motion.

## DISCUSSION

A defendant who is custody does not have a right to select the clothing of her choice at a pretrial hearing where no jurors are present. While it is well established that a criminal defendant has constitutional right not to appear before a *jury* in clothing

United States' Response to Defendant's Motion for Leave to
Appear in Dress Clothes at Pretrial Conferences

1

identifying her as a prisoner, it is equally clear that no such right exists for detainees appearing at pretrial hearings outside the presence of the jury. *See Estelle v. Williams*, 425 U.S. 501, 504–05 (1976). This is so because prison clothing – in the context of a jury trial – could serve as a "constant reminder of the accused's condition implicit in such [] distinctive, identifiable attire," which could, in turn, "affect a juror's judgment" and might present "an unacceptable risk . . . of impermissible factors coming into play" in the jury's deliberations. *Id.* Where there is no jury present, there is no such risk. *Id.* Cf. *Deck v. Missouri*, 544 U.S. 622, 626 (2005) (recognizing that rules limiting the use of hand restraints during a jury trial historically "did not apply at 'the time of arraignment,' or like proceedings before the judge").[1] Simply put, constitutional protections regarding the accused clothing are "meant to protect defendants appearing at trial before a jury." *See Deck*, 544 U.S. at 622.

In court proceedings where no jury is present, trial courts have routinely rejected requests for a defendant to appear in plain clothing. In *United States v. Cruz-Rivera*, for example, the accused appeared in prison clothing during his bench trial and was

---

[1] In a decision that has now been vacated by the Supreme Court, the Ninth Circuit stated that courts "must make an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." *United States v. Sanchez-Gomez*, 859 F.3d 649, 661 (9th Cir. 2017). The Supreme Court, however, vacated that decision on mootness grounds in 138 S. Ct. 1532, 1536 (2018). Whatever the status of the Ninth Circuit's reasoning in *Sanchez-Gomez*, the instant matter does not involve pre-trial shackling. The concerns the Ninth Circuit expressed in the now-vacated *Sanchez-Gomez* decision do not exist in the context of prison clothing.

United States' Response to Defendant's Motion for Leave to
Appear in Dress Clothes at Pretrial Conferences

convicted. *See* 2021 WL 5014947, at *6 (S.D. Ind. Oct. 28, 2021). In rejecting Cruz-Rivera's claim that he did not receive a fair trial because "he was prevented from wearing personal clothing," the district court emphasized that "this was a bench trial," and "Cruz-Rivera's pretrial detention status had no impact whatsoever on the Court's verdict." *Id.* In *Black v. Miller*, the Central District of California similarly reasoned that "concerns about the impact on jurors of a defendant's jail garb are absent" at a bench trial or other pretrial hearings. 2013 WL 6002896, at *19 (C.D. Cal., Nov. 6, 2013); *see also Mosley v. Unger*, 2011 WL 7121177, at *6–7 (W.D.N.Y. Aug.12, 2011), *adopted*, 2012 WL 293538 (W.D.N.Y. Jan.31, 2012) (petitioner's counsel not ineffective for failing to object to petitioner's appearance at bench trial in jail clothing); *Scott v. Kaylo*, 2002 WL 1379187, at *5 (E.D .La. June 26, 2002) (*Estelle v. Williams* principle inapplicable in bench trial).

The rationale underlying these decisions is simple: A criminal defendant suffers no prejudice whatsoever when she appears at a pretrial hearing in prison clothing. Absent a clear showing to the contrary, a "district court is presumed to have considered only relevant and admissible evidence in reaching its factual findings." *United States v. Miller*, 800 F.2d 129, 136 (7th Cir. 1986). Surely, Defendant is not suggesting that this Court would be unable to set aside Defendant's clothing at a pretrial hearing in its rulings and decisions on pending motions or other pretrial matters.

Additionally, there are security reasons why the United States Marshals Service should not be compelled to allow defendants who are in custody to wear street clothing at pretrial hearings. In the Eastern District, handcuffs, leg restraints, and waist chains generally are not used to restrain in-custody defendants during pretrial conferences. *See* Ex. A at 1 (Letter from the United States Marshals Service). As the United States Marshals Service points out, the ability for a pretrial detainee "to escape is heightened

when a defendant is unrestrained," and in such cases, unique identifying clothing "is a valuable tool to quickly identify an in-custody defendant." *Id.* at 1-2. In this regard, the Supreme Court has held, "It is the responsibility of the United States Marshal's Service to "provide for the security. . . of the United States District Courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1536 (2018). This Court should therefore defer to the Marshals Service's conclusion that allowing pretrial defendants to appear in plain clothing at pretrial hearings would create unnecessary security risks given that pretrial detainees generally are not shackled during pretrial hearings. *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979) (upholding pretrial conditions of detention so long as the "particular condition or restriction . . . is reasonably related to a legitimate governmental objective.").

In addition to these security concerns, allowing defendants to appear in plain clothing at pretrial hearings may create logistical problems. If this Defendant were permitted to wear street clothing at pretrial hearings, the same privilege must be extended to all detainees in the district. This would create a number of issues. For instance, who would responsible if such clothing were lost, stolen, or damaged? Who would store, launder, and make clothing available at the pretrial conference? These logistical challenges would need to be addressed district-wide before implementing such a broad change to pretrial matters.

To be sure, and as noted in Defendant's briefing (ECF No. 100 at 2), 28 C.F.R. § 551.118(c) provides, "Staff may supply the pretrial inmate with clothing for court appearances, or the inmate may supply his or her own." Nothing in this regulation, however, requires the United States Marshals Service to allow inmates to wear plain clothing at pretrial proceedings. Again, the Marshals have identified legitimate

United States' Response to Defendant's Motion for Leave to
Appear in Dress Clothes at Pretrial Conferences

objectives and reasons why pretrial detainees should not be permitted to wear plain clothing during pretrial hearings. *See* Ex. A.

Defendant's concern that a member of the media might take a hypothetical photograph of Defendant in prison clothing should not have any bearing on the matter of Defendant's courtroom attire. *See* ECF No. 100 at 2-3. Here, any risk of a photograph is low. When traveling to and from the courthouse for hearings, Defendant will enter and exit a transport vehicle in a covered location that is outside the public's view. There also is little risk that someone from the media would photograph Defendant inside the courtroom given that the use of cameras or recording devices in the courtroom is strictly forbidden and would subject the person taking a picture or video to contempt of court. *See* Ex. A at 2. Finally, any such risk is further limited in this case because, while there was initial media interest in this case early on, there has not been significant news coverage for several months.

### CONCLUSION

For the reasons set forth above, the United States respectfully submits the Court should deny Defendant's Motion for Leave to Appear in Dress Clothes at Pretrial Conferences.

DATED May 19, 2022

                          Vanessa R. Waldref
                          United States Attorney

                          *s/ Richard R. Barker*
                          Richard R. Barker
                          Assistant United States Attorney

United States' Response to Defendant's Motion for Leave to
Appear in Dress Clothes at Pretrial Conferences

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

<u>*s/ Richard R. Barker*</u>
Richard Barker
Assistant United States Attorney

United States' Response to Defendant's Motion for Leave to
Appear in Dress Clothes at Pretrial Conferences