# EXHIBIT A

United States' Response to Defendant's Motion for Leave to Appear in Dress Clothes at Pretrial Conferences



**U.S. Department of Justice**

United States Marshals Service

*Eastern District of Washington*

*United States Courthouse*
*920 W. Riverside Avenue, Room 888*
*Spokane, Washington 99201*

May 19, 2022

Rich Barker
Assistant U.S. Attorney
Eastern District of Washington
920 W. Riverside Ave.
Spokane, WA 99201

Re: Defendant Ronald Ilg Motion Response, 2:21-CR-00049-WFN-1

AUSA Barker:

      I reviewed the defendant's motion and provide the following to be considered for your response.

      The Court decides to detain a defendant based on that defendant being a flight risk and not reliably appearing at scheduled hearings, or that defendant is a danger to the community. In Mr. Ilg's case, the Court chose to detain him for one, or both, of those reasons. In-custody defendants wear marked garments to identify them as being in custody and alert both law enforcement and the public that they are detained prisoners. The fact that they wear these clothes is a tool law enforcement uses to ensure those defendants are easily identified in the event of the defendant's escape.

      Law enforcement also typically uses retraining devices to restrict the movements of in-custody defendants. However, the Court in the Eastern District of Washington has deemed the general use of restraints inappropriate for in custody defendants as they appear in a courtroom; therefore, those defendants, such as Mr. Ilg, appear fully unrestrained. The ability to escape is heightened

when a defendant is unrestrained, and therefore the utilization of marked garments is even more critical.

Since the defendant's movements are less hindered in court by not being restrained, the use of an identifying detention uniform is a valuable tool to quickly identify an in-custody defendant. In the event of an escape, law enforcement can quickly notify building security staff, local law enforcement, and the public that a prisoner has escaped and provide them a physical description predominately based on their attire at the time of the escape. Wearing non-detention clothing would greatly hinder law enforcement's ability to capture an escaped defendant. By not wearing restraints the defendant has an elevated ability to escape from custody, and by wearing non-detention garments the defendant has an elevated ability to blend in with building occupants and the general public outside of the building making it more difficult for law enforcement to capture him.

The defendant is never exposed to the public wearing detention clothes outside appearances before the Court. Additionally, the defendant is never exposed to the public in detention clothes outside a courtroom setting. The only opportunity someone would have to capture an image of Mr. Ilg in detention clothes would be inside a courtroom or inside a detention facility. As you know, capturing images or video within the federal courthouse is strictly forbidden, and a person doing so would be subject to a violation of an established court order and be in contempt of court.

For the reasons stated above, the United States Marshals Service strongly objects to the defense's request to allow Mr. Ilg to dress in non-detention clothes during any appearances outside jury selection or trial. Doing so creates an unnecessary opportunity of successful escape and a heightened danger to the community.

I am available for any clarifications or questions if needed.

Ben Haraseth
Supervisory Deputy U.S. Marshal