Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD CRAIG ILG (a/k/a "SCAR215"),<br><br>　　　　　Defendant. | Case No. 2:21-CR-00049-WFN-1<br><br>United States' Motion for Reciprocal Discovery to Include 12.2 Notice |

The United States of America, by and through United States Attorney Vanessa R. Waldref and Assistant United States Attorney Richard R. Barker, respectfully moves this Court for an Order requiring Defendant to produce reciprocal discovery, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, and striking the testimony of any defense witnesses for whom no witness statements are provided, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure.

**A. Federal Rule of Criminal Procedure 16**

When the defense has requested discovery from the United States, Rule 16(b) and other provisions of the Federal Rules of Criminal Procedure impose on the defendant a reciprocal duty to produce discovery.  "Absent notice to the government to the contrary, it is presumed the defendant requests discovery pursuant to Fed. R. Crim. P. 16(a)."  Local Crim. R.  16.  Rule 16(b)(1)(A) mirrors Rule 16(a)(1)(E),

which defines the United States' discovery obligations. It provides:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16 (b)(1)(A). Similar provisions require the production of the results or reports of any physical, mental or scientific test, Fed. R. Crim. P. 16(b)(1)(B), and any anticipated expert testimony. Fed. R. Crim. P. 16(b)(1)(C).

**B. Federal Rule of Criminal Procedure 26.2**

Prior statements of defense witnesses are also required under the rule. Per Rule 26.2, the defendant's disclosure obligations parallel the United States' obligations under the Jencks Act. *See* Fed. R. Crim. P. 26.2 Advisory Committee notes ("The rule ... is designed to place the disclosure of prior relevant statements of a defense witness in the possession of the defense on the same legal footing as is the disclosure of prior statements of prosecution witnesses in the hands of the Government under the Jencks Act, 18 U.S.C. § 3500 ...")

To date, Defendant has not provided notice of any witness statement or report to include that of any expert. Consequently, the United States seeks an Order requiring disclosure of reciprocal discovery under Rule 16 and prior statements under Rule 26.2.

///

///

**C. Fed. R. Crim. P. 12.2**

During the pendency of this case, Defendant has made reference to his mental health – including that he suffers from anxiety, depression, "imposter syndrome," and "acute adjustment disorder." *See* ECF No. 47, Ex. A; ECF No. 65, Ex. A. While Defendant's alleged diagnoses have primarily been in the context of his various motions for release pending trial, the United States has received no expert notice or other official notice, pursuant to Fed. R. Crim. Proc. 12.2(b), indicating Defendant intends to adduce evidence of any "other mental condition" at trial.

Federal Rule of Criminal Procedure 12.2(b) provides:

(b) Notice of Expert Evidence of a Mental Condition.

If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must – with the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2(b). If a defendant fails to comply with the notice requirement, the court may exclude such testimony. Fed. R. Crim. P. 12.2(d). Additionally, independent examination may be required if Defendant intends to produce evidence per 12.2(b): "If the defendant provides notice under 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." Fed. R. Crim. P. 12.2(c)(1)(B).

Anxiety, depression, "imposter syndrome," "acute adjustment disorder," and similar conditions are mental conditions requiring notice pursuant to 12.2(b) in the event Defendant seeks to introduce these conditions at trail as somehow relevant to his plots to kidnap, threaten, and assault victims by hiring hitmen on the dark web. Because the United States has been given no notice of any anticipated evidence of

1  medical condition, any such evidence should be excluded per Fed. R. Crim P.
2  12.2(d).
3      Dated: May 19, 2022

Vanessa R. Waldref
United States Attorney

*/s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Carl Oreskovich.

*/s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

United States' Motion for Reciprocal Discovery - 4