Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>RONALD CRAIG ILG,<br><br>                    Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE DERIVATIVE OF COINBASE SEARCH WARRANT** |

The Coinbase Search Warrant was issued absent probable cause as the "copied-and-pasted" alleged dark web messages do not provide adequate reliability regarding the BBC's anonymous source and the FBI failed to adequately corroborate the alleged messages via predicted future activity.  *See United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006) (information provided by anonymous source "must predict future actions by the suspect that are

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

subsequently corroborated by the police"). As such, all evidence derivative of the Coinbase Search Warrant must be suppressed as fruit of the poisonous tree and a contemporaneously issued grand jury subpoena may not be used as "<u>an insurance policy</u>." *Ctr. Art Galleries-Hawaii, Inc. v. United States*, 875 F.2d 747, 755 (9th Cir. 1989), *superseded by statute on other grounds as recognized in J.B. Manning Corp. v. United States*, 86 F.3d 926, 927 (9th Cir. 1996).

A. **<u>The Coinbase Search Warrant Was Issued Absent Probable Cause.</u>**

Under the Fourth Amendment, "[a]n anonymous tip, without more, does not constitute probable cause." *United States v. Mendonsa*, 989 F.2d 366, 368 (9th Cir. 1993). This is so because "an anonymous tipster <u>cannot be held accountable if he or she provides inaccurate information, and the police cannot assess the tipster's reputation</u>." *United States v. Morales,* 252 F.3d 1070, 1074 (9th Cir. 2001); *accord United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994) ("hearsay from an unknown informant is highly suspect").

To establish probable cause, an anonymous source "<u>must predict future actions by the suspect that are subsequently corroborated by the police</u>." *Luong*, 470 F.3d at 903. Adequate corroboration is necessary to show "a sufficient level of reliability and basis of knowledge for the tip." *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001). Although probable cause is based upon the

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 2

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

totality of the circumstances, corroboration of future actions by the suspect is required when the source is completely unknown to law enforcement. *See Illinois v. Gates*, 462 U.S. 213, 245 (1983) ("the anonymous letter contained a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to <u>future actions of third parties ordinarily not easily predicted</u>"); *United States v. Crawford*, 943 F.3d 297, 306 (6th Cir. 2019).

Pursuant to the Search Warrant Application, the dark web messages were provided by an unknown source, to the BBC, and then to the FBI. (*See* ECF No. 98-1 at 15-16.) Multiple times in the Application, the FBI refers to the source of the messages as "a source and/or sources unknown to the FBI." (*Id.* at 16.)[1] The FBI never made contact with the unknown source. (*See id*.) Furthermore, at no point during the investigation did the FBI direct correspondence with "Scar215," attempt to surveil Dr. Ilg, or otherwise seek predictive movement or

---

[1] A footnote to the Application provides: "<u>This BBC group</u>, utilizing the same source, <u>identified</u> an earlier murder-for hire plot that resulted in the FBI arrest of a woman in Milwaukee, Wisconsin for attempting to kill her husband via dark web murder-for-hire services." (ECF No. 98-1 at 16 n. 7.) However, a confidential informant's track record must be proven to law enforcement, not based upon hearsay statements from a third party to law enforcement. *See, e.g., United States v. Jeffers*, 621 F.2d 221, 226 (5th Cir. 1980) ("It is sufficient that the affiant received his information regarding the informant's reliability from [another law enforcement agency].").

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

actions.  Instead, the FBI "corroborated" Dr. Ilg's involvement with information obtained from Dr. Ilg's estranged wife (Victim 2), who was "currently engaged in contentious divorce proceedings" and "uncomfortable" with Dr. Ilg's involvement with another woman.  (ECF No. 98-1 at 33-34.)

FBI Agent Barker identified the following attempted "corroboration":

| Type / Date | Application Classification | Deficiency |
|---|---|---|
| Family and Pets—After Tip | "During my investigation, I interviewed VICTIM 2, who confirmed that she has a dog and her father lives in the Spokane area." (ECF No. 98-1 at 20.) | "Mere confirmation of innocent static details in an anonymous tip does not constitute corroboration." *Clark*, 31 F.3d at 834-35. |
| Schedule—After Tip | "VICTIM 2 does work part time at Spa Blue and works evenings on weeks that she does not have her kids. VICTIM 2 and Subject transfer custody of their child every Friday afternoon." (ECF No. 98-1 at 24.) | Not only was Victim 2's work schedule ascertainable online, but the parties' temporary parenting plan was publicly available from the Spokane County Superior Court.  (*See* Wagley Reply Decl., Ex. F.) |
| Text Message—On or Before 2/16/21 | Witness 1 allegedly indicated "you hired someone to hurt [Victim 2] from the dark web using bitcoin stop now" and Dr. Ilg responded "I absolutely did not hire anyone." (ECF No. 98-1 at 33.) | Nowhere does the Application indicate Witness 1's alleged basis of knowledge (*i.e.*, statements from Dr. Ilg, hearsay from a third-party, observing the alleged messages). |

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

| | | |
|---|---|---|
| Text Message—Undated | Dr. Ilg allegedly discusses in text message to nanny "a kidnapping scenario. Something many women . . . fantasize about."  (ECF No. 98-1 at 34.) | However, these messages are clearly discussing a sexual fantasy and the nanny's response is "I've never been the one to take part in any kind of threesome or role play with another couple haha . . . If it were between a boyfriend maybe that would be different.  Lol."  (*Id*.) |
| Text Message—4/8/21 | Witness 1 texted Victim 2: "strange stuff has happened while we have been here. . . .  I need to talk to you asap when we get back."  (ECF No. 98-1 at 35.) | This text message provides no information whatsoever regarding what is the "strange stuff" and does not refer to Dr. Ilg. |

In totality, the anonymous tip and "messages" came from a news source—with a clear motive to fabricate a sensationalized story for a podcast—and was corroborated by either innocuous public details or vague information provided by Dr. Ilg's estranged wife.  The suspicious nature of the "copied-and-pasted," unauthenticated messages is telling by virtue of the "Notes" on page 1 of Exhibit 1 to the Application.  (*See* ECF No. 98-1 at 38.)  These "Notes" contain publicly available internet links (*i.e.*, Zillow, LinkedIn, etc.) relating to the alleged victims, as well as a "Connection?" section indicating:

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**Connection?**

There is a 'Dr. Ron C. Ilg' who is a neonatologist who might connect the two

https://health.usnews.com/doctors/ron-ilg-310690

(*Id.*)  This information linking Dr. Ilg to the alleged dark web messages is only comprised of publicly available information from the internet.

The crux of the Government's Response is that "[t]he FBI was able to corroborate much of the information in the dark web messages, including Defendant's motive, and his animosity toward both victims."  (ECF No. 106 at 2.)  First, the FBI's attempted corroboration did not involve requisite future actions of Dr. Ilg as predicted by the unknown informant.  *See, e.g., Luong*, 470 F.3d at 903.  Second, a suspect's alleged motive and/or animosity is insufficient for probable cause as it is inherently subjective.  *See United States v. Johnson*, 256 F.3d 895, 905 (9th Cir. 2001) ("'hunches' are insufficient to establish reasonable suspicion, let alone probable cause.").  Third, to the extent the Government argues that corroboration exists by virtue of the nature of the messages and cryptocurrency payments, such information was provided by the untested anonymous source(s), thereby requiring predictive corroboration to implicate Dr. Ilg as the suspect.

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

The Government further argues that future corroboration should not be required as "by the time [the] tip was made known to the FBI, the Defendant already had <u>largely completed</u> the crime—attempted kidnapping."  (ECF No. 106 at 11.)   In support of this argument, the Government cites to clearly distinguishable cases addressing the lower standard of reasonable suspicion for a *Terry*[2] stop.   *United States v. Wheat*, 278 F.3d 722, 726 (8th Cir. 2001) ("Because reasonable suspicion is a less demanding standard . . . it can arise from information that is less reliable than that required to show probable cause, including an anonymous tip."); *accord United States v. Anderson*, 2012 WL 330969, at *5 (N.D. Cal. 2012).  Furthermore, in both cases, the anonymous tip did not involve clandestine operations—such as the dark web—and involved citizen informants.  *See Wheat*, 278 F.3d at 734 ("Unlike with clandestine crimes such as possessory offenses, including those involving drugs or guns, where corroboration of the predictive elements of a tip may be the only means of ascertaining the informant's basis of knowledge, in erratic driving cases the basis of the tipster's knowledge is likely to be apparent."); *accord Anderson*, 2012 WL 330969, at *5 ("the tip at issue was not that Defendant was about to commit a crime; rather, it was that Defendant had committed a crime against the

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

tipster here"). On the other hand, the Application at issue referred to an alleged kidnapping and assault that had yet to occur. (*See* ECF No. 98-1).

Various times in its Response, the Government cites to alleged facts outside of the Application to establish probable cause. For example, the Government argues that after the Coinbase Search Warrant was issued, "the FBI recovered the username and password for the dark website inside Defendant's biometric safe." (ECF No. 106 at 3.) Similarly, the Government cites to six federal cases and indicates "this source has provided information leading to criminal charges against other suspects who attempted to hire dark web hitmen." (*Id.* at 13.) However, none of this alleged extrinsic information may be used to support the Coinbase Search Warrant as "[a]ll data necessary to show probable cause for the issuance of a search warrant <u>must be contained within the four corners of a written affidavit given under oath</u>." *Luong*, 470 F.3d at 904.

## B. <u>The Good Faith Exception to the Exclusionary Rule is Inapplicable.</u>

In the alternative, the Government argues that even if the Coinbase Search Warrant were invalid, "the executing officers acted in good faith." (ECF No. 106 at 15.) However, the "good faith" exception does not apply: (1) "when the affiant knowingly or recklessly misleads the judge with false information," or

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(2) "when the affidavit is so lacking in indicia of probable cause that official belief in its existence is objectively unreasonable."  *Luong*, 470 F.3d at 902.

First, the FBI knowingly and/or recklessly mislead the judge with false information within the Application.  In this vein, Agent Barker states that the source(s) provided information "that resulted in the FBI arrest of a woman in Milwaukee" and "[t]he FBI is unaware of any incident in which the source has failed to provide accurate information," while acknowledging the "source and/or sources [are] unknown to the FBI."  (ECF No. 98-1 at 16 n. 7.)  Additionally, the Application indicates that Dr. Ilg "approached their nanny with a 'kidnapping scenario,'" but fails to indicate that these messages were extremely stale and from "March to July of 2018."  (*See* Wagley Decl., Ex. G.)  Other facts will be established fully at the upcoming evidentiary hearing.

Second, the Application was so lacking in probable cause that the FBI could not objectively believe it had authority to execute the Coinbase Search Warrant.  The Ninth Circuit requires "binding appellate precedent" authorizing the search, and it is not enough for the issue to be "'unclear' or for the government's position to be 'plausibly . . . permissible.'"  *United States v. Cano*, 934 F.3d 1002, 1021 (9th Cir. 2019).  As indicated *supra*, the unverified tip is the "lynchpin" of the Application and insufficient.  *See Luong*, 470 F.3d at 903.

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Third, during the execution of another Search Warrant as part of the investigation, the FBI photographed clearly attorney-client privileged documents from Dr. Ilg's residence.  (*See* Wagley Decl., Ex. H.)  The Government has failed to come close to establishing the application of the "good faith" exception.  *See United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) ("The burden of demonstrating good faith rests with the government.").

## C.  <u>The Inevitable Discovery Doctrine is Inapplicable.</u>

Finally, the Government argues that the inevitable discovery doctrine applies as it "independently obtained the records through the search warrant by other legal process, specifically through a grand jury subpoena."  (ECF No. 106 at 16.)  Pursuant to the inevitable discovery doctrine, "evidence which has been illegally obtained will not be suppressed if 'the government can <u>prove that the evidence would have been obtained inevitably</u>.'"  *Ctr. Art Galleries-Hawaii*, 875 F.2d at 754.  However, the inevitable discovery doctrine does not allow the "<u>use of a subpoena served at the time of an illegal search as 'an insurance policy' to protect against suppression motions</u>."  *Id.* at 755.  In this vein, "'[a] subpoena can be invalid for a variety of reasons, as when it is unduly burdensome, when it violates the right against self incrimination, or when it calls for privileged documents.'"  *Id.*  Furthermore, application of the inevitable

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 10

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

discovery doctrine predicated upon the issuance of a subpoena "would allow the government to violate the Fourth Amendment with impunity as long as they could obtain a subpoena." *In re Motion for Return of Prop. Pursuant to Rule 41, Fed. Rules of Criminal Procedure*, 681 F. Supp. 677, 687 (D. Haw. 1988).

Here, the Government is unable to rely upon a grand jury subpoena, issued contemporaneously with the invalid Coinbase Search Warrant, as "an insurance policy." *See United States v. Eng*, 971 F.2d 854, 860 (2d Cir. 1992) ("Particular care is appropriate where . . . subpoenas are issued after or at the time of the unlawful search."). In this vein, the return of the subpoena and Coinbase Search Warrant were inextricably intertwined. As such, it is impossible to ascertain whether Coinbase was only responding to the Search Warrant and if the entity would have responded to the subpoena on its own. The Government has failed to carry its burden regarding the inevitable discovery doctrine. *See In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66, 102 (2d Cir. 2016) ("the burden is on the Government to prove that each event leading to the discovery of the evidence would have occurred with a <u>sufficiently high degree of confidence for the district judge to conclude, by a preponderance of the evidence, that the evidence would inevitably have been discovered</u>.").

//

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

## **CONCLUSION**

Based upon the foregoing, the Defendant respectfully requests that the Court suppress any and all evidence derivative of the Coinbase Search Warrant.

RESPECTFULLY SUBMITTED this 2nd day of June, 2022.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By: /s/ Andrew M. Wagley
    Carl J. Oreskovich, WSBA #12779
    Andrew M. Wagley, WSBA #50007
    *Attorneys for Ronald C. Ilg, MD*

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2

## <u>CERTIFICATE OF SERVICE</u>

3

     I hereby certify that on June 2, 2022, I electronically filed the foregoing

4
5

document with the Clerk of the Court using the CM/ECF System, which will

6
7

send notification of such filing to all attorneys of record in this matter.

8
9

     EXECUTED in Spokane, Washington this 2nd day of June, 2022.

10
11

     By: /s/ Andrew M. Wagley
          Andrew M. Wagley

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

Reply in Support of Defendant's Motion
to Suppress Evidence Derivative of
Coinbase Search Warrant- Page 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100