Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RONALD CRAIG ILG,<br><br>　　　　　　Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF *MIRANDA*** |

Dr. Ilg was "in custody" for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966) when he was questioned for an extended period of time by FBI agents in an isolated interview room at the Spokane International Airport, with no means of transportation, and his person (along with his phone and luggage) were seized pursuant to search warrants.  As such, any and all testimonial statements and acts (*i.e.*, unlocking his smart phone and safes at his home) must be suppressed.

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 1

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

**A. Dr. Ilg Was Subject to Custodial Interrogation by the FBI.**

The rights guaranteed by *Miranda* apply when the following elements are present: (1) custody, (2) questioning, and (3) law enforcement. *See United States v. Kennedy*, 573 F.2d 657, 660 (9th Cir. 1978). The only dispute is regarding the "custody" element. (*See* ECF No. 110.) When a suspect is subject to custodial interrogation, he or she must be affirmatively advised of his or her *Miranda* rights. *See Kennedy*, 573 F.2d at 660. Similarly, a suspect has a right to counsel[1] under *Miranda*, which must be scrupulously honored if invoked. *See Miranda*, 384 U.S. at 474.

A suspect is "in custody" if his freedom is curtailed to a degree that "a reasonable person in those circumstances would 'have <u>felt he or she was not at liberty to terminate the interrogation and leave</u>.'" *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). The parties generally recite factors the Court may consider in the "totality of the circumstances" analysis, but apply different weight to different factors. (*See* ECF No. 110.) The Court's inquiry "focuses on the objective circumstances of the interrogation, not the subjective views of the officers." *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002).

---

[1] The Defendant concedes that the *Miranda* right to counsel does not apply unless the suspect is "in custody" and has never argued to the contrary.

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 2

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Here, Dr. Ilg was in custody when interviewed by the FBI in the Airport conference room for at least "an hour and twenty-seven minutes." (ECF No. 110 at 16.) Perhaps most important to the custody analysis, during the interrogation the FBI executed a search warrant for Dr. Ilg's person (as well as his phone)—a legal seizure that would lead any reasonable person to believe he or she was not free to terminate the encounter and leave. *See Kim*, 292 F.3d at 976 (rejecting Government's argument that "police officers executing a search warrant need not give *Miranda* warnings to an individual detained and questioned during a search"); *accord United States v. Craighead*, 539 F.3d 1073, 1083 (9th Cir. 2008) ("a reasonable person interrogated inside his own home may have a different understanding of whether he is truly free 'to terminate the interrogation' if his home is crawling with law enforcement agents conducting a warrant-approved search"); *see also United States v. Castellana*, 369 F. Supp. 376, 380 (M.D. Fla. 1973) (when search warrant executed upon suspect's person, "[t]he fact that the defendant could not leave until the search warrant was executed makes this situation 'custodial'"), *reversed on other grounds United States v. Castellana*, 500 F.2d 325, 326 (5th Cir. 1974). As such, the search warrant for Dr. Ilg's person—coupled with the other factors articulated in the Motion—would lead a reasonable person to believe they were

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

not free to terminate the encounter and leave. (*See* Wagley Reply Decl., Ex. I.) The FBI failed to advise Dr. Ilg of his *Miranda* rights during the custodial interrogation, and also failed to honor Dr. Ilg's unequivocal request: "[I] prefer . . . to have a lawyer present." *See United States v. Booker*, 561 F. Supp. 3d 924, 937 (S.D. Cal. 2021) (statement "I would rather have a lawyer" sufficient).

The Government argues in various forms that "Defendant was told he was not under arrest and that he was free to leave at any point." (ECF No. 110 at 1.) However, "[t]he mere recitation of the statement that the suspect is free to leave or terminate the interview, . . . <u>does not render an interrogation non-custodial</u>." *Craighead*, 539 F.3d at 1088. Furthermore, during the interrogation, Dr. Ilg was told "in the future you're likely to be arrested." (ECF No. 98-1 at 128:21-25.) The Government also argues that even though "the FBI did not affirmatively advise Defendant of the rights afforded pursuant to *Miranda*," Dr. Ilg "<u>apparently</u> understood these rights." (ECF No. 110 at 7 n. 3.) Nevertheless, the entire purpose of *Miranda* rights is to provide a prophylactic measure to all suspects, regardless of law enforcement's subjective beliefs. Finally, the Government argues that "[t]he tone of the ensuing interview was conversational and friendly." (ECF No. 110 at 12.) Not only is this the Government's subjective classification, but it is inaccurate by virtue of various portions in the

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

interrogation where the FBI indicated "[w]e have the transcripts of your communications . . . [i]t's not good," the threat "we can demonstrate that you've provided false statements to us," and "[y]ou can come in and surrender on your own terms, rather than us getting a warrant." (ECF No. 98-1 at 110:20-21, 126:13-14, and 128:23-25.) Dr. Ilg was clearly in *Miranda* custody.

The Government disputes the initial verbal exchange[2] between the FBI and Dr. Ilg, as well the location of the interview room internally at the Spokane International Airport. (*See* ECF No. 110 at 13.) Regardless, these facts are of minimal relevance under the totality of the circumstances. Further, the Government indicates that "Defendant's argument omits that Defendant told his traveling companion to leave." (ECF No. 110 at 18 n. 11.) However, the FBI also "interviewed WITNESS 1 at the Spokane International Airport," and similarly had a search warrant for her person. (*See* Wagley Reply Decl., Ex. J.)

In support of its various arguments, the Government cites to multiple distinguishable authorities. For example, in *United States v. Mendenhall*, 446

---

[2] There appears to be a scrivener's error at the beginning of the transcript prepared by Chatterton Court Reporting. (ECF No. 98-1 at 3.) As indicated in the "Disclaimer" therein, "[t]his transcript may contain mishears." (*Id.*) Furthermore, to the extent the Government argues that the time it took Dr. Ilg and the FBI to walk from the Airport hallway to the interrogation room "took about 7 seconds," this ignores that the individuals were almost certainly talking while walking. (*See* ECF No. 110 at 14 n. 6.)

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

U.S. 544 (1980), the Supreme Court not only failed to address *Miranda* custody, but the law enforcement agents therein were not specifically waiting to interrogate the suspect and were not armed with search warrants. Similarly, in *United States v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005), the officers did not have a search warrant and "did not attempt to challenge [the suspect's] statements with other 'known facts' suggesting his guilt." Finally, in *United States v. Bassignani*, 575 F.3d 879, 885-86 (9th Cir. 2009), the suspect was not in custody when he "was interviewed at a conference room within his workplace—plainly a familiar environment," the "questioning was not confrontational," and the detective emphasized not only that the suspect was not under arrest, but also that he "would not be arrested" in the future.

### B. *Miranda* **Custody is a Spectrum and Applies to Testimonial Acts.**

The crux of the Government's argument is that Dr. Ilg was not in custody at the Spokane International Airport, and therefore, he was not compelled to testify against himself. However, the Government's position ignores that *Miranda* custody is a temporal spectrum that was applicable during the entirety of the FBI's contact with Dr. Ilg (from the Airport to his home), as well as that *Miranda* encompasses testimonial acts (*i.e.,* Dr. Ilg providing the passcode to his phone and thumbprint for his biometric safes).

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

First, at the conclusion of the custodial interrogation, the FBI "provided transportation for Ilg from the airport to his residence." (ECF No. 98-1 at 143.) Under the totality of the circumstances analysis, a suspect's initial contact with law enforcement may cross the line into custody after the contact begins. *See, e.g., Bassignani*, 575 F.3d at 885 n. 7 (noting that occurrences during the course of an interview may be "legally sufficient to convert the interview into a custodial interrogation"). As such, *Miranda* custody is a temporal concept and is not a hardline rule determined when the interrogation begins. *See id.* Assuming *arguendo* the Court does not determine Dr. Ilg was in custody at the beginning of the FBI interrogation at the Airport, he certainly was towards the end. During the course of the hour-and-half interview of Dr. Ilg, the FBI's conduct escalated from asking about the subject of the investigation (*i.e.*, his marriage, cryptocurrency accounts, etc.) and executing search warrants, to confronting Dr. Ilg with alleged evidence of his guilt, threatening prosecution for providing a false statement, and indicating Dr. Ilg would likely be arrested in the future. (*See* ECF No. 98-1 at 73-137.)

Second, Dr. Ilg was required to unlock his smart phone at the Airport and two biometric safes at his home. (*See* ECF No. 98-1 at 143.) In general, the Fifth Amendment protects a suspect from being "compelled in any criminal case

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 7

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

to be a witness against himself." *United States v. Hubbell*, 530 U.S. 27, 34 (2000).  Under the Fifth Amendment, "a witness's 'act of production itself could qualify as testimonial if conceding the existence, <u>possession and control</u>, and authenticity of the documents tended to incriminate them.'"  *Matter of Residence in Oakland, California*, 354 F. Supp. 3d 1010, 1015 (N.D. Cal. 2019) (quoting *In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1343 (11th Cir. 2012)).  As such, a passcode or fingerprint to unlock either a phone or safe is a testimonial act protected by the Fifth Amendment.  *See Matter of Residence*, 354 F. Supp. 3d at 1018 ("<u>The Government may not compel or otherwise utilize fingers, thumbs, facial recognition, optical/iris, or any other biometric feature to unlock electronic devices</u>"); *accord Booker*, 561 F. Supp. 3d at 935 n. 2 (compelling phone passcode testimonial as it is akin to "telling an inquisitor the combination to a wall safe").  If a suspect is not advised of his *Miranda* rights, a testimonial act is presumed compelled and in violation of the Fifth Amendment.  *See id*.

In the situation at hand, the FBI indicates that Dr. Ilg "opened his smart phone with his fingerprint and provided the passcode" during the custodial interrogation.  (ECF No. 98-1 at 143.)  While at the Airport, the FBI can be overheard indicating "[w]e can drive him home . . . <u>that will be the quickest way</u>

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

<u>for him to get home and for us to get those safes opened</u>." (ECF No. 98-1 at 136:20-23.) Further, "[u]pon arrival at his residence, Ilg . . . opened two safes with his fingerprint." (ECF No. 98-1 at 143.) Dr. Ilg was compelled to provide his smart phone passcode, as well as unlocking the phone and biometric safes with his fingerprints, all in violation of *Miranda* and the Fifth Amendment.

### C. **Any and All Evidence Derivative of the Violation of Dr. Ilg's *Miranda* Rights Must Be Suppressed.**

Despite the Government's arguments to the contrary, any and all evidence derivative of the violation of Dr. Ilg's *Miranda* rights must be suppressed. Statements made by Dr. Ilg during the custodial interrogation, as well as evidence contained within Dr. Ilg's smart phone and biometric safes, are direct evidence obtained in violation of *Miranda*. *See United States v. Green*, 272 F.3d 748, 753 (5th Cir. 2001) ("Once a suspect who is in custody has been informed of his right to counsel through a *Miranda* warning and has requested counsel, law enforcement officers may not further question the suspect, and, absent his knowing and voluntary waiver of his right to counsel, <u>any statements or testimonial acts elicited by law enforcement officers are inadmissible</u>."). As such, the Government may not use such evidence in its case-in-chief. *See id*.

Reply in Support of Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda*- Page 9

ETTER, M<u>c</u>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Moreover, any derivative evidence (*i.e.*, fruit of the poisonous tree) must be excluded as involuntary. *See Booker*, 561 F. Supp. 3d at 940 ("the admissibility of the fruits of a *Miranda* violation likewise turns on the voluntariness of the unwarned statement"). During the course of the custodial interrogation, Dr. Ilg's will was overborn based upon the persistent FBI questioning, threats of prosecution under 18 U.S.C. § 1001, multiple comments seeking cooperation, and confrontation of alleged evidence, all while Dr. Ilg attempted to invoke his right to counsel multiple times, was without transportation, and stated he was in a vulnerable mental state. (*See* ECF No. 98-1 at 73-137.)

Finally, the Government argues that "any such evidence certainly would have been subject to inevitable discovery." (ECF No. 110 at 28.) However, for the inevitable discovery doctrine to apply, the Government must "prove that the evidence would have been obtained inevitably and, therefore, would have been admitted <u>regardless of any overreaching</u>." *Ctr. Art Galleries-Hawaii, Inc. v. United States*, 875 F.2d 747, 754 (9th Cir. 1989), *superseded by statute on other grounds as recognized in J.B. Manning Corp. v. United States*, 86 F.3d 926, 927 (9th Cir. 1996). Even if the Government had valid warrants for the search of Dr. Ilg's smart phone and safes, such warrants would not have entitled the Government to compel Dr. Ilg to unlock the items with a passcode or his

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 10

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

thumbprint. *See Matter of Residence*, 354 F. Supp. 3d at 1014 ("Even if probable cause exists to seize devices located during a lawful search based on a reasonable belief that they belong to a suspect, <u>probable cause does not permit the Government to compel a suspect to waive rights otherwise afforded by the Constitution</u>."). As such, the inevitable discovery doctrine is not applicable.

## CONCLUSION

As such, the Defendant respectfully requests that the Court grant Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda*.

RESPECTFULLY SUBMITTED this 2nd day of June, 2022.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By: /s/ Andrew M. Wagley
    Carl J. Oreskovich, WSBA #12779
    Andrew M. Wagley, WSBA #50007
    *Attorneys for Ronald C. Ilg, MD*

Reply in Support of Defendant's Motion
to Suppress Evidence Obtained in
Violation of *Miranda*- Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record in this matter.

EXECUTED in Spokane, Washington this 2nd day of June, 2022.

By: /s/ Andrew M. Wagley
Andrew M. Wagley

Reply in Support of Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda*- Page 12

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100