Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Ronald Craig Ilg*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE SUPERSEDING INDICTMENT** |

COMES NOW, the Defendant Ronald C. Ilg, MD ("Dr. Ilg"), by and through his attorneys of record, and hereby submits this Reply in Support of Defendant's Motion to Dismiss Count Three of the Superseding Indictment.

A. **Defendant's Motion to Dismiss is Ripe and Not Premature.**

For purposes of a motion to dismiss, the Court must accept the Government's accusations as true, and determine "whether a cognizable offense

Reply in Support of Defendant's
Motion to Dismiss- Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The Court may determine questions of law on a motion to dismiss "so long as the court's findings do not 'invade the province of the jury.'" *United States v. Caldera-Lazo*, 535 F. Supp. 3d 1037, 1047 (E.D. Wash. 2021) (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). Although the Court may not make factual determinations, the Court may consider the alleged transcript of dark web messages at issue as the alleged evidence is documentary and could be considered as undisputed for purposes of this Motion only. *See Caldera-Lazo*, 535 F. Supp. 3d at 1043 (considering validity of "underlying removal order" on motion to dismiss).

The Government argues "Defendant is not entitled to a pretrial determination about the sufficiency of the evidence against him." (ECF No. 107 at 5.) In support of this argument, the Government cites to *United States v. Jensen*, 93 F.3d 667 (9th Cir. 1996) and *United States v. Nukida*, 8 F.3d 665 (9th Cir. 1993). However, both of these cases are distinguishable to the situation at hand. In the motion to dismiss in *Jensen* based upon venue, the "defendants attached a marine accident report, a marine casualty report and two affidavits of a marine investigator who had examined the vessels' logbooks." 93 F.3d at 669. Similarly, in *Nukida*, the Ninth Circuit held that factual issues were presented

Reply in Support of Defendant's
Motion to Dismiss- Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

regarding whether "the product was 'in commerce' when it was tampered with, or that [the defendant's] alleged tampering affected interstate commerce" in a prosecution for tampering with consumer products affecting interstate commerce. 8 F.3d at 673. Neither of these authorities addressed a prosecution predicated upon alleged documentary evidence.

Defendant's Motion to Dismiss Count Three of the Superseding Indictment is ripe and not premature. *See Caldera-Lazo*, 535 F. Supp. 3d at 1047.

**B. The Government Cannot Establish Dr. Ilg Took a Substantial Step Towards an Attempted Kidnapping as a Matter of Law.**

Ninth Circuit law clearly indicates that a substantial step "must cross the line between preparation and attempt by <u>unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances</u>." *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995). In other words, "[c]onduct which constitutes <u>only 'mere preparation' is insufficient</u>." *United States v. Candoli*, 870 F.2d 496, 503 (9th Cir. 1989). Further, a substantial step is "an action of 'such substantiality that, <u>unless frustrated, the crime would have occurred</u>." *Nelson*, 66 F.3d at 1042. The purpose of the "substantial step" requirement is to "<u>corroborate strongly</u> the firmness of the defendant's criminal intent." *Id.*

Reply in Support of Defendant's
Motion to Dismiss- Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

As a matter of law, for a substantial step involving hiring a "hitman" to commit a crime, an agreed upon transaction, a finalized payment plan, and all requisite acts by the defendant must be present. *See United States v. Temkin*, 797 F.3d 682, 690 (9th Cir. 2015); *United States v. Irving*, 665 F.3d 1184, 1200 (10th Cir. 2011); *People v. Voit*, 355 Ill. App. 3d 1015, 825 N.E.2d 273, 787 (Ill. App. Ct. 2004); *State v. Daniel B.*, 331 Conn. 1, 201 A.3d 989, 1003 (2019); *Martin-Argaw v. State*, 343 Ga. App. 864, 806 S.E.2d 247, 250 (2017).[1] That is, more than mere negotiating, planning, and the exchange of information is required. *See id.*

Assuming for sake of this Motion that the Government could establish its evidence at trial beyond a reasonable doubt, the Government's proffer is:

> Defendant did not merely talk about kidnapping the victim or make preparations for doing so. He did not simply provide her address, describe members of her family, disclose her work schedule, or discuss logistics. Rather, he engaged two separate dark web vendors for purposes of hiring a hitman, and paid more than $50,000 to put the kidnapping into motion.

(ECF No. 107 at 9.) Nevertheless, the Government classified the alleged transaction as "Ilg and the purported hitman <u>negotiated</u> a set price and Ilg <u>deposited</u>" funds. (*Id.* at 13.)

---

[1] Analysis of these authorities is contained in the Defendant's opening brief. (*See* ECF No. 99 at 11-12.)

Reply in Support of Defendant's
Motion to Dismiss- Page 4

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Further, the Government's own exhibit regarding the alleged messages indicates that on April 11, 2021, "Juan admin" messaged "Scar 215":

> [The hitman] said he cant start the job <u>until he sees the full amount of bonus in the external escrow</u>[.]
> Can you please add the remaining $25 k of funds in the external escrow within the next few days <u>so that the hitman starts the job soon?  He wont start the job until he sees the full bonus in the external escrow</u> and I don't want to delay the starting to much is this ok can you do it ? . . . Let me know

(ECF No. 107-1 at 13 (underlining added).)  The Government does not allege any further messages from "Scar 215."  (*See id*.)  Assuming *arguendo* the Government can authenticate[2] the alleged messages and establish Dr. Ilg was

---

[2] The Government indicates that "the FBI recovered <u>several</u> of the actual dark web messages in which Defendant transacted." (ECF No. 107 at 3.)  However, not only does the Government admittedly not have the entirety of the alleged conversations, but no witness has been identified for purposes of authentication.  *See United States v. Vayner*, 769 F.3d 125, 131 (2d Cir. 2014) (webpage inadmissible when government unable to present testimony of anyone with knowledge as to who created the webpage); *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (exclusion of website postings where there was no evidence presented as to who created the postings); *United States v. Needham,* 852 F.3d 830, 836 (8th Cir. 2017) ("Exhibit depicting online content may be authenticated by a person's testimony that he is familiar with the online content and that the exhibits are in the same format as the online content"); *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (finding properly authenticated e-mails and transcripts of instant-message chats when a participant in those communications testified that they were accurate records of the conversations).

Reply in Support of Defendant's
Motion to Dismiss- Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"Scar 215" beyond a reasonable doubt, the alleged messages indicate that there was no finalized, agreed-upon transaction and no substantial step. (*See id*.)

To the extent the Government argues that "[a] substantial step is one that advances the criminal purpose charged and provides some verification of the existence of that purpose," this is an inaccurate recitation of Ninth Circuit law. (ECF No. 107 at 8.) Here, as a matter of law the crime could not happen as the alleged hitman facilitator expressly indicated that the hitman "wont start the job until he sees the full bonus." *See Nelson*, 66 F.3d at 1043 (no substantial step for attempted money laundering when the co-conspirator with "final authority" heard the scheme and "rejected it"); *accord Candoli*, 870 F.2d at 503. The Government cites to *United States v. Sanchez*, 615 F.3d 839, 844 (7th Cir. 2010) for the proposition that "selecting the van and visiting the safehouse for the kidnapping constituted a substantial step." (ECF No. 107 at 8.) However, in *Sanchez*, the Seventh Circuit noted that the defendant "had secured a safehouse," "arranged for the cooperation of the Mexican drug cartel," "had traveled to Mexico and back," "approved a van," and "offered a detailed description of additional logistics of the scheme." 615 F.3d at 844. No such facts are present in the situation at hand. *See id*.

Reply in Support of Defendant's
Motion to Dismiss- Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

To the extent the Government proffers evidence allegedly discovered after the fact (*i.e.*, "a handwritten note with the username and a password for accessing the dark websites," "Ilg's cryptocurrency transactions," and that Dr. Ilg "identified himself as 'Scar2something'"), such evidence is not only the subject of various suppression motions, but is not relevant whatsoever to the substantial step analysis. (*See* ECF No. 107 at 3-4.) Furthermore, the Government's argument that "abandonment is not a defense to an attempted kidnapping," is only applicable if a substantial step first exists so as to constitute the completed crime as a matter of law. (*See* ECF No. 107 at 14.)

## CONCLUSION

Based upon the foregoing, the Defendant respectfully requests the Court grant Defendant's Motion to Dismiss Count.

RESPECTFULLY SUBMITTED this 2nd day of June, 2022.

> ETTER, McMAHON, LAMBERSON,
> VAN WERT & ORESKOVICH, P.C.
>
> By: /s/ Andrew M. Wagley
> Carl J. Oreskovich, WSBA #12779
> Andrew M. Wagley, WSBA #50007
> *Attorneys for Ronald C. Ilg, MD*

Reply in Support of Defendant's
Motion to Dismiss- Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record in this matter.

EXECUTED in Spokane, Washington this 2nd day of June, 2022.

By: /s/ Andrew M. Wagley
Andrew M. Wagley

Reply in Support of Defendant's
Motion to Dismiss- Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100