FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　-vs-<br><br>RONALD CRAIG ILG,<br><br>　　　　　Defendant. | Nos.　2:21-CR-0049-WFN-1<br><br>ORDER |

　　　An evidentiary and motion hearing was held June 15, 2022. The Defendant, who is in custody, was present and represented by Carl Oreskovich and Andrew Wagley; Assistant United States Attorney Richard Barker represented the Government.

　　　The Court addressed Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda* (ECF No. 95), Motion to Suppress Evidence Derivative of Coinbase Search Warrant (ECF No. 97), Motion to Dismiss Count Three of Superseding Indictment (ECF No. 99), and Motion for Leave to Appear in Dress Clothes at Pretrial Conferences (ECF No. 100), as well as the Government's Motion for Reciprocal Discovery (ECF No. 111). The Court heard testimony from Agent Christian Parker regarding Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda*. ECF No. 95. At the hearing the Court indicated that the motion would likely be denied, but reserved ruling for further consideration.

　　　The Court now confirms the earlier inclination denying Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda*. The parties agree that the issue turns on whether Defendant was in custody for the purposes of *Miranda* when being questioned by Agents Parker and Barker at the Spokane Airport. The Court has reviewed the exhibits, including the recording and transcript of the interview, as well as a video of the offices where the interview occurred.

ORDER - 1

FBI agents approached Defendant as he arrived in Spokane from a trip to Mexico. Agent Parker approached Defendant shortly after he deplaned outside the secure area and asked if he would be willing to talk. Defendant agreed with Agent Parker's request and followed Agents Parker and Barker to a conference room off a public hallway at the Spokane Airport. Agents interviewed him for just over an hour and a half. Multiple times during the interview Defendant raised the issue that he may want counsel, but then proceeded to initiate further discussion with the agents. At a point where he appeared to be ready to leave the interview, agents indicated that they had a search warrant for his person and phone, so they would be taking his phone. Agent Parker indicated that Defendant could wait for the search to be complete then he could have his phone back, or he could leave right then. Defendant opted to stay with the agents and chose to read a document from his phone to the agents prior to the search.

To determine if a person is in custody for the purposes of *Miranda*, the Court must examine "whether, in light of the objective circumstances of the interrogation, a reasonable person would have felt he or she was not at liberty to terminate the interrogation and leave." *Howes v. Fields*, 565 U.S. 499, 509 (2012). The Court must "examine the totality of the circumstances surrounding the interrogation." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir.2008). To aid the Court's analysis the Ninth Circuit identified several factors to weigh the totality of circumstances: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *United States v. Kim*, 292 F.3d 969, 974 (9th Cir. 2002). "Other factors may also be pertinent to, and even dispositive of, the ultimate determination whether a reasonable person would have believed he could freely walk away from the interrogators." *United States v. Kim*, 292 F.3d 969, 974 (9th Cir. 2002). Based on a totality of the circumstances, the Court finds that Defendant was not in custody as a reasonable person would have felt that they were at liberty to terminate the interview.

ORDER - 2

Overall, the Court notes first that the tone of the entire interview was friendly and non-confrontational. The interview was conducted in a neutral space. The agents repeatedly informed Defendant that he could terminate the interview and leave. Nothing in Defendant's behavior or statements during the interview suggested that he felt he was not free to leave. Examination of the common factors identified by the Ninth Circuit in turn support the conclusion Defendant was not in custody for the purposes of *Miranda*.

(1) The language used to summon Defendant was polite and a request rather than a demand.

(2) Agents initially questioned Defendant without confronting him with evidence of guilt, though they did counter claims that he made that appeared contradictory to the evidence during a portion of the interview.

(3) The physical surroundings support a lack of custodial interview. Two agents questioned Mr. Ilg in an unlocked room just off a public hallway in the Spokane Airport. Contrary to Defendant's claims, the room was steps away from the exit from the secure portion of the concourse and was on the way to baggage claim. The office was roomy with windows looking outside. A few people entered and left the room while Defendant was present, making it clear that a person could exit at will. Mr. Ilg was not handcuffed or otherwise restrained.

(4) The interview lasted about an hour and a half—prolonged in part due to Defendant's decision to read a document to agents after they had believed the interview was over.

(5) Agents put little pressure on Defendant. For the most part, the interview was friendly, nonconfrontational, with moments of levity. Agents pressed when Defendant offered information they knew to be false, but did not resort to high pressure tactics. Overall, each of the factors support the Court's conclusion that Defendant was not in custody.

Defendant identifies several circumstances he felt tips the scale towards custody. Of most weight, he noted that agents informed him he was subject to a search warrant of his person, he didn't know how to leave an airport without access to his phone, and agents took

ORDER - 3

possession of his luggage and phone to execute a search warrant. The Court agrees that being told of a search warrant for one's person could have a coercive effect causing a person to feel less inclined to leave an interview with law enforcement. However, agents cured this by repeatedly informing Defendant that he was free to leave when he indicated an inclination to terminate the interview. Though the Court acknowledges that many people become very dependent upon their phones, being at an airport without a car or phone would not prohibit a person from leaving the premises on a Sunday evening. Public transportation and taxis service airports. Agent Parker testified that law enforcement also would order an Uber if a person so requested. Lastly, though Defendant was separated from his luggage, execution of a search warrant on personal property doesn't require Defendant's presence. Law enforcement can seize items subject to warrant without Defendant being present with the property. Upon examination of the totality of circumstances, Defendant was not in custody for the purpose of *Miranda*.

The Court denied Defendant's remaining motions, but gave leave for the right to renew the Motion to Dismiss Count Three of Superseding Indictment as defense counsel conceded that the motion is premature. The Court granted the Government's Motion for Reciprocal Discovery. Due to the firm trial date and the possibility that an expert disclosure pursuant to the deadlines in the Local Rules would necessitate a continuance, the Court set an earlier deadline to allow time to address any issues sparked by expert and discovery disclosures. The Court has reviewed the file and motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. The Government's Motion for Reciprocal Discovery, filed May 27, 2022, **ECF No. 111**, is **GRANTED**. Defendant's reciprocal discovery, including expert disclosures, shall be provided no later than **August 1, 2022.**

2. The final pretrial and trial date of September 19, 2022, is **CONFIRMED**.

3. Trial briefs, motions in limine, requested voir dire and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **September 2, 2022**.

ORDER - 4

Jury instructions should only address issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions, and a proposed verdict form. The Joint Proposed Jury Instructions shall include:

(a) The instructions on which the parties agree; and

(b) Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

4. Witness and exhibit lists shall be filed and served no later than **12:00 noon the Monday before trial**.

5. An additional pretrial conference shall be held **July 20, 2022, at 9:00 a.m., in Spokane**, Washington. **Counsel, please note a change in date from that discussed at the hearing**.

(a) Additional motions shall be filed and served no later than **July 1, 2022**.

(b) Responses shall be filed and served no later than **July 8, 2022**.

6. Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda*, filed February 28, 2022, **ECF No. 95**, is **DENIED** for the reasons stated at the hearing and those outlined above.

7. Defendant's Motion to Suppress Evidence Derivative of Coinbase Search Warrant, filed February 28, 2022, **ECF No. 97**, is **DENIED** for the reasons stated at the hearing.

ORDER - 5

8. Defendant's Motion to Dismiss Count Three of Superseding Indictment, filed February 28, 2022, **ECF No. 99**, is **DENIED with the right to renew**.

9. Defendant's Motion for Leave to Appear in Dress Clothes at Pretrial Conferences, filed February 28, 2022, **ECF No. 100**, is **DENIED**.

10. The Government's Motion to File Overlength Brief, filed May 19, 2022, **ECF No. 109**, is **GRANTED**.

11. All time from the filing of Defendant's Motion to Suppress Evidence Obtained in Violation of *Miranda* on February 28, 2022, to the date of the hearing on June 15, 2022, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 21st day of June, 2022.

06-17-22

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6