Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-CR-00049-WFN-1 |
| Plaintiff, | United States' Motion for Use of Transcript |
| v. | |
| RONALD CRAIG ILG (a/k/a "SCAR215"), | |
| Defendant | |

The United States of America, by and through United States Attorney Vanessa R. Waldref and Assistant United States Attorney Richard R. Barker, respectfully moves this Court to permit the use of a transcript of Defendant's statement to aid the jury in listening to the audio recording of the statement.

## BACKGROUND

Defendant is charged by way of a Superseding Indictment for various offenses stemming from soliciting hitmen on the dark web to assault a former colleague and to have his then estranged wife kidnapped. ECF No. 80. Shortly before he was charged, the FBI interviewed Defendant at the Spokane International Airport. Although Defendant moved to suppress his statements to the FBI, the Court denied Defendant's motion on June 21, 2022. ECF No. 118. In the parties' briefing for the motion to suppress, the

United States' Motion for to Admit Transcript - 1

1  United States provided a copy of the audio recording of the interview as well as a draft
2  transcript of Defendant's statements. *See* ECF No. 110, Ex. A and B.

### REQUESTED RELIEF

In the event the United States elects to introduce Defendant's statement, the United States will also seek to use the transcript to aid the jury in listening to the recording.

### LAW AND ARGUMENT

It is well-settled that a trial judge has wide discretion in determining whether to allow the use of transcripts to aid the jury in listening to recorded conversations. *See, e.g., United States v. Abonce-Barrera*, 257 F.3d 959, 963 (9th Cir. 2001); *United States v. Rrapi*, 175 F.3d 742, 746 (9th Cir. 1999); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir.), *cert. denied*, 471 U.S. 1139 (1985); *United States v. Taghipour,* 964 F.2d 908, 910 (9th Cir.), *cert. denied*, 113 S.Ct. 283 (1992). Recognizing that discretion, the Ninth Circuit has repeatedly upheld district courts' decisions to allow the use of transcripts to aid the jury in listening to audio recordings. *See, e.g., Abonce-Barrera*, 257 F.3d at 964 (district court did not err in admitting transcript); *Rrapi*, 175 F.3d at 748 (district court did not err in admitting transcription or translations thereof); *United States v. Pena-Espinoza*, 47 F.3d 356, 360 (9th Cir. 1995) (district court did not abuse its discretion in admitting transcripts or in permitting jury to examine them during deliberations); *United States v. Armijo*, 5 F.3d 1229, 1234 (9th Cir. 1993) (district court did not abuse its discretion in allowing jury to read from transcript while listening to tape or in admitting the transcripts); *United States v. Booker*, 952 F.2d 247, 249-250 (9th Cir. 1991) (district court did not abuse its discretion in allowing jury to use transcript in aid of listening); *United States v. Delgado,* 357 F.3d 1061, 1070 (9th Cir. 2004), *abrogated on other grounds by United States v. Nevils,* 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc) (district court did not abuse its discretion in allowing transcripts to be admitted for the limited purpose of a listening aid).

United States' Motion for to Admit Transcript - 2

The Ninth Circuit reviews steps taken to ensure the accuracy of the transcripts, specifically, whether the court reviewed the transcript for accuracy; whether defense counsel was allowed to highlight alleged inaccuracies and to introduce alternative versions; whether the jury was instructed that the audio recording, rather than the transcript, was evidence; and whether the jury was allowed to compare the transcript to the tape and hear counsel's arguments as to the meaning of the conversations. *Armijo,* 5 F.3d at 1234 (citing *Hsieh Hui Mei Chen*, 754 F.2d at 824); *See also Delgado*, 357 F.3d at 1071 (no error even though court did not review the transcripts for accuracy, because Delgado was allowed to highlight alleged inaccuracies, the jury was instructed that the tape, rather than the transcript, was evidence, and the jury was allowed to compare the transcript to the tape).

Objections by defendants to the accuracy of transcripts do not preclude their admission. *Booker*, 952 F.2d at 250; *Hsieh Hui Mei Chen*, 754 F.2d at 824. Instead, the defense is permitted to introduce its own transcript and argue accuracy to the jury. *Id.* Once admitted, transcripts may be used by the jury during the playing of recordings at trial and during jury deliberations after the case has been submitted. *Taghipour*, 964 F.2d at 910; *United States v. Turner*, 528 F.2d 143, 167-68 (9th Cir. 1975).

### Conclusion

At this juncture, the United States is aware of no disputes as to the accuracy of its proposed transcript. If there is a dispute as to accuracy, the United States asks that the defense bring it to the government's attention prior to the marking of exhibits, as a resolution may be able to be reached. If a resolution cannot be reached, the United States understands Defendant will be permitted to argue the accuracy of the transcript to the jury and introduce an alternative version of any disputed portion. Notably, the United States made a small number of revisions to the transcript provided to the court for purposes of the hearing on the motion to suppress. The revisions are non-substantive and reflect minor typographical errors.

United States' Motion for to Admit Transcript - 3

Dated: July 1, 2022

Vanessa R. Waldref
United States Attorney

*/s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

*/s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

United States' Motion for to Admit Transcript - 4