Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Ronald C. Ilg, MD*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**RESPONSE TO UNITED STATES' MOTION TO ADMIT EVIDENCE OF SUICIDE ATTEMPT** |

COMES NOW, the Defendant Ronald C. Ilg, MD ("Dr. Ilg"), by and through his attorneys of record, and hereby submits the following Response to the United States' Motion to Admit Evidence of Defendant's Suicide Attempt (ECF No. 123). As explained fully below, the Government should be prohibited from arguing to the jury that Dr. Ilg's alleged suicide attempt is evidence of guilt. *See* Fed. R. Evid. 403. At the time of the suicide attempt, Dr. Ilg was

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 1

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

suffering from prolonged depression and indicated to the Federal Bureau of Investigation ("FBI") that he had suicidal ideations long before he was aware that he was the subject of investigation. *See State v. Mann,* 625 A.2d 1102, 1108 (N.J. 1993) ("The possible ambiguity of an accused's suicide attempt requires a careful consideration of the probative value such evidence offers."); *accord State v. Onorato*, 762 A.2d 858, 859-60 (Vt. 2000) ("The underlying reasons motivating an attempt to take one's life can be both numerous and highly complex, and may be even less indicative of guilt than flight evidence.").[1]

## BACKGROUND

At approximately 5:00 pm on April 11, 2021, Dr. Ilg was interrogated by FBI Agents Eric Barker and Christian Parker at the Spokane International Airport. (*See* ECF No. 110-1.) During the course of the interrogation, Dr. Ilg expressly mentioned to the FBI Agents: "So about six to eight weeks ago, my depression was probably at its worst. And I hate to admit it, but I constantly contemplated suicide." (ECF No. 110-1 at 24:23-25.) Further, Dr. Ilg stated: "my depression wasn't getting any better over the last couple weeks, despite going up on my medication dose and visiting with my doctor." (Id. at 28:9-12.)

---

[1] Out-of-jurisdiction authorities offered for persuasive purposes only.

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 2

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Dr. Ilg allegedly indicated that he located a hitman on the dark web so his suicide "looked like [he] died from an accident." (ECF No. 110-1 at 26:4-5.) Dr. Ilg further indicated:

> I thought my lawsuit could continue for my estate, and my life insurance would pay out. I also think—I'm not sure, but I think there's a clause in my life insurance policy that if you die from suicide that it doesn't pay out.

(*Id*. at 26:10-14.) Dr. Ilg further stated that "the Bitcoin that I transferred was to negotiate an accident for myself." (*Id*. at 47:16-17.) Dr. Ilg indicated during the course of the interview that he did not have "a clear mind." (*Id*. at 63:8.)

During the interaction with Dr. Ilg, the FBI acknowledged Dr. Ilg's depression and mental state. For example, Agent Parker explicitly asked "what's your mental state right now? . . . do we need to get rid of your weapons?" (ECF No. 110-1 at 52:14-16.) During the search of Dr. Ilg's residence, law enforcement was "concerned that the suspect had claimed to be suicidal." (Ex. A at p. 1.) Law enforcement "removed the firing bolt from [a] rifle . . . and also took the loaded pistol magazines." (*Id*.) "These items were then placed in one of Ilg's dresser drawers in an attempt to slow his process of utilizing them in the event he decided to harm himself or another." (*Id*.)

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

According to the Government, "[l]ater that very same evening—April 11, 2021—Defendant wrote out a note and placed on his kitchen counter next to FBI Special Agent Eric Barker's business card." (ECF No. 123 at 3.) The Government alleges that Dr. Ilg "took approximately 40 Xanax pills" and authored a note, which indicated in part:

> [Witness 1], I love you with everything I have. I'm sorry. Please remember the good. I loved no other more than you.
>
> [Victim 2], I loved you also. You mocked my love. You made fun of it. Why?? You laughed with your family + coworkers. Please care for [Minor 1] + love him like I do.
>
> I am about to drift off to sleep. I pray that God forgives me. I pray with all my heart that He does. I did this not for me. But for all of you. You can move on faster + easier + quicker. I just wanted to norm [sic] back but I couldn't see the path. I fucked it up. Irreparable fuck up. [Victim 2], if it is allowed in my will[,] please share half with [Witness 1], somehow. She deserved that. [Victim 2], you have a big heart that I destroyed.

(ECF No. 123 at 3-4; *accord* ECF No. 72-4 at 71-72.)

The Government now seeks to admit evidence of Dr. Ilg's suicide attempt as alleged evidence of flight documenting a guilty mind.

## **POINTS & AUTHORITIES**

Although determinations regarding the admissibility of evidence are left to the sound discretion of the Court, interpretations of the Federal Rules of

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Evidence are subject to *de novo* review. *United States v. Waters*, 627 F.3d 345, 352 (9th Cir. 2010). Pursuant to Fed. R. Evid. 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed" by danger of "unfair prejudice." Under Fed. R. Evid. 403, "'[u]nfair prejudice' refers to an 'undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one' or 'evidence designed to elicit a response from the jurors that is not justified by the evidence.'" *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998). In other words, "unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The determination of whether probative value is substantially outweighed by unfair prejudice requires an analysis of the argument presented to the jury regarding the evidence. *See United States v. Aims Back*, 588 F.2d 1283, 1286 (9th Cir. 1979) (court has authority to "limit or specify the purpose for which the evidence was admitted"); *accord* Fed. R. Evid. 403, *Advisory Committee Notes*.

"Evidence of flight is generally admissible as evidence of consciousness of guilt." *United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984). But "evidence of flight can be consistent with innocence" too. *United States v.*

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

*Dixon*, 201 F.3d 1223, 1232 (9th Cir. 2000). As such, the probative value of flight (*i.e.,* conduct) thus depends upon the degree of confidence with which four inferences can be draw: "'(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.'" *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1207 (9th Cir. 1991) (quoting *United States v. Myers,* 550 F.2d 1036, 1049 (5th Cir. 1977)). Analysis of these circumstances presumes that actual flight is established, as opposed to a potentially innocent act. *See United States v. Greiser*, 502 F.2d 1295, 1299 (9th Cir. 1974) ("the fact of an accused's <u>flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct</u>, are admissible as evidence of consciousness of guilt").

The United States does not cite to explicit authority in the Ninth Circuit analyzing whether an attempted suicide is considered flight and evidence of guilt. (*See* ECF No. 123.) In this vein:

> [S]ome courts have recognized that a suicide or attempted suicide is admissible as evidence of "consciousness of guilt," tantamount to a confession. . . . Some courts, however, have recognized that such evidence is <u>at best equivocal</u>, in the absence of evidence of the reasons for the suicide or attempted suicide, because <u>there could be</u>

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

numerous reasons for a suicide attempt other than consciousness of guilt on a charged offense.

*United States v. Johnson*, 354 F. Supp. 2d 939, 957–58 (N.D. Iowa 2005), *aff'd in part*, 495 F.3d 951 (8th Cir. 2007). Other Circuits have held that "suicidal ideations and/or attempts may be admissible as relevant evidence of consciousness of guilt, but only after being screened through typical Rule 403 balancing in accordance with . . . jurisprudence on the admissibility of flight evidence." *United States v. Cody*, 498 F.3d 582, 592 (6th Cir. 2007).

The Court should carefully consider the totality of the circumstances to determine if the probative value of a suicide attempt as flight is substantially outweighed by the prejudicial effect that the defendant will be portrayed to the jury as a suspect that is so obviously guilty the only way to escape prison is to commit suicide. *See* Fed. R. Evid. 403; *see also State v. Mann,* 625 A.2d 1102, 1108 (N.J. 1993) ("The possible ambiguity of an accused's suicide attempt requires a careful consideration of the probative value such evidence offers.").

> Accusation and the threat of prosecution and punishment may impel a defendant to attempt suicide. Alternatively, an urge to confess or repent for a guilty deed may materialize as an admission by suicidal conduct. However, other factors may motivate or contribute to an accused's decision to attempt suicide. Instead of seeking to avoid punishment, a defendant who attempts suicide may, for reasons unrelated to the crime charged, choose to inflict

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

> upon himself or herself a punishment more severe than that following a conviction of the charge.

*Mann*, 625 A.2d at 1108; *accord State v. Onorato*, 762 A.2d 858, 859-60 (Vt. 2000) ("The underlying reasons motivating an attempt to take one's life can be both numerous and highly complex, and may be even less indicative of guilt than flight evidence."). In this vein, "a defendant's psychological, social or financial situation may underlie a suicide attempt." *Mann*, 625 A.2d at 1108. Similarly, evidence of a suicide attempt "could also demonstrate lack of faith in the judicial system." *Johnson*, 354 F. Supp. 2d at 958.

The Government argues that "Defendant's attempted suicide or flight occurred almost immediately after he was confronted with evidence that he was soliciting a number of hitmen to assault a former colleague and to kidnap his then-estranged wife." (ECF No. 123 at 1.) However, Dr. Ilg expressly indicated during the FBI interrogation that he had "contemplated suicide," his "depression wasn't getting any better," and he was "going up on [his] medication dose and visiting with [his] doctor." (ECF No. 110-1 at 24:23-25 and 28:9-12.) Furthermore, Dr. Ilg allegedly indicated that he went on the dark web to hire a hitman to commit suicide, so it "looked like [he] died from an accident." (*Id*. at

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 8

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

26:4-14.) Moreover, the FBI expressed concern regarding Dr. Ilg's mental state and that he may be suicidal. (*See, e.g.*, Ex. A at p. 1.)

Dr. Ilg's suicide note indicates "I pray that God forgives me" and that he "did this . . . for all of you" so his family "can move on faster + easier + quicker." (ECF No. 123 at 3-4.) Dr. Ilg's attempted suicide is not admissible to show evidence of flight as his reason(s) for attempting suicide dealt with preexisting depression, separate from the pending criminal investigation. *See Onorato*, 762 A.2d at 859-60 ("The underlying reasons motivating an attempt to take one's life can be both numerous and highly complex, and may be even less indicative of guilt than flight evidence."); *accord Mann*, 625 A.2d at 1108 ("a defendant's psychological, social or financial situation may underlie a suicide attempt"). In relation to such an argument pertaining to flight, the probative value that Dr. Ilg attempted suicide because he is guilty is substantially outweighed by its prejudicial effect that the jury improperly surmise that Dr. Ilg was attempting to escape punishment by any means. *See id.* As such, the Government must be prevented from arguing at the time of trial that Dr. Ilg's attempted suicide shows evidence of flight. *See* Fed. R. Evid. 403.

Moreover, the Government requests a flight jury instruction. (*See* ECF No. 123 at 9.) In the Ninth Circuit, "'[f]light instructions are valid only if there is

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 9

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

evidence sufficient to support a chain of unbroken inferences from the defendant's behavior to the defendant's guilt of the crime charged.'" *United States v. Blanco*, 392 F.3d 382, 395 (9th Cir. 2004); *accord United States v. Feldman*, 788 F.2d 544, 555 (9th Cir. 1986) (a flight instruction "is valid only when the links along the extended chain of inference from the defendant's behavior to actual guilt of the crime charged are unbroken, and when the defendant's flight reaction is immediate to the crime"). As such, Ninth Circuit Model Criminal Jury Instruction No. 3.18 provides: "The Committee generally recommends against giving specific inference instructions in areas such as flight or concealment of identity because the general instruction on direct and circumstantial evidence is sufficient." Therefore, not only is attempted suicide not necessarily evidence of flight, but the Ninth Circuit[2] advises against an instruction in even apparent flight or concealment circumstances.

## **CONCLUSION**

For the reasons indicated herein, Dr. Ilg respectfully requests that the Court prohibit the Government from arguing that Dr. Ilg's attempted suicide

---

[2] Assuming *arguendo* the Court determines that such an instruction is appropriate, the Court should also "instruct the jury that if it credits any alternative explanation offered by the defendant, it may not infer consciousness of guilt from the evidence of a suicide attempt." *Mann*, 625 A.2d at 1109.

Response to United States' Motion to Admit
Evidence of Suicide Attempt—Page 10

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

constitutes flight and evidence of guilt. *See* Fed. R. Evid. 403. However, if the Court determines that Dr. Ilg's suicide attempt is admissible for these reasons, exculpatory evidence regarding the suicide attempt should be "<u>admissible to provide a reason other than guilt for the attempted suicide</u>." *Meggison v. State*, 540 So. 2d 258, 259 (Fla. Dist. Ct. App. 1989); *People v. Carter*, 312 P.2d 665, 671 (Cal. 1957) (error to exclude evidence that "provided an explanation for defendant's attempted suicide other than that offered by the prosecution").

RESPECTFULLY SUBMITTED this 8th day of July, 2022.

By: /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Ronald C. Ilg, MD*

Response to United States' Motion to Admit Evidence of Suicide Attempt—Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record in this matter.

EXECUTED in Spokane, Washington this 8th day of July, 2022.

By: /s/ Jodi Dineen
Jodi Dineen, Paralegal

Response to United States' Motion to Admit Evidence of Suicide Attempt—Page 12

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100