Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Patrick J. Cashman
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>RONALD CRAIG ILG (a/k/a "SCAR215"),<br><br>    Defendant | Case No. 2:21-CR-00049-WFN-1<br><br>United States' Reply to Motion to Admit Evidence of Defendant's Attempted Flight to Show Consciousness of Guilt |

    The United States of America, by and through United States Attorney Vanessa R. Waldref and Assistant United States Attorneys Richard R. Barker and Patrick J. Cashman, respectfully submit this reply brief in support of its motion to admit evidence at trial of Defendant's attempted suicide as flight evidence. As set forth in the motion, Defendant's attempted suicide or flight occurred the same evening he was confronted with evidence that he was soliciting a number of hitmen to assault a former colleague and to kidnap his then-estranged wife. While Defendant proffers that Defendant was already contemplating suicide and offers alternative explanations for his actions, the suicide note itself indicates otherwise – i.e., that Defendant expressed remorse, regret, and consciousness of guilt for soliciting dark web hitmen to harm others.

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 1

Defendant's proffered alternative explanation for his suicide attempt goes to weight, not the admissibility of his suicide note, which described his activities as an "irreparable fuck up." Similarly, given the connection between the charges in this case and the suicide attempt, any alleged unfair prejudice does not substantially outweigh the probative value of the inference that Defendant's attempted suicide reflects his consciousness of guilt for hiring hitmen from the dark web.

## DISCUSSION

Defendant's response to the government's motion asserts that Defendant had alternative reasons for attempting to commit suicide. Notwithstanding these alleged reasons, which are based on Defendant's own self-serving proffer, the evidence of Defendant's suicide attempt and the contemporaneous note are strongly linked to the charges and evidence against him. On this record, Defendant's suicide is admissible under Federal Rules of Evidence 401 and 403. Significantly, while Defendant asserts an alternative explanation for attempting to take his own life, this is a matter for the jury to decide.

### I. Evidence of the Suicide Attempt and Note Is Relevant Under Federal Rule of Evidence Rule 401.

Federal Rule of Evidence 401 provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Applying this legal standard to flight evidence, Courts have "universally" held that "the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." *Marcoux v. United States*, 405 F.2d 719, 721 (9th Cir. 1968). As the Ninth Circuit has explained, flight is "essentially an admission by conduct" made by the defendant. *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1207 (9th Cir. 1991). Thus, in addressing whether flight evidence is relevant, courts must determine whether the following four

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 2

inferences can be drawn from the evidence: "(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *Id.*

These inferences are easily drawn here. Defendant's actions show he attempted suicide to avoid criminal prosecution and possible incarceration. Almost immediately after the FBI conducted search warrants of Defendant's home, phone, and personal belongings, Defendant wrote a suicide note expressing that he had "irrevocably fucked up" and demonstrating sorrow for what he had done. ECF No. 1 at 19. By attempting to end his life the same day as the FBI interview and search – which resulted in the recovery of his username and password for communicating with the dark web hitmen – Defendant demonstrated he was not merely depressed about the general circumstances of his life, he was seeking to avoid being charged and prosecuted for his crimes.

The cases cited in Defendant's opposition briefing – *State v. Mann*, 625 A.2d 1102, 1108 (N.J. 1993), and *State v. Onorato*, 762 A.2d 858, 859-60 (Vt. 2000), do not alter this analysis. ECF No. 125 at 2. These cases do not stand for the proposition that suicide evidence is inadmissible. Rather, while the cases observe there may be alternative and complex reasons for a suicide attempt, both cases specifically hold that evidence of suicide is generally admissible to show consciousness of guilt. *See Mann*, 625 A.2d at 1108) ("Evidence of flight or escape from custody by an accused generally is admissible as demonstrating consciousness of guilt, and is therefore regarded as probative of guilt."); *Onorato*, 762 A.2d at 859 ("With a single exception, courts have unanimously held that an accused's attempt to commit suicide is probative of a consciousness of guilt and is therefore admissible."). In fact, in *Onorato*, the appellate court rejected the trial judge's determination that the suicide attempt and note were irrelevant. 762 A.2d at 860 (agreeing

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 3

that the trial court erred when it concluded that evidence of attempted suicide was not relevant).

## II. Any Possible Prejudice from the Suicide Attempt Does Not Substantially Outweigh the Probative Value of the Attempted Flight in this Case.

While there can be no genuine dispute that the government's evidence of flight is relevant, this Court must nonetheless determine whether the probative value of this evidence is substantially outweighed by the possibility of unfair prejudice. *See* Fed. R. Evid. 403; *see also United States v. Cody*, 498 F.3d 582 (6th Cir. 2007). A trial court's 403 analysis is reviewed for an abuse of discretion. *See United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir.1978).

As a general matter, the government acknowledges that evidence of flight will always prejudice the defendant. This is so because evidence of a person's guilt is always prejudicial. *Old Chief v. United States*, 519 U.S. 172, 193 (1997) ("Virtually all evidence is prejudicial or it isn't material.") For exclusion under Rule 403, the prejudice to the defendant must be unfair and substantially outweigh its probative value. *See id.*; *see also* Fed. R. Evid. 403. The advisory committee for the Federal Rules of Evidence defines "unfair prejudice" as "an undue tendency to suggest decision on an improper basis." *Id.* 403.

No such prejudice exists in this case. As set forth above, the link between Defendant's attempted suicide and the charges against him is compelling given the references in the note to Defendant's mistakes and the temporal connection with the FBI's interview. Again, Defendant placed the note next to the FBI's business card and attempted to kill himself the same day the FBI confronted Defendant with the evidence against him, told him he was likely to be arrested, and recovered the login credentials in

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 4

Defendant's biometric safe. Given this link, the inference of guilt is strong and is not outweighed by the risk of some unexplained[1] allegation of unfair prejudice.

In any event, Defendant will have the opportunity to rebut the evidence and diminish the potential for any unfair prejudice. The jury will be capable of making their decision based on the totality of all the evidence introduced at trial – including, as discussed below, any alternate explanations offered by the Defense. In this case, the probative value of the defendant's alleged flight is not substantially outweighed by unfair prejudice.[2]

---

[1] To the extent Defendant argues that references to suicide may be prejudicial given the social stigma associated with suicide attempts, any potential prejudice is further mitigated in this case given that suicide is almost certainly a substantial part of the defense case. According to Defendant, he contracted with dark web hitmen for these hitmen to kill Defendant – i.e., suicide by hitman. While Defendant's contention that he was trying to kill himself is not supported by the evidence, Defendant's explanation for transacting on the dark web is almost certainly going to be an issue at trial.

Similarly, Defendant made admissions when he was in the hospital – following his suicide attempt – that he had not been forthcoming with the FBI. Accordingly, evidence pertaining to Defendant's suicide attempt will be admissible to explain why Defendant was in the hospital where Defendant made the incriminating statement about being less than forthcoming.

[2] Defendant's briefing cites to a Vermont state court decision, which upheld a trial judge's decision to exclude evidence of a suicide attempt based on Vermont's equivalent of Rule 403. *See* ECF No. 125 at 8. *Onorato*, however, is easily distinguishable from this case. Notably, the suicide note in *Onorato* did not reference the defendant's own actions or mistakes reasons for the attempted suicide. *Onorato*, 762 A.2d at 859-60. Here, Defendant made clear that his suicide attempt was based on his own "irreparable fuck up" – a strong link between the suicide attempt and Defendant's conduct on the dark web. Additionally, the appellate court in *Onorato* afforded great deference to the trial court's decision and recognized that the state court may have ruled differently if the matter had been subject to *de novo* review. *See id.*

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 5

### III. Defendant's Self-Serving Statement that There Are Alternative Explanations for His Suicide Attempt Go to Weight Not Admissibility.

Defendant's briefing asserts that Defendant suffered from depression and was already suicidal. *See* ECF No. 125. That Defendant might proffer alternative explanations for his suicide attempt is hardly surprising given Defendant has pled not guilty in this case and is challenging the evidence against him. *See id.* In cases involving flight, defendants frequently assert alternative reasons for their flight. *See, e.g.*, *United States v. Nelson*, 15 F.3d 1093, at *2 (9th Cir. 1994) (unpublished).

While a criminal defendant has the right to present a defense and to challenge the evidence against them, it cannot be that a defendant's self-serving alternative explanations entirely preclude the government from admitting what has been universally deemed admissible evidence. *See, e.g.*, 73 A.L.R.5th 615 (citing numerous cases and explaining that courts are almost "unanimous[] that an accused's attempt to commit suicide is probative of a consciousness of guilt and is therefore admissible"). Accordingly, courts do not preclude evidence of flight entirely when a defendant offers alternative explanations; rather, the relevant test is whether the government's evidence is admissible under Federal Rules of Evidence 401 and 403.

When, as here, the evidence passes muster under Rules 401 and 403, courts have held that an alternative innocent "explanation affect[s] the weight of the evidence rather than its admissibility." *Nelson*, 15 F.3d at 1093; *see also United States v. Garcia*, No. 18-cr-00466, 2021 WL 4594774, at *6 (N.D. Cal. Oct. 6, 2021) *United States v. Carl*, No. CR07-339-PCT-JAT, 2007 WL 1869992, at *2 (D. Ariz. June 28, 2007) (admitting evidence of flight even though defendant proffered an alternative explanation for his flight). Stated otherwise, the possibility of other reasons to support a defendant's decision to take flight does not alone make the admission of flight evidence improper. *See, e.g.*, *United States v. Hernandez–Miranda*, 601 F.2d 1104, 1107 (9th Cir. 1979); *see also Commonwealth. v. Sheriff*, 425 Mass. 186, 680 N.E.2d 75, 83 (1997) (admitting evidence

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 6

of the defendant's attempted suicide, even though defendant was able to present plausible alternative explanations for his conduct).

As with other cases addressing alternative explanations for flight, the jury should decide the reasons Defendant attempted to kill himself and left the note describing his "irreparable fuck up." Ultimately, the jury may, of course, conclude that Defendant's flight is consistent with innocence, and Defendant will certainly be free to make that argument. Again, however, Defendant's proffered "explanation affect[s] the weight of the evidence rather than its admissibility." *See Nelson*, 15 F.3d at 1093.

Additionally, while Defendant asserted in his voluntary interview with the FBI that he suffered from depression and already had contemplated suicide, Defendant's assertions must be considered in light of his patently statements during the interview. For instance, while Defendant claimed he was contemplating suicide by hitman, the actual transcripts of the dark web messages demonstrate a far more nefarious plot for the hitmen to harm others – not Defendant. *See* ECF No. 1. Similarly, in the interview, Defendant asserted that he did not have the login information for the dark websites. ECF No. 122 at 47. This simply is not true. Defendant had login information for the dark websites saved in a picture on his phone, in a book inside of his luggage, and inside a safe at his home. *See generally* ECF No. 1. In addition, after Defendant's suicide attempt, The FBI overheard a call in which admitted to being less than forthcoming to the FBI – asking whether he should tell the full story, or stick with what he had told law-enforcement to that point. ECF No. 89 at 11.

Defendant's self-serving claim that he had other reasons for attempting suicide is further placed in doubt given the witness testimony in this case. Witness 1 confirmed in sworn testimony that Defendant told her he was lying about hiring a hitman to kill himself. Bates 50000052.50. This occurred in Mexico after Witness 1 threw the Defendant's burner phone into a pool. *See id.* Additionally, while Defendant claimed he

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 7

was contemplating killing himself and wanted Witness 1 to inherit his estate, Defendant admitted that he had done nothing to update his will or change the beneficiary in his insurance documents. *See* ECF No. 122 at 58-59  Finally, Defendant sent more than $60,000 in Bitcoin to have his wife kidnapped so that she would be persuaded to return to her husband – i.e., signaling this is not an individual that was contemplating suicide prior to being confronted with the evidence against him. Rather, he was trying to persuade Victim 2 to come back to him.

All of this is to say, Defendant's self-serving alternative explanation[3] for his suicide attempt should not preclude the government from presenting evidence of the suicide as consciousness of guilt. Defendant's alternate explanation goes to the weight of the evidence of his attempted flight, not the admissibility.[4]

---

[3] Defendant makes vague references to a diagnosis of depression as well as allusions to being treated by a mental health professional around the time of the suicide attempt. Medical records have been provided to the United States to support these references/allusions. The Defense also has not provided Rule 16 Expert Notice regarding potential witnesses that would testify about Defendant's depression or alleged suicidal ideations. Accordingly, Defendant's self-serving statements are the only evidence of Defendant's proffered alternative explanation for his suicide attempt. Of course, if Defendant does intend to call medical personnel regarding his alleged depression, he likely would have to waive any patient/client privilege and provide the government with access to relevant medical records. Up to this point, Defendant has not waived privilege and has not provided relevant records.

[4] In his briefing, Defendant also opposes any instruction pertaining to flight. With respect to a possible instruction, Defendant's briefing misapprehends the government's position on an instruction. As set forth in the government's opening brief, the United States recognizes the Ninth Circuit generally cautions against a flight instruction.  That said, the government appreciates that in certain circumstances, especially where the Defense asserts an alternate explanation for flight, courts have provided an instruction to the jury regarding the alternate explanation. As noted in Defendant's briefing, the *Mann* court stated that a jury may be instructed that if the jury "credits any alternative explanation offered by the defendant, it may not infer consciousness of guilt from the evidence of a suicide attempt." ECF No.

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 8

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court admit evidence of Defendant's flight as relevant to showing consciousness of guilt.

Dated: July 14, 2022

Vanessa R. Waldref
United States Attorney

*/s/ Richard R. Barker*
Richard R. Barker
Patrick J. Cashman
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Carl Oreskovich.

*/s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

---

125 (citing *Mann*, 625 A.2d at 1109). The United States would not oppose this language if Defendant requested an instruction pertaining to flight.

United States' Reply to Motion to Admit Evidence of
Defendant's Attempted Flight - 9