Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Ronald C. Ilg, MD*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>RONALD CRAIG ILG,<br><br>                  Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE ALLEGED DARK WEB MESSAGES AND WEBSITES** |

Ronald C. Ilg, MD ("Dr. Ilg") submits the following Reply in Support of Defendant's Motion to Exclude Alleged Dark Web Messages and Websites:

**A.** **Admission of the Alleged Dark Web Messages, Transcript, and Dark Websites Violates the Confrontation Clause.**

The Confrontation Clause of the Sixth Amendment requires "that reliability [of testimonial evidence] be assessed in a particular manner: <u>by testing the</u>

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

crucible of cross-examination." *United States v. Esparza*, 791 F.3d 1067, 1071 (9th Cir. 2015).  The Confrontation Clause applies when the Government offers: (1) "testimonial statements," (2) for "the truth of the matter asserted," and (3) absent "a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 59 n. 9, 68 (2004).

The Government appears to only dispute whether the dark web messages are "testimonial."[1] (*See* ECF No. 127 at 3.)  In determining whether evidence is "testimonial," the Confrontation Clause calls for an objective test—whether the statement was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *United States v. Bustamante*, 687 F.3d 1190, 1194 (9th Cir. 2012). In other words, to be testimonial the "primary purpose" must be to "establish or prove past events potentially relevant to later criminal prosecution." *United States v. Vo*, 766 Fed. Appx. 547, 549 (9th Cir. 2019) (unpublished).  Statements through various mediums may be "testimonial" if the primary purpose test is met.  *See Bustamante*, 687 F.3d at 1191 ("document appearing to be a transcription of [defendant's] birth certificate" testimonial); *see also United*

---

[1] To the extent the Government also argues that the dark web messages are offered for context (*i.e.*, not the truth of the matter asserted), that argument is addressed *infra* in the section regarding hearsay.

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

*States v. Cameron*, 699 F.3d 621, 644 (1st Cir. 2012) (records were "testimonial" as "the primary purpose of the CP Reports was to establish[] or prov[e] past events <u>potentially relevant</u> to later criminal prosecution").

The Government argues that the dark web messages are not "testimonial" as "[n]one of these communications were to law enforcement, and neither Defendant nor the dark web administrators created these messages in anticipation of litigation." (ECF No. 127 at 4.) However, the dark web messages were allegedly sent via "fake" websites operated by an unknown "person/group" to investigate (and document) murder for hire transactions on the dark web. (ECF No. 121-1 at 8.) The Government's argument ignores various portions of the conversation where the unknown source(s) allegedly confirmed the job had been received, repeated the parameters of the bonus, and verified bitcoin transaction. (*See* ECF No. 107-1; ECF No. 107-3.) In this vein, the unknown source(s) statements were objectively testimonial as the primary purpose was to create evidence and documentation of the conversation. *See Vo*, 766 Fed. Appx. at 549. Additionally, testimonial statements clearly do not have to be to law enforcement to satisfy the primary purpose test.

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

As such, the dark web evidence is testimonial and Dr. Ilg has a Sixth Amendment right to confront the unknown source(s)[2] who were involved in the alleged dark web messages and created the scam websites.

**B.  <u>The Government Cannot Authenticate the Alleged Dark Web Messages, Transcript, and Dark Websites.</u>**

In relation to authentication, the Government bears the burden to "produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  The Government's burden is two-fold, it must: (1) "make a prima facie showing" that "a reasonable juror could find in favor of authenticity," and (2) "establish a connection between the proffered evidence and the defendant."  *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).  Concerns regarding manipulation of electronically stored information should be substantially magnified based upon the nature of the dark web.  *See United States v. Browne*, 834 F.3d 403, 412 (3d Cir. 2016) ("The authentication of electronically stored information in general requires consideration of the ways in which such data can be manipulated or corrupted.").

---

[2] To the extent the Government argues that cross-examination of FBI Special Agent Richard Barker satisfies the Confrontation Clause, it ignores the unknown source(s) who created the testimonial statements.  (*See, e.g.*, ECF No. 127 at 4.)

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  4

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

In the context of electronic evidence, private websites are not self-authenticating and authentication by circumstantial evidence still requires verification of the electronic medium of communication (*i.e.*, the website) via a witness with direct knowledge.  As such, in order to authenticate the dark websites, the Government must produce a witness with direct knowledge regarding the operation, innerworkings, and/or server of the websites.  Dr. Ilg hereby incorporates via this reference his analysis of various authorities contained in his opening Motion.  (*See* ECF No. 119 at 16-18.)

In the Government's Response, it severally underplays the importance of the dark websites in relation to authentication of the purported messages.  Here, **every single one of the alleged messages were purported to have been sent through the dark websites**.  Just because circumstantial evidence may be argued to authenticate text and/or social media messages, the medium itself must still be authenticated and trustworthy.  The Government acknowledges that it has no witness and/or direct evidence pertaining to the innerworkings, operations, and/or servers of the dark websites themselves.  (*See* ECF No. 127 at 7 ("At trial, the FBI will attest that the screenshots and videos are true and correct copies from the dark web servers.")).  Further, the Government's

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

investigation disclosed that the dark websites are "scam websites" and "fake." (ECF No. 121-1 at 8.)

Various authorities cited by the Government provide stronger circumstantial evidence regarding authentication and/or involve records custodians for the medium of communication. *United States v. Lamm*, 5 F.4th 942, 946-48 (8th Cir. 2021) ("Facebook certified" the records and the issue was whether "the Government may authenticate social media evidence with circumstantial evidence linking the defendant to the social media account."); *United States v. Barber*, 937 F.3d 965, 969-70 (7th Cir. 2019) (person who the defendant corresponded with via Facebook Messenger "directly identified the pertinent messages" and the issue was whether it was "error to admit Facebook records linked to an account that [defendant] says is not his"); *United States v. Isabella*, 918 F.3d 816, 843 (10th Cir. 2019) (websites were not the medium of communications plotting the alleged crime and were only offered "to prove [the defendant] knew [the victim] was a minor"); *United States v. Barnes*, 803 F.3d 209, 217-18 (5th Cir. 2015) (witness "testified that she had seen [the defendant] use Facebook" and the "content of the messages were largely duplicative" of various witness testimony). None of these authorities allow the Government to authenticate the dark web messages and conduit websites via circumstantial

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page 6

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

evidence that law enforcement allegedly accessed some of the messages and the websites at a later time.  *See id*.

Furthermore, the Government argues that *United States v. Vayner*, 769 F.3d 125 (2nd Cir. 2014) somehow supports the theory that "viewing a website and capturing screenshots" is a proper way to authenticate electronic evidence. (ECF No. 127 at 5.)   In *Vayner*, the law enforcement officer could not authenticate a website just by testifying that "he saw [the website] and this is what it says," despite that "the agent <u>does not know who created it</u>."  769 F.3d at 131.   The Second Circuit compared the website with a flyer found on the street—even though either might contain details regarding an individual, evidence regarding the creation thereof is necessary.  *See id*. at 132.

In the situation at hand, evidence regarding the creation, maintenance, and operation of the dark websites is necessary to authenticate both the websites and the purported messages.  Fed. R. Evid. 901(a).

## C.  <u>The Alleged Dark Web Messages, Transcript, and Dark Websites Are Inadmissible Hearsay.</u>

Hearsay is an out-of-court statement, offered therein, to prove the truth of the matter asserted.   Fed. R. Evid. 801(c).   Here, the dark web messages, transcript, and websites are all clearly offered for the truth of the matter

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

asserted—that the dark websites offered criminal services for hire, the unknown

source(s) developed a criminal plot with "Scar215," and the unknown source(s)

correctly identified Dr. Ilg in the transcript "Notes."

First, the Government argues that the unknown source(s) statements in the

dark web messages "serve the non-hearsay purpose of providing context for

Defendant's admissions." (ECF No. 127 at 11.)  However, "invoking the word

'context' does not permit an end-run around the hearsay rules such that the

government may smuggle into evidence all [the informant's] statements,

particularly when they overwhelm the defendant's." *Vo*, 766 Fed. Appx. at 549.

Here, the "context" of the dark web messages, websites, and transcript hearsay

in total overwhelm the statements purportedly from Defendant.  Similarly,

"context" is inapplicable when the hearsay portion of the conversation recites

preexisting facts as a portion of the conversation. *See United States v. Smith*,

816 F.3d 479, 482 (7th Cir. 2016) (noting that the "context" exclusion is

inapplicable for the hypothetical—"[Informant]: Last week I paid you $7,000

for a letter that my client will use to seek a grant for a daycare center. Do you

remember?  [Defendant]: Yes.").  Further, the purported "context" here is

clearly offered for the truth of the matter asserted—that Dr. Ilg allegedly

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  8

ETTER, M^cMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

solicited a hitman from the dark web, developed a plot with the hitman, and ultimately transferred bitcoin via the dark web. *See id.*

The cases cited by the Government for its "context" argument are clearly distinguishable. *See United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006) (reasoning that "[t]he messages demonstrated that defendants had received communications detailing the project's likely bogus nature," when the project was separate from the communications); *United States v. Whitman*, 771 F.2d 1348, 1351 (9th Cir. 1985) (reasoning that informant's statements during recorded conversation with defendant planning murder that occurred at later time not offered for the truth); *accord Lamm*, 5 F.4th at 948-49 (noting that exhibits were "offered to explain why [defendant] communicated with another, unknown account" and "to show that [defendant] had access to and was familiar with the . . . account"). Here, the charged crime is the dark web correspondence themselves, which are offered for the truth and do not simply provide "context."

Second, the Government argues that the messages document "Defendant's state of mind," which purportedly consists of "his intent for the hitmen to kidnap and extort his estranged wife." (ECF No. 127 at 12.) However, the "state of mind" hearsay exception is only applicable to show the "declarant's then-existing state of mind." Fed. R. Evid. 803(3). As such, statements by the

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

unknown source(s) cannot speak towards Defendant's alleged state of mind.  *See United States v. Clarine*, 138 Fed. Appx. 940, 943-44 (9th Cir. 2005) (unpublished) ("statements made by a declarant are only admissible to the extent they demonstrate the *declarant's* state of mind").

Third, the Government seems to suggest that the business records exception is applicable.  (*See, e.g.,* ECF No. 127 at 4.)  For the business records exception to apply, the dark web evidence must have been "kept in the course of a regularly conducted activity" and may not "indicate a lack of trustworthiness."  Fed. R. Evid. 803(6)(B), (E).  As such, the business records exception should not be applied to dark web records as a matter of policy.  *See id*.  Further, the foundation for the business records exception must be "shown by the testimony of the custodian or another qualified witness."  Fed. R. Evid. 803(6)(D).

## **CONCLUSION**

Dr. Ilg respectfully requests that the Court grant Defendant's Motion to Exclude Dark Web Messages and Websites

RESPECTFULLY SUBMITTED this 15th day of July, 2022.

By: /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Ronald C. Ilg, MD*

Reply in Support of Defendant's Motion to
Exclude Alleged Dark Web Messages and
Websites- Page  10

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2

### <u>CERTIFICATE OF SERVICE</u>

3
4

I hereby certify that on July 15, 2022, I electronically filed the foregoing

5

document with the Clerk of the Court using the CM/ECF System, which will

6
7

send notification of such filing to all attorneys of record in this matter.

8

EXECUTED in Spokane, Washington this 15th day of July, 2022.

9
10
11

By: /s/ Andrew M. Wagley

Andrew M. Wagley

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100