FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Nos. 2:21-CR-0049-WFN-1 |
|---|---|
| Plaintiff, | |
| -vs- | ORDER |
| RONALD CRAIG ILG, | |
| Defendant. | |

A pretrial conference and motion hearing was held July 20, 2022. The Defendant, who is in custody, was present and represented by Carl Oreskovich and Andrew Wagley; Assistant United States Attorneys Richard Barker and Patrick Cashman represented the Government.

The Court addressed pending pretrial motions. The parties indicated that both the Government and the defense plan to submit evidence of Defendant's attempted suicide, so the admissibility questions raised in the Government's Motion to Admit Evidence of Defendant's Attempted Flight to Show Consciousness of Guilt are moot. ECF No. 123. The parties will revisit the advisability of a jury instruction during the course of the trial. The Court asked the parties whether, due to the nature of the evidence, they would like jurors to complete a special questionnaire. The parties gave no strong inclination but will submit proposed questions by the deadline set by the Court if they would like a supplemental questionnaire delivered to jurors.

Though the Defendant maintains his objection raised in previous hearings to the transcript, the Defendant has no objection to distributing a transcript to jurors to aid understanding of audio recordings of the Defendant. Accordingly, the Court granted the Government's Motion for Use of Transcript. ECF No. 122.

ORDER - 1

The Court now confirms the inclination shared from the bench reserving, in part, and denying, in part, Defendant's Motion to Exclude Alleged Dark Web Messages and Websites. ECF No. 119. Defendant moved to exclude three related classes of evidence: (1) images of / from the websites that Defendant allegedly accessed on the dark web; (2) messages exchanged between "Scar215" and unknown persons associated with the dark websites, sometimes referred to as administrators; and (3) the "transcript" of messages and other materials the BBC provided to law enforcement. Defendant raises three primary grounds for exclusion: (1) the Confrontation Clause prevents admission of any of the materials; (2) the materials cannot be authenticated; and (3) the content of the websites as well as the messages sent by the "administrators" are inadmissible hearsay.

### I. Confrontation Clause

Defendant argues that the content of the dark websites, the messages exchanged on those websites, and the transcript provided by the BBC are testimonial and therefore fall afoul of the Confrontation Clause. According to the Defendant, any statements that implicate a person in a crime, and are thus potentially relevant to proceedings in later criminal prosecution, regardless of the context of the statement, are testimonial because anyone engaged in criminal activity should objectively know that any statements made could be relevant for a future criminal prosecution. The Court disagrees with such a broad reading of the Confrontation Clause.

Statements run afoul with the Confrontation Clause when those statements are testimonial, with no prior opportunity to cross-examine, which are offered for the truth of the matter. "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). "[T]here is simply no way around the proviso in *Crawford* that the Confrontation Clause applies only to out-of-court statements that are used to establish the truth of the matter asserted." *Williams v. Illinois*, 567 U.S. 50, 79. (2012). "The abuses that the Court has identified as prompting the adoption of the Confrontation Clause shared the following two characteristics: (a) they

ORDER - 2

involved out-of-court statements having the primary purpose of accusing a targeted individual of engaging in criminal conduct and (b) they involved formalized statements such as affidavits, depositions, prior testimony, or confessions." *Id.* at 82.

Testimonial statements are made to law enforcement, proxies of law enforcement, or in other limited circumstances where officials are seeking information. Unless the dark website in question were run by law enforcement in an attempt to catch bad actors, statements on those dark websites have no relation to investigation—use of the dark web typically reflects an attempt to avoid criminal prosecution. Statements made on dark websites are not testimonial just because the websites discuss criminal conduct. Further, even assuming in arguendo that any statement on the dark web discussing criminal conduct qualifies as a testimonial statement, the Government does not seek to offer the statements for the truth of the matter. Whether or not the website *actually* offers hitmen to commit crimes on behalf of a paying customer is not relevant to the issues to be determined by the jury. Rather, the important issues are whether Scar215 *believed* that he was hiring a hitman to bring harm to another.

## II. Authentication

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED R. EVID. 901(a). Defendant argues that in the case of websites, the only way to authenticate is through testimony of a person familiar with the server or technical workings of the site. In the case of legally operated websites, such a requirement is not unduly burdensome, but in the case of websites created for the purpose of conducting illegal activities, or those intending to defraud the visitors, such a requirement would effectively exclude all web-based evidence. The Court concludes that the Government's proffered authentication—including the Defendant's own records as well as FBI agents' investigation resulting in video and screenshots of the dark web activity adequately authenticates the materials gathered from the dark websites including both the messages and the content of the websites. However, the Court concurs with the Government that the

ORDER - 3

transcripts provided by the BBC lack authentication at this point. The Court finds that the content of the dark websites and messages accessed by the FBI agents are admissible, but reserves ruling on the messages contained solely in the transcript provided by the BBC.

### III. Hearsay

Lastly, Defendant argues that the content of the websites as well as the messaging responses to Scar215 represent inadmissible hearsay and must be excluded. The Court disagrees. The Government proffered evidence supporting the conclusion that Defendant is Scar215. The party opponent exception to the hearsay rule authorizes admission of Defendant's statements including the messages sent to the dark website. Responsive messages need not be admitted for the truth of the matter and therefore do not qualify as hearsay. Statements made in response to Defendant's message provide context for his admissible statements. Further, the content of the website also need not be admitted for the truth of the matter. The fact that the website purported to provide hitmen for hire explains why Defendant attempted to hire a hitman through the website but need not be true for the Government to prove their case.

For the reasons stated above, the Defendant's Motion to Exclude Alleged Dark Web Messages and Websites is denied, in part, but reserved as to the transcripts of messages provided by the BBC. The Court has reviewed the file and motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Exclude Alleged Dark Web Messages and Websites, filed July 1, 2022, **ECF No. 119**, is **DENIED IN PART** and **RESERVED IN PART**.

2. The Government's Motion for Use of Transcript, filed July 1, 2022, **ECF No. 122**, is **GRANTED**.

3. The Government's Motion to Admit Evidence of Defendant's Attempted Flight to Show Consciousness of Guilt, filed July 1, 2022, **ECF No. 123**, is **GRANTED**. However, the Court will discuss advisability of a jury instruction at a later date.

ORDER - 4

4. The Government's Moton to Seal, filed July 8, 2022, **ECF No. 128**, is **GRANTED**. The proposed filed documents shall be filed under seal.

5. If the parties would like the Court to issue a supplemental questionnaire, they shall submit proposed questions no later than **August 29, 2022**.

6. Trial briefs, motions in limine, requested voir dire and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **September 2, 2022**.

Jury instructions should only address issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions, and a proposed verdict form.

The Joint Proposed Jury Instructions shall include:

(a) The instructions on which the parties agree; and

(b) Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

7. The parties are requested to submit courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Monday before trial**.

8. An additional pretrial conference shall be held **September 6, 2022, at 9:00 a.m., in Spokane**, Washington.

(a) All additional motions shall be filed and served no later than **August 22, 2022**.

ORDER - 5

  (b) Responses shall be filed and served no later than **August 29, 2022**.

 9. All time from the filing of Defendant's Motion to Exclude Alleged Dark Web Messages and Websites on July 1, 2022, to the date of the hearing on July 20, 2022, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

 10. The following procedures shall be utilized at trial:

  (a) The Court will conduct the majority of jury voir dire but allow counsel ten minutes to ask additional questions or to do a more in depth exploration of issues raised by the Court;

  (b) A total of 14 jurors will be selected, with the Government having 7 peremptory challenges and Defendant having 11 challenges. The challenges shall be exercised simultaneously;

  (c) Regular trial hours shall be from 8:30 a.m. to 12:00 noon, and 1:00 p.m. to 4:00 p.m. Monday through Thursday, the Court will recess trial on Friday, September 23, 2022, and may impose a different schedule on the following Friday if the trial will spill into October;

  (d) The jurors will be provided with notebooks for note-taking and a copy of the preliminary instructions;

  (e) Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

  (f) Examination of witnesses shall be limited to direct, cross, redirect and recross. Fed. R. Evid. 611(a);

  (g) Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

  (h) During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours; and

ORDER - 6

1    (i)    Counsel shall have the next witness to be called to testify available to avoid delay; and

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 25th day of July, 2022.

07-20-22

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7