Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Ronald C. Ilg, MD*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**DEFENDANT'S OBJECTIONS TO DRAFT PRESENTENCE INVESTIGATION REPORT** |

COMES NOW, Defendant Ronald C. Ilg, MD ("Dr. Ilg"), by and through his attorneys of record Carl J. Oreskovich and Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby submits the following Objections to the United States Probation Office's Draft Presentence Investigation Report ("PSR"). (*See* ECF No. 145.)

Defendant's Objections to
Draft PSR- Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## BACKGROUND

On August 10, 2022, Dr. Ilg pled guilty via Plea Agreement to "Counts 1 and 4 of the Superseding Indictment dated February 1, 2022, charging the defendant with Threats in Interstate Commerce in violation of 18 U.S.C. § 875(c)." (ECF No. 141 at 1.) As provided in the Plea Agreement: "Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case falls within a range of 60-96 months custody." (*Id*. at 3.) The Draft PSR does not oppose the Rule 11(c)(1)(C) resolution and provides a United States Sentencing Guidelines ("USSG") Range of 70-87 months. (*See* ECF No. 145 at 26.)

For Count 1, the parties agreed to a Base Offense Level of 12, and the following upward adjustments: 6 Levels for "conduct evidencing an intent to carry out the threat" pursuant to USSG § 2A6.1(b)(1); 2 Levels for "more than two threats" pursuant to USSG § 2A6.1(b)(2)(A); 4 Levels for "a substantial expenditure of funds to respond to the offense" pursuant to USSG § 2A6.1(b)(4); and 2 Levels for "obstructing or impeding the Administration of Justice" pursuant to USSG § 3C1.1. (ECF No. 142 at 11-12.) For Count 4, the parties agreed to a Base Offense Level of 12, and the following upward adjustments: 6 Levels for "conduct evidencing an intent to carry out the threat"

Defendant's Objections to
Draft PSR- Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

pursuant to USSG § 2A6.1(b)(1); 2 Levels for "more than two threats" pursuant to USSG § 2A6.1(b)(2)(A); 2 Levels as the offense "involved the violation of a court protection order" pursuant to USSG § 2A6.1(b)(3); 4 Levels for "a substantial expenditure of funds to respond to the offense" pursuant to USSG § 2A6.1(b)(4); and 2 Levels for "obstructing or impeding the Administration of Justice" pursuant to USSG § 3C1.1. (ECF No. 142 at 12.) The parties also agreed "that Defendant's combined adjustment offense level is 30." (*Id*. at 12.) Further, the Plea Agreement provides that "[t]he United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a)(b)." (*Id*. at 13.)

Based upon the foregoing, Dr. Ilg does not object to the Total Offense Level of 27. (*See* ECF No. 145 at 17.) Rather, Dr. Ilg objects to the irrelevant factual background contained in the Draft PSR and explicitly reserves the right to argue for 60 months at the time of sentencing pursuant to the Plea Agreement.

## **STANDARD OF REVIEW**

Pursuant to clear Ninth Circuit authority, "a trial court violates a defendant's due process rights by <u>relying upon materially false or unreliable information at sentencing</u>." *United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995); *accord United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995). In

Defendant's Objections to
Draft PSR- Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

this vein, USSG § 6A1.3(a) provides that "the court may consider <u>relevant information</u> without regard to its admissibility under the rules of evidence applicable at trial, <u>provided that the information has sufficient indicia of reliability to support its probable accuracy</u>." In other words, "[u]nreliable allegations shall not be considered." USSG § 6A1.3, *Comment*; *accord United States v. Juwa,* 508 F.3d 694, 701 (2d Cir. 2007) ("'[f]actual matters considered as a basis for sentence must have some minimal indicium of reliability beyond mere allegation'").

In general, "the preponderance of the evidence standard is sufficient to satisfy due process at sentencing." *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997). However, "'when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction'" the Court should apply a higher standard. *Morrison*, 113 F.3d at 1021 (quoting *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir. 1991)). In this vein, "[a]n evidentiary hearing may sometimes be the only reliable way to resolve disputed issues." USSG § 6A1.3, *Comment*. Upon objection, the Government bears the burden of establishing a disputed fact. *See United States v. Showalter*, 569 F.3d 1150, 1160 (9th Cir. 2009) ("when a defendant raises objections to the PSR, <u>the district court is obligated to resolve the factual dispute, and</u>

Defendant's Objections to
Draft PSR- Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

the government bears the burden of proof."). At the time of sentencing, the Court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

A criminal defendant should only be sentenced based upon "relevant conduct." *See* USSG § 1B1.3; *accord United States v. Booker*, 543 U.S. 220, 250 (2005) ("Congress' basic statutory goal—a system that diminishes sentencing disparity—depends for its success upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction."). In turn, "[r]elevant conduct is defined as 'all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction.'" *United States v. Wright*, 373 F.3d 935, 945 (9th Cir. 2004) (quoting USSG § 1B1.3(a)(1)). As such, acts unrelated to the offense of conviction[1] do not constitute "relevant conduct" for sentencing purposes. *See*

---

[1] What encompasses "relevant conduct" is necessarily increased based upon a criminal conspiracy and/or "jointly undertaken criminal activity." *See* USSG § 1B1.3(a)(1)(B).

Defendant's Objections to
Draft PSR- Page 5

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

*United States v. Caplett*, 338 Fed. Appx.[2] 571, 572 (9th Cir. 2009) ("[Defendant's] methamphetamine use following his escape was not relevant conduct to the offense of conviction, assaulting a federal officer."); *accord United States v. Montalvo*, 467 F. Supp. 3d 136, 145 (W.D.N.Y. 2020) ("A murder is not relevant conduct to a drug conspiracy under the Guidelines merely because the murder was within the time frame of the conspiracy."), *aff'd*, 2022 WL 4282145 (2d Cir. Sept. 16, 2022).

If the Court deems mere allegations "relevant conduct" for purposes of sentencing, "the defendant <u>must be given an adequate opportunity to explain or rebut information relating to uncharged or unconvicted conduct</u>." *United States v. Bluske*, 969 F.2d 609, 615 (8th Cir. 1992); *accord United States v. Berzon*, 941 F.2d 8, 16-17 (1st Cir. 1991).

## **SPECIFIC OBJECTIONS**

Dr. Ilg hereby submits the following Objections to the below identified Paragraphs of the PSR:

- **Paragraph 36:** According to the PSR, "[i]n the defendant's yard, law enforcement located concrete holes leading to a concrete room, consistent

---

[2] Unpublished and/or out-of-jurisdiction cases offered for nonbinding, persuasive purposes only. *See* LCivR 7(g)(2).

Defendant's Objections to
Draft PSR- Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

with the holes Witness 1 would later report the defendant had left her in as punishment." (ECF No. 145 at p. 10.) This Paragraph also refers to "a consensual slavery contract" that Witness 1 alleged Dr. Ilg "forced her to sign." (*Id*.) First, the allegations in Paragraph 36 do not constitute "relevant conduct" to the charges for which Dr. Ilg pled guilty or those dismissed pursuant to the Plea Agreement. Second, to the extent the Court considers these allegations, Dr. Ilg has the right to submit evidence at the time of sentencing to provide complex context regarding his relationship with Witness 1.

- **Paragraph 38:** In this Paragraph, the PSR alleges that while Dr. Ilg was in the hospital on April 15, 2021, law enforcement overheard a conversation where Dr. Ilg allegedly asked the caller "Do I tell the attorney the story I started with, or do I tell him everything and say what do I do?" (ECF No. 145 at 10.) Dr. Ilg objects to the extent this allegation only purports to reflect one end of the conversation and does not provide complete context regarding the discussion. Furthermore, this allegation is not "relevant conduct" for purposes of the crime(s) of conviction.

- **Paragraph 39:** This Paragraph indicates, "[w]hen agents conducted a search of the defendant's phone, they found numerous searches for dark

Defendant's Objections to
Draft PSR- Page 7

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

web and related websites and websites for purported hitmen." (ECF No. 145 at 10.) However, Paragraph 52 states that "a forensic analysis of Mr. Ilg's phone <u>had negative results</u> and it appeared the device <u>had been wiped</u>." (*Id*. at 13.) Dr. Ilg respectfully requests clarification regarding Paragraph 39 and objects to the extent it is unsupported by evidence.

- **Paragraph 42:** As indicated in the PSR, Victim 1 told law enforcement "that the defendant was openly having an affair while he was Victim 1's supervisor and there had been <u>a rumor</u> that the defendant invited a minor into his bed with his wife." (ECF No. 145 at 11.) According to the PSR, these mere "allegations" were from "18 months" before Dr. Ilg was fired (*i.e.*, approximately June 2019). (*Id*.) Dr. Ilg objects to these false and unreliable allegations, predicated upon a mere "rumor." Moreover, even if the Government could establish the veracity of said allegations, they would not constitute "relevant conduct" for the crime(s) of conviction.

- **Paragraph 43:** This Paragraph indicates that Witness 1 stated Dr. Ilg "put her in a cistern/hole in his yard as punishment because she would not initially sign the [slave] contract," was a "monster," used a "cattle prod" on her, and had "drugged her drinks in the past." (ECF No. 145 at 11.) Dr. Ilg hereby incorporates the above Objections regarding Paragraph 36. If these

Defendant's Objections to
Draft PSR- Page 8

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

allegations were deemed "relevant conduct" for sentencing, a substantial portion of the sentencing hearing would likely be reduced to "he said, she said" arguments regarding Dr. Ilg's relationship with Witness 1.

- **Paragraph 44:** This Paragraph indicates that "[p]olice were able to recover text messages sent by Witness 1 during the time she was with the defendant in Mexico." (ECF No. 145 at 11.) Dr. Ilg objects to the extent these messages have not been previously provided in discovery. As such, these messages should be either produced or identified with particularity if relied upon for purposes of the final PSR.

- **Paragraph 46:** As indicated therein, Victim 2 told law enforcement "Witness 1 <u>told her</u> the defendant had contacted Victim 2's brother who is a heroin addict, and <u>Victim 2 believed</u> the defendant was going to try to plan drugs on her." (ECF No. 145 at 12.) This Paragraph also indicates, "Victim 2 <u>also believed</u> the defendant gave her Xanax without her knowing and the defendant's prior wife said he had drugged her as well." (*Id*.) Dr. Ilg objects as these are false allegations, predicated upon various levels of mere hearsay. Furthermore, these allegations in no way constitute "relevant conduct" for the crime(s) of conviction.

Defendant's Objections to
Draft PSR- Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

- **Paragraph 47:** This Paragraph indicates that "Victim 2 reported the defendant forced her to sign a dominant/submissive contract." (ECF No. 145 at 12.) Dr. Ilg hereby incorporates his above Objections to Paragraphs 36 and 43.

- **Paragraph 48:** As indicated in the Draft PSR, "agents located a video that depicted the defendant" engaged in alleged lewd conduct near his minor child, "who appears to be asleep." (ECF No. 145 at 12.) According to the Draft PSR, this alleged conduct "gave law enforcement concern regarding the safety of the defendant's son, as well as an indication of how reckless the defendant had become." (*Id*.) Dr. Ilg objects as these allegations are wholly irrelevant to the crime(s) of conviction and do not constitute "relevant conduct" under any reasonable interpretation thereof.

- **Paragraph 50:** In this Paragraph, the Draft PSR indicates that a prior babysitter for Dr. Ilg's family, indicated that "<u>from March through July 2018</u>," Dr. Ilg "made inappropriate sexual comments and <u>sent her text messages with sexual scenarios</u>." (ECF No. 145 at 12.) Dr. Ilg objects to these allegations are completely irrelevant and unrelated to "relevant conduct" for the crime(s) of conviction. Additionally, these purported messages from 2018 were previously used by the Government to

Defendant's Objections to
Draft PSR- Page 10

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

corroborate the Coinbase Search Warrant. (*See* ECF No. 106 at 8 ("the FBI corroborated that Defendant openly had discussed kidnapping his estranged wife in a text message with Defendant's nanny."). The irony of the use of these purported messages as a sword (to prejudice Dr. Ilg at sentencing) and as a shield (to corroborate the Search Warrant) cannot be understated. (*See id*.)

- **Paragraph 51:** This Paragraph contains a recitation of a correspondence Dr. Ilg sent to Witness 1. (*See* ECF No. 145 at 12.) Dr. Ilg objects to the extent the language of the correspondence speaks for itself.

- **Paragraphs 52-58:** These Paragraphs of the Draft PSR purport to contain a "[s]ummary of text messages recovered" between Dr. Ilg and Witness 1. (ECF No. 145 at 13-14.) As indicated in the Draft PSR, "[t]here were tens of thousands of messages, so <u>only a small sampling of these messages</u>" were detailed to "provide <u>insight into the relationship</u> between Mr. Ilg and Witness 1." (*Id*. at 13.) The Draft PSR argues that these messages "discuss physically harming Witness 1," document "blackmail type behavior," and generally document Dr. Ilg's alleged abusive relationship involving Witness 1 from the timeframe of June through November 2020. (*Id*. at 13-14.) First, Dr. Ilg objects as these purported messages are taken

Defendant's Objections to
Draft PSR- Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

out of context and have not previously been identified for the Defense. In this vein, specific dates and times should be stated with specificity and the messages provided. Second, as these messages purport to document Dr. Ilg's relationship with Witness 1 from approximately June through November 2020, they provide no information whatsoever regarding "relevant conduct" for the crime(s) of conviction or even the previous tampering with a witness charge. To the extent the Court determines these messages should be considered for sentencing, Dr. Ilg has the right to provide evidence to contradict the messages or place them in context. Finally, Dr. Ilg objects to the extent this portion of the Draft PSR appears to provide advocacy regarding irrelevant information as opposed to a neutral analysis of the pertinent factual background. *See, e.g., United States v. Sifuentez,* 30 F.3d 1047, 1049 (9th Cir. 1994).

- **Paragraphs 59-61:** As indicated in the Draft PSR, "[m]essages between Victim 2 and Witness 1 were also recovered." (ECF No. 145 at 14.) According to the Draft PSR, these purported messages indicate that Dr. Ilg "drugged" them both, Dr. Ilg "loves humiliation and torturing," and that "Witness 1 reiterates that the relationship is toxic and she wants out." (*Id.*) Dr. Ilg hereby incorporates his previous Objections to Paragraphs 52-58.

Defendant's Objections to
Draft PSR- Page 12

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Furthermore, based upon the Defense's previous analysis of a download of Witness 1's phone provided by the Government, messages between Witness 1 and Victim 2 from at least March 2021 were not recoverable. At the very least, Dr. Ilg requests discovery and identification of all messages if they remain in the PSR (despite their irrelevance).

- **Paragraphs 111-112:** This portion of the Draft PSR provides information regarding Dr. Ilg's "difficulties at work," that he "would ultimately be demoted and his mental health began to suffer through all of this," and that his "life was spinning out of control." (ECF No. 145 at 20.) Dr. Ilg objects to the extent the Draft PSR does not contain complete information regarding the circumstances surrounding the crime(s) of conviction and relevant aspects of his mental health. Furthermore, Dr. Ilg objects to the extent the Draft PSR indicates that "Victim 2 became physically aggressive," but does not provide complete relevant information. (*Id.*)

- **Paragraph 113:** This Paragraph of the Draft PSR indicates that Dr. Ilg explained that the "submissive/dominant lifestyle" with Victim 2 and Witness 1 was "Biblically based, and both of these women preferred this type of relationship where he was the dominant person and they were submissive." (ECF No. 145 at 2.) First, the "submissive/dominant

Defendant's Objections to
Draft PSR- Page 13

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

lifestyle" is completely irrelevant to the crime(s) of conviction and should not constitute "relevant conduct." Inclusion of such irrelevant information would create a "he said, she said" situation regarding the scope of the relationship(s) at the time of sentencing. Second, to the extent the Court determines that such information may be considered for sentencing purposes, Dr. Ilg has the right to provide additional information so the Court has a complete picture of the relationship(s).

- **Paragraphs 115-116:** These Paragraphs discuss Dr. Ilg's engagement to "Isabella Bower" as documented in an "online publication by the Daily Beast from September 26, 2022." (ECF No. 145 at 21.) Not only is this information irrelevant, but the language of the Daily Beast article speaks for itself and should be consulted as opposed to a recitation thereof.

- **Paragraphs 119-123:** These Paragraphs purport to document Dr. Ilg's "Mental and Emotional Health." (ECF No. 145 at 21-22.) Dr. Ilg reserves the right to supplement and complete the information contained therein to provide a complete picture for purposes of sentencing.

- **Paragraphs 126-128:** This portion of the Draft PSR reflects Dr. Ilg's "Employment Record." (ECF No. 145 at 23.) Dr. Ilg objects to the extent

Defendant's Objections to
Draft PSR- Page 14

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

further aspects of his professional background are contained within his *Curriculum Vitae* ("CV"), which will be provided prior to sentencing.

- **18 U.S.C. § 3553 Factors:** The Draft PSR recites various factors pursuant to 18 U.S.C. § 3553, but recommends a USSG Range of 70-87 months. (*See* ECF No. 145 at 25-26.) Dr. Ilg reserves the right to argue for a 60-month sentence pursuant to the Plea Agreement and the 18 U.S.C. § 3553 factors at the time of sentencing.

- **USSG § 5K2.8 Upward Departure:** Finally, the Draft PSR indicates that the Court "may wish to consider" an upward adjustment pursuant to USSG § 5K2.8 ("Extreme Conduct") at the time of sentencing. (ECF No. 145 at 26.) Pursuant to USSG § 5K2.8, "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct." Further, "[e]xamples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." USSG § 5K2.8. In support of this position, the Draft PSR indicates such a departure "may" be warranted based upon "the types of torture and violence [Dr. Ilg] <u>wanted</u> inflicted upon Victim 2 in particular, to include a prolonged period of being held hostage and injection with

Defendant's Objections to
Draft PSR- Page 15

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

heroin, as well as the infliction of emotional trauma and use of blackmail." (ECF No. 145 at 26.) Nevertheless, this does not rise to the level of "extreme conduct" and USSG § 5K2.8 is inapplicable to intended conduct that did not come to fruition. *See United States v. Luscier*, 983 F.2d 1507, 1513 (9th Cir. 1993) (upward adjustment inapplicable when "[Defendant] committed the assaults while in a drug- and alcohol-induced fog. He threatened to harm the victims and repeatedly pierced the door with a sharpening steel. The victims, however, escaped quickly and without physical injury."); *but see United States v. Roston*, 986 F.2d 1287, 1293 (9th Cir. 1993) (upward adjustment applicable when defendant "killed his wife of nine days" and "saw fit to physically assault her, beat her, choke her into unconsciousness and throw her body into the sea . . . knowing, as he must have known, that she was certain to parish").

## **CONCLUSION**

Based upon the foregoing, Dr. Ilg respectfully Objects to the above-identified provisions of the Draft PSR. Additionally, Dr. Ilg anticipates submitting a Motion to Continue the Sentencing Hearing and Associated Deadlines. As such, Dr. Ilg reserves the right to make further, additional, or supplemental Objections to the full extent allowed by law and equity.

Defendant's Objections to
Draft PSR- Page 16

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

RESPECTFULLY SUBMITTED this 18th day of October, 2022.

By: /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Ronald C. Ilg, MD*

Defendant's Objections to
Draft PSR- Page 17

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record in this matter. I also certify that I emailed a copy of this document to United States' Probation Officer Cassie Lerch at Cassie_Lerch@waep.uscourts.gov.

EXECUTED in Spokane, Washington this 18th day of October, 2022.

By: /s/ Andrew M. Wagley
Andrew M. Wagley

Defendant's Objections to
Draft PSR- Page 18

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100