Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Ronald C. Ilg, MD*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RONALD CRAIG ILG,<br><br>　　　　　　Defendant. | Case No. 2:21-cr-00049-WFN<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br><u>Sentencing Hearing:</u><br>　January 24, 2023 at 10:00 am |

COMES NOW, Defendant RONALD CRAIG ILG, by and through his attorneys of record, Carl J. Oreskovich and Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby respectfully submits the following Sentencing Memorandum.

This Sentencing Memorandum is supported by the previous Forensic Psychological Evaluation of Michael Stanfill, Ph.D, as well as the recent

Defendant's Sentencing
Memorandum- Page  1

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

Clinical Treatment Summary by Jennifer Van Wey, Psy.D.[1]  As indicated fully below, Dr. Ilg respectfully requests the Court sentence him to sixty months confinement on the low end of the Rule 11(c)(1)(C) Plea Agreement based upon his individual characteristics, his underlying mental health conditions attributing to his criminal behavior, and his powerful significant fall from grace.

## BACKGROUND

Before the Court for sentencing is Defendant Ronald C. Ilg, MD ("Dr. Ilg").  On August 10, 2022, Dr. Ilg pled guilty to two counts of Threats in Interstate Commerce in violation of 18 U.S.C. § 875(c).  (*See* ECF No. 142.)  Pursuant to the Rule 11(c)(1)(C) Plea Agreement, "the United States and Defendant agree that the appropriate disposition of the case falls within a range of 60-96 months custody" and "agree to make sentencing recommendations within this range to the Court."  (*Id.* at 3.)  Dr. Ilg hereby expressly incorporates Defendant's Objections to Draft Presentence Investigation Report as if restated verbatim herein.  (*See* ECF No. 146.)

---

[1] The Forensic Psychological Evaluation of Dr. Stanfill (hereinafter "Stanfill Report") has previously been filed under seal. (ECF No. 66.)  Similarly, the Clinical Treatment Summary of Dr. Van Wey (hereinafter "Van Wey Report") is accompanied by a Motion to Seal.  Although Dr. Ilg seeks to have these Reports filed under seal, the excerpts quoted in this brief are the conclusions reached, as opposed to specific private medical details.

Defendant's Sentencing
Memorandum- Page  2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

By way of background, Dr. Ilg was born in Bellingham, WA and is the sixth of eight children. Dr. Ilg grew up in a small, farming community in the Willamette Valley of Oregon and attended Western Oregon State College. He graduated from Oregon Health Sciences University School of Medicine in 1994. Following a Pediatric Residency and Perinatal-Neonatal Fellowship Program in Portland, Dr. Ilg moved to Spokane in 2003 to practice Neonatology. He is Board Certified in Pediatrics and Neonatology. As a Neonatologist in Spokane, Dr. Ilg has worked at Deaconess Hospital and Sacred Heart Medical Center, including serving as the Director of the Deaconess Intensive Care Unit, ("ICU") and managing member of his medical group. Dr. Ilg held many professional certifications, including dual Board Certifications in Pediatrics and Neonatal-Perinatal Medicine.

In addition to being a practicing physician, Dr. Ilg previously volunteered as Executive Director and Chief Medical Officer of Maddie's Place, a nonprofit focused on medical care for drug dependent newborns and their mothers. Prior to his arrest, he was also a member of the choir at St. Aloysius Gonzaga Catholic Church and the Mount Spokane Volunteer Ski Patrol, serving as their Medical Director. Furthermore, Dr. Ilg owns his home, as well as, a cherry orchard in Walla Walla, WA with his ex-wife, Correna Cockrill.

Defendant's Sentencing
Memorandum- Page  3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Importantly, Dr. Ilg has no criminal history. He has substantial ties to the community, including his ex-wife Corrina and two sons, who all live in the Eastern District of Washington. Prior to his arrest, Dr. Ilg resided at his current home in Spokane since 2003. Dr. Ilg has been in custody at the Spokane County Jail since April 16, 2021—almost two years.

Dr. Ilg has accepted responsibility for his crimes and the impact on the victims. He is remorseful for his actions and the turmoil he has caused. Separate and apart from this criminal action, Dr. Ilg's actions have sparked multiple collateral consequences that have further destroyed his life. This includes, but is not limited to, the loss of custody and contact with his young son (mothered by Victim 2), actions against his medical license by disciplinary action instituted by the Washington Medical Commission ("WMC"), and the loss of his professional reputation and career.

The impetus of Dr. Ilg's criminal action started with mental health issues stemming from his wrongful discharge from his former practice group, Mednax, along with external, personal stressors in his life. Prior to his termination, Dr. Ilg helped grow and expand the practice group, serving as a managing member in addition to practicing Neonatology full time. In Spring 2019, Dr. Ilg was the subject of a baseless human resources ("HR") investigation by his employer,

Defendant's Sentencing
Memorandum- Page  4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Mednax, ultimately targeting Dr. Ilg's sexual identity and personal lifestyle. The nature of the questions and investigation destroyed his reputation within the group and eventually the medical community. The destruction of Dr. Ilg's reputation, professional career, and personal life led him to a severe depression. He went on medical leave.

Upon Dr. Ilg's return from medical leave, he was stripped of his role as the Corporate Medical Director and ostracized by the group (Mednax) that he formerly led. In addition to the baseless HR investigation, Dr. Ilg was the subject of false accusations that he carried a loaded handgun in the hospital and threatened individuals. In less than twelve months, Dr. Ilg's nearly twenty years of a pristine medical career was destroyed. He was then terminated in December 2020 which led to further emotional devastation and despair.

During the midst of Dr. Ilg's psychological unravelling, Victim 2 initiated divorce proceedings against him. Throughout the final year of their marriage, Dr. Ilg was subjected to violent outbursts and assaulted by Victim 2, but the criminal charges against her were ultimately dropped. Dr. Ilg found himself in a contentious divorce, which caused him to further sprial. He was isolated, deeply depressed, and was desperately attempting to salvage his reputation, career, and family.

Defendant's Sentencing
Memorandum- Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

In an effort to deal with his mental health, Dr. Ilg began mental health treatment with Dr. Van Wey in December 2019, following a referral by the Washington Physician's Health Program ("WPHP"). (Van Wey Report at p. 1.) Dr. Van Wey diagnosed Dr. Ilg with "Adjustment Disorder with Depressed Mood and Anxiety." (*Id*.)  Upon initial treatment, Dr. Van Wey indicates that Dr. Ilg "described being so negatively impacted by an HR investigation at his job" and presented with "depressed mood, excessive worries, restlessness, physical tension, racing thoughts, and apathy." (*Id*.)  Dr. Van Wey opines that Dr. Ilg's "mental health got progressively worse during this time [prior to December 2020] due in part to persistent employment stressors and the unfolding of new and serious interpersonal stressors." (*Id*.)  Dr. Van Wey further provides that "by late winter and early spring 2021, Dr. Ilg was fired, facing divorce and an anti-harassment order, financial loss, and loss of social connections," which caused his mental health to further deteriorate. (*Id*. at p. 2.)

Ultimately, Dr. Van Wey opines:

> When faced with employment stressors, . . . maladaptive emotional and cognitive reactions related to narcissistic personality features, depression, and anxiety emerged because he had never faced such a massive accumulation of stressors in areas that were most important to him before. . . .  His view of the world and others as hostile and 'against him' clouded his ability to constructively solve his problems and his need to maintain a controlled outward image was

Defendant's Sentencing
Memorandum- Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

no match for the level of stress he faced. These cognitive patterns were part of the reason he sought counseling in the first place—his resources were overwhelmed by his circumstances.

(Van Wert Report at p. 2.)

Nevertheless, Dr. Van Wey indicates that Dr. Ilg "readily engaged in counseling and identified treatment goals." (Van Wey Report at p. 1.) Dr. Van Wey indicates that during their sessions, Dr. Ilg "often shared what seemed to be uncomfortable and embarrassing parts of his psychological dynamics and behaviors" and "confronted core internal; **dynamics of perfectionism**, feelings of inadequacy and insecurity, and **compulsive need for control**." (*Id*. at p. 2.) Dr. Van Wey concludes that his "history of cooperation in therapy suggests that Dr. Ilg will not only engage in future treatment opportunities but benefit from it so as to promote emotional stability and transition to a low stress life" following his release from prison. (*Id*. at p. 3.)

Previously in support of Dr. Ilg's unsuccessful request(s) for pretrial release, he was evaluated by Dr. Stanfill. Dr. Stanfill opined that Dr. Ilg does not pose a substantial danger of harming others based upon the Violence Risk Appraisal Guide, Revised Version ("VRAG-R"), a validated and commonly-accepted actuarial measure, along with the Psychopathy Checklist-Revised ("PCL-R"). (Stanfill Report at pp. 3-4.) Dr. Stanfill concluded that Dr. Ilg's

Defendant's Sentencing Memorandum- Page 7

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

"alleged actions . . . were not the result of a psychopathic outlook or propensity towards violence," but rather "were strongly driven and influenced by various other external contributing factors (e.g., loss of work, separation from wife and child, etc.)." (*Id.* at p. 4.) Additionally, Dr. Stanfill indicated that "Dr. Ilg [has] few psychosocial risks associated with well-researched criminogenic risk factors closely tied to recidivism" and had favorable scores on the Level of Services Inventory, Revised Versions ("LSI-R"). (*Id.* at p. 7.) Finally, Dr. Stanfill opines that "Dr. Ilg should resume regular therapy," as he had "previously benefited from this intervention." (*Id*. at p. 9.)

Should the Court accept the Rule 11(c)(1)(C) Plea Agreement, the only substantive issue is Dr. Ilg's sentence between 60-to-96 months confinement. Dr. Ilg respectfully requests to be sentenced to 60 months.

## POINTS & AUTHORITIES

Title 18, Section 3553(a) directs that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Court shall consider the "nature and circumstances of the offense <u>and the history and characteristics of the defendant</u>." 18 U.S.C. § 3553(a)(1). The Court shall also consider the need for the sentence imposed:

Defendant's Sentencing
Memorandum- Page  8

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Pursuant to the "remedial regime" established in *United States v. Booker*, 543 U.S. 220 (2005), the "Guidelines are no longer mandatory but are only advisory." *United States v. Carty*, 520 F.3d 984, 990 (9th Cir. 2008). Nevertheless, the Guideline Range is still "'the starting point and the initial benchmark.'" *Carty*, 520 F.3d at 991 (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). However, the Court "may not presume that the Guidelines range is reasonable," and the factors contained in 18 U.S.C. § 3553(a) are the overarching guide in the Court's determination. *Carty*, 520 F.3d at 991; *United States v. Ruff*, 535 F.3d 999, 1003 (9th Cir. 2008); *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008). The individual characteristics of Dr. Ilg and the 3553 factors warrant a sentence of sixty months confinement.

**A. Individual Characteristics of Dr. Ilg.**

Pursuant to 18 U.S.C. § 3553(a)(1), the Court shall consider "the history and characteristics of the defendant." Here, the Court is sentencing a former,

Defendant's Sentencing
Memorandum- Page 9

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

extremely high functioning Neonatologist who suffered devastating loss of career, reputation and family. Dr. Ilg had a nearly twenty-year successful career caring for newborn children in Spokane, rising within his practice group to become its director, and volunteering with various organizations, including Maddie's Place, to give back to the community he served as a physician. He saved the lives of many infants throughout his career.

As indicated above, work-related and personal stressors caused a mental health crisis with Dr. Ilg. Despite seeking professional help from Dr. Van Wey and the WPHP, Dr. Ilg spiraled out of control. In the timeframe immediately leading up to the commission of his crimes, Dr. Ilg had lost his career, his reputation, and his family. Although nothing excuses Dr. Ilg's criminal conduct, the impetus of his fall from grace is crucial as his conduct did not occur in a vacuum.

Dr. Ilg is extremely remorseful for his actions and will face the consequences of his conduct for the rest of his life. He was so utterly remorseful that he attempted suicide in the days immediately proceeding his arrest. A sentence of sixty months confinement is warranted based upon the individual characteristics of Dr. Ilg. *See* 18 U.S.C. § 3553(a)(1).

///

Defendant's Sentencing
Memorandum- Page 10

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

B. **Seriousness of the Offense, Respect for the Law, and Just Punishment.**

Pursuant to 18 U.S.C. § 3553(a)(2)(A), the Court must consider the need of the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The crimes for which Dr. Ilg will be sentenced are undoubtedly serious offenses. However, as indicated above, Dr. Ilg's criminal conduct did not happen in a vacuum and was following severe personal and employment stressors in his life.

Similarly, Dr. Ilg has already been incarcerated since April 2021 and will be subject to significant future prison confinement. In addition to imprisonment, Dr. Ilg is now a convicted felon, no longer has contact with his toddler son, and will likely lose his medical license and career. Respect for the law does not arise by virtue of harsh sentences, but rather when the Court fashions a sentence that is just considering all the pertinent circumstances. As such, a sentence of sixty months is a just punishment based upon the seriousness of the offense and to promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A).

C. **Specific and General Deterrence of Future Criminal Conduct.**

Pursuant to 18 U.S.C. § 3553(a)(2)(B), the Court must consider the need of the sentence "to afford adequate deterrence to criminal conduct." However, deterrence does not necessarily even require a period of incarceration. *See*

Defendant's Sentencing
Memorandum- Page 11

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

*United States v. Edwards*, 595 F.3d 1004, 1016 (9th Cir. 2010) (law "does not require the goal of general deterrence be met through a period of incarceration"). As it relates to specific deterrence, sixty months confinement is a significant amount of time for a former-physician in his late-50s with no criminal history. For general deterrence, Dr. Ilg has been in custody since April 2021, pled guilty to two felony crimes, and society would be incorrect if sixty months were viewed too lenient. A sentence of sixty months would provide adequate deterrence for Dr. Ilg's conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

### D. Protection of the Public From Further Crimes of Dr. Ilg.

Pursuant to 18 U.S.C. § 3553(a)(2)(C), the Court must consider the need of the sentence "to protect the public from further crimes of the defendant." As an individual with no criminal history, Dr. Ilg's confinement at his age and with his professional background is undoubtedly more difficult than most convicts. Additionally, as indicated above both Dr. Van Wey and Dr. Stanfill generally indicate that Dr. Ilg is at a low rate for recidivism if he continues professional counseling. From a practical standpoint, Dr. Ilg is currently fifty-six years old. Following a sixty-month prison sentence (and with credit for time served), Dr. Ilg would be almost sixty years old upon his release. As such, a sentence of

Defendant's Sentencing
Memorandum- Page 12

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

sixty months is adequate to protect the public from potential future crimes based upon Dr. Ilg's low risk of recidivism.  *See* 18 U.S.C. § 3553(a)(2)(C).

## CONCLUSION

Based upon the foregoing, Dr. Ilg respectfully requests that this Court accept the Rule 11(c)(1)(C) Plea Agreement and sentence him to sixty months.

RESPECTFULLY SUBMITTED this 12th day of January, 2023.

          ETTER, McMAHON, LAMBERSON,
          VAN WERT & ORESKOVICH, P.C.


          By:  /s/ Carl J. Oreskovich
             Carl J. Oreskovich, WSBA #12779
             Andrew M. Wagley, WSBA #50007
             *Attorneys for Defendant Ronald C. Ilg, MD*

Defendant's Sentencing
Memorandum- Page  13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury of the laws of the United States and the State of Washington that on the 12th day of January, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send electronic service to all attorneys of record.

EXECUTED this 12th day of January, 2023 in Spokane, WA.


      By: /s/ Jodi Dineen
          Jodi Dineen

Defendant's Sentencing
Memorandum- Page 14

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100