Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Patrick J. Cashman
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No. 2:21-CR-0049-WFN-1<br><br>United States' Response to Defendant's Sentencing Memorandum |

The United States of America, by and through United States Attorney Vanessa R. Waldref and Assistant United States Attorneys Richard R. Barker and Patrick J. Cashman, submits this response to Defendant's sentencing memorandum. As set forth herein, the United States reiterates the appropriate sentence in this case is 96 months of incarceration, $30,966 in restitution, a fine of $250,000, and thirty-six months of supervised release. A sentence of anything less is not justice to the victims of Defendant's egregious crimes.

## DISCUSSION

Defendant, by all accounts, is a "narcissist" with a "compulsive need for control." ECF No. 154 at A at 3 (Defendant's latest psychological report). When he loses control, Defendant lashes out, demonstrating "inappropriate, intense, impulsive anger." *Id.* at 2. That is precisely what happened in this case: Defendant lost control

United States' Sentencing Memorandum – 1

over his ex-wife and did whatever he could to maintain his failed marriage – verbally harassing his ex-wife, stalking her, putting GPS monitors on her car, attempting to bribe her, and ultimately seeking a hitman to kidnap her, inject her with drugs, and threatening her family – all so she would return to Defendant. *See generally* ECF No. 145.

Contrary to his sentencing memorandum, Defendant has not exhibited "extreme[] remorse[] for his actions." ECF No. 153 at 10. As recently as November 4, 2022, Defendant discussed selling the rights to *his* story and seeking financial gain based on what Defendant did to *his* victims. ECF No. 156 at Ex. H. This is not remorse; rather, it exhibits the same narcissism and need for control that led Defendant to commit his crimes in the first place. In fact, while Defendant has been ordered by this Court to refrain from contacting the witnesses and victims in this case, his prior cellmates and his current paramour/fiancé have contacted Witness 1 subsequent to the Court's no contact order. *See* ECF No. 156 at 10-11. The notion these individuals obtained a complete stranger's private telephone number or email address and reached out to this stranger on their own volition, without being asked or prompted by the Defendant to do so, is not credible. In short, Defendant has demonstrated a complete disrespect for his victims and for this Court's orders.

Next, contrary to the arguments in his Sentencing Memorandum, Defendant has further demonstrated that he continues to be a danger to the community and his victims. According to Defendant, he does not present any danger based on a clinical treatment summary from a psychologist that last examined Defendant nearly two years ago. *See* ECF No. 154 at A. Defendant also relies on a 2021 Forensic Psychological Evaluation, which concluded based on a two-hour interview that Defendant demonstrates "few psychological risks associated with well-researched criminologic risk factors closely tied to recidivism." ECF No. 153 at 7-8; ECF No. 66, Ex. A at 3. Significantly, neither of these psychologists addresses Defendant's history of

United States' Sentencing Memorandum – 2

domestic violence, harassment, and stalking behavior, as described by Defendant's victims and reflected in Defendant's text messages with Victim 2 and Witness 1. Defendant's psychologists also do no not address the specific allegations – to which Defendant has now admitted – of the harm Defendant sought to inflict on Victims 1 and 2. *See* ECF No. 153. Neither of these psychologists addresses Defendant's belief that his need to exert domination over women is somehow "Biblically based." *See* ECF No. at ¶ 146 at ¶14.

In citing to these specific psychologists, Defendant ignores the findings of his initial psychological assessment, funded by Defendant himself. ECF No. 47, Ex. A. That assessment, authored by Dr. Alexander Patterson, concludes that Defendant remains obsessed with Witness 1 and poses a risk of irrational and destructive behavior:

> While public embarrassment is difficult for anyone to endure, individuals like Dr. Ilg find it extremely distressing, as their self worth is dependent on their perception by others. Indeed, public humiliation could lead this type of individual, who had been previously been [sic] competent and controlled, to act in an uncharacteristically irrational and destructive manner.

*Id.* at 15. In fact, Defendant's own assessment further concluded:

> If [Defendant] did commit the crime alleged, it would indicate a capacity for extreme antisocial behavior which he had previously kept hidden or otherwise suppressed.

*Id.* at 16-17. Taking Defendant's own retained psychologist at his word, Defendant, who admitted to his crimes in August, clearly has the capacity for extreme antisocial and dangerous behavior.[1]

---

[1] Defendant further describes in his sentencing memorandum a "powerful significant fall from grace" stemming, according to Defendant, from his "wrongful discharge from his former practice group" and a "baseless human resources investigation by his employer." *Id.* at 4. The investigation by his former employer was not baseless. Rather, Defendant's former employer identified "multiple concerns" from members of Defendant's medical group. In fact, roughly half of the women who

United States' Sentencing Memorandum – 3

\* \* \* \* \*

Ultimately, Defendant seeks to explain away his crimes as a "fall from grace" resulting from personal embarrassment and a loss of control. *See generally* ECF No. 153. While Defendant understandably points to his career successes and contributions to the medical community, Defendant's history and characteristics actually support a significant sentence in this case. Many of the accused, who appear before this Court have lived lives of tragedy and have experienced upbringings involving abuse, drugs, and dysfunctional homes. Defendant on the other hand had almost every opportunity to be successful, and for a time he presented as a successful doctor in Spokane. When things did not go his way, however, and when Defendant lost control over his victims, Defendant demonstrated a capacity to commit atrocious crimes. These crimes caused extreme pain to his victims, and Defendant now exhibits little, if any, remorse. Seeking, instead, to profit from his crimes. Based on the factors in 18 U.S.C. § 3553(a), a sentence of 96 months is necessary in this case.

---

served in his practice group described Defendant as "verbally demeaning." Ex. 1 at 2 (describing comments from Defendant such as "I shouldn't have hired any women because they always want time with their family or time off" and "Well, I don't want to pay for your baby."). Based on Defendant's conduct toward women as well as other problems with Defendant's leadership, the investigation was deemed "partially substantiated," and Defendant was placed on a corrective action plan. *See generally* Ex. 1. He later was terminated.

United States' Sentencing Memorandum – 4

## CONCLUSION

The Government recommends the Court sentence Defendant to ninety-six months' incarceration, $30,966 in restitution, a $250,000 fine, and three years' supervised release. Such a sentence is sufficient, but not greater than necessary to promote the sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted this 18th day of January 2023.

    Vanessa R. Waldref
    United States Attorney

    *s/ Richard R. Barker*
    Richard R. Barker
    Patrick J. Cashman
    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

    *s/ Richard R. Barker*
    Richard R. Barker
    Assistant United States Attorney