## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>RONALD CRAIG ILG,<br><br>Defendant. | Case No.  2:21-CR-0049-WFN-1<br>**CRIMINAL MINUTES**<br><br>DATE:  JANUARY 24, 2023<br>LOCATION:  SPOKANE<br><br>**SENTENCING HEARING** |
|---|---|

| **Hon. Wm. Fremming Nielsen** | | |
|---|---|---|
| Joanna L. Knutson<br>**Courtroom Deputy** | Jon T. Burtard<br>**Law Clerk** | Allison R. Anderson<br>**Court Reporter** |
| Richard R. Barker  and  Patrick J. Cashman<br>**Government Counsel** | | Carl J. Oreskovich  and  Andrew M. Wagley<br>**Defense Counsel** |
| **United States Probation Officer:**  Cassandra M. Lerch | | |

[ X ] Open Court     [ ] Chambers     [ X ] Telecon

Defendant present in custody of United States Marshal with retained counsel.

Initial comments by Court advising he had reviewed all of the filings including the PSR, statements of witnesses and victims, letters from family and friends, and briefing of counsel.

Court inquired of counsel regarding an issue that arose late yesterday by Government counsel regarding acceptance of responsibility.  Mr. Barker confirmed the Court's statement and addressed the Court regarding whether Defendant should be given the third point for acceptance of responsibility, arguing against it.  Mr. Oreskovich addressed the Court on the issue of the third point for acceptance of responsibility and the effect that would have on the 11(c)(1)(C) Plea Agreement.  Mr. Oreskovich also addressed the Court on the issue of whether the letters submitted in the Government's filing yesterday should be stricken.

Court ruled on Defendant's objections as stated on the record.  Court confirmed with defense counsel that the Defendant had the opportunity to review the PSR and further queried Defendant as to whether he had any objections other than that already discussed; Defendant indicated he did not.  Court confirmed with Government counsel that they had no objections to the PSR.  The Court accepted the Presentence Investigation Report.

Mr. Oreskovich addressed the Court with his recommendation for resolution of this matter.  Mr. Barker addressed the Court with the Government's recommendation in this matter.  Court confirmed with Government counsel that he was making an oral motion to withdraw the one point for acceptance of responsibility; Mr. Barker indicated that he was.

Victim 1 addressed the Court; Amy Ruben, attorney of Witness 1, read a letter to the Court from Witness 1; Victim 2's father, Charles Phillips, addressed the Court; and Victim 2 addressed the Court.

**Recess:**     12:01 p.m. to 12:14 p.m.

| **Convened:**  10:01 a.m. | **Adjourned:**  1:22 p.m. | **Time:**  3:08 hr. | **Calendared**  [ N/A ] |
|---|---|---|---|

*United States –vs- Ronald Craig Ilg*                                    January 24, 2023
2:21-CR-0049-WFN-1                                                       Page 2
Sentencing Hearing

Court confirmed with Mr. Barker that he had completed his presentation. Mr. Barker made an oral motion to include the no contact order in the judgment with respect to Victims 1 and 2 and Witness 1.

Defendant addressed the Court on his own behalf.

The Court determined the applicable Guideline range and reviewed the 3553 factors. Court GRANTED Mr. Barker's oral motion to withdraw one point for acceptance of responsibility. Court ACCEPTED the parties' 11(c)(1)(C) Plea Agreement.

| | | |
|---|---|---|
| **Imprisonment:** | 96 | **Months Total – 48 Months each on Count 1S and Count 4S to be served CONSECUTIVE to one another** with credit for any time served |
| **Supervised Release:** | 3 | **Years on each Count CONCURRENT** with one another with standard conditions **plus special conditions:** |

- No communication or other interaction with Witness 1, Victim 1, or Victim 2, either directly or through another party without prior permission of Probation Officer
- If you pose a risk to another person or organization, the Probation Officer may require you to notify that person of the risk
- Prohibited from using any software or device designed to hide, alter, or delete records/logs of your computer use
- You must only use your true name and identifiers for purposes of establishing credit, screen names, utility services, etc.
- Mental health evaluation and treatment/counseling, if recommended
- Report any and all electronic communication service accounts to Probation Officer including logins and passwords and report any new accounts or changes to identifiers and/or passwords
- Search of person, vehicle, and residence
- Cooperate in the collection of DNA as directed by Probation Officer

**Fine:**                        **$100,000.00** interest waived
**Restitution:**             **$ 25,398.50 Total** (Victim #1: $15,600.00; Victim #2: $9,798.50]
**Special Assessment:**    $     200.00 – Inmate Financial Responsibility Program

Appeal rights waived by Plea Agreement including Defendant's right to file a post-conviction 2255 motion <u>except</u> one based upon ineffective assistance of counsel.

Defendant ordered to pay restitution in full within ten days.

Court GRANTED Government's oral motion for redaction of names from the transcript of Victim #1, Victim #2, Witness #1, and any minor names referenced by Defendant. Court also GRANTED Government's oral motion to dismiss Counts 2, 3, 5, 6, and 7 of the Superseding Indictment.