FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>RONALD CRAIG ILG,<br><br>                Defendant. | No.   2:21-CR-0049-WFN-1<br><br>ORDER |

     Now pending before the Court is Defendant Ronald Craig Ilg's 28 U.S.C. § 2255 Motion to Vacate Sentence. ECF No. 193. The Motion will be denied for the reasons stated below.

### Section 2255

     The Court may summarily dismiss a Section 2255 motion without sending it to the United States Attorney for response if the motion, file, and records "conclusively show that the movant is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings; *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

     To gain relief, Dr. Ilg must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Dr. Ilg meets the first two elements. To satisfy the third element, he argues he was convicted in violation of his Fourth Amendment right to be free of unreasonable search and seizure and his Sixth Amendment right to effective assistance of counsel. ECF No. 193. Dr. Ilg's Fourth Amendment claim is denied because it is not

ORDER - 1

cognizable under Section 2255. *See United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980). His Sixth Amendment claim is denied for the reasons explained below.

**Facts and Procedural History**

In April 2021, the British Broadcasting Company [BBC] obtained copies of messages Dr. Ilg sent over the dark web to a person Dr. Ilg believed to be a hitman. Dr. Ilg asked the purported hitman to seriously injure two women and agreed to pay him a large amount of cryptocurrency to do so. The BBC informed the FBI. The FBI was able to corroborate Dr. Ilg's motive and other details found in the dark web messages. The FBI also obtained information from a separate source indicating Dr. Ilg hired a hitman to harm one of the women identified in the dark web messages. Finally, the FBI confirmed Bitcoin payments consistent with those described in the dark web messages. Based on that information, the FBI got a search warrant for records held by Coinbase, Inc., identifying the owner of the account used to send Bitcoin to the purported hitman [the "Coinbase Warrant"]. Those records confirmed the account belonged to Dr. Ilg.

Dr. Ilg was charged with seven counts: Attempted Kidnapping, Attempted Damage to a Protected Computer, Tampering with a Witness, and two counts each of Threats in Interstate Commerce and Cyberstalking. ECF No. 80. He retained Carl Oreskovich and Andrew Wagley who litigated the case vigorously on his behalf. They filed many pretrial motions, *see* ECF No. 14, ECF No. 34, ECF No. 67, ECF No. 60, ECF No. 95, ECF No. 97, ECF No. 99, ECF No. 100, including, importantly, a motion to suppress evidence derived from the Coinbase Warrant, ECF No. 97. The motion to suppress evidence from the Coinbase Warrant was denied. ECF No. 118.

The parties made a Rule 11(c)(1)(C) plea agreement, ECF No. 142, and Dr. Ilg pled guilty to two counts of Threats in Interstate Commerce, ECF No. 80, ECF No. 143. The remaining five counts were dismissed on the Government's motion. The Court accepted the parties' agreement and sentenced Dr. Ilg to ninety-six months, ECF No. 186, which was the high end of the parties' agreed range, ECF No. 142 ¶4. Had Mr. Oreskovich and Mr. Wagley not obtained such a favorable agreement, Dr. Ilg very well could have been convicted of

ORDER - 2

additional crimes and sentenced to more than eight years. As part of that agreement, Dr. Ilg waived any further challenge to the Coinbase Warrant. *Id.* ¶18.

## Discussion

Dr. Ilg now argues he was convicted in violation of his Fourth Amendment right against unreasonable search and seizure because evidence derived from the Coinbase Warrant was not suppressed. ECF No. 193 at 5, 37–46. As noted above, the Court rejects this argument because Fourth Amendment claims are not cognizable under Section 2255. *See Hearst*, 638 F.2d at 1196.

Dr. Ilg also argues his conviction violated his Sixth Amendment right to effective assistance of counsel because his retained attorneys failed to make several specific arguments in support of their motion to suppress the evidence from the Coinbase Warrant. ECF No. 193 at 4. This argument is rejected for the reasons explained below.

To establish ineffective assistance of counsel, the defendant must show his attorneys' performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.* at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. And "it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

Dr. Ilg's attorneys moved to suppress evidence derived from the Coinbase Warrant. *See* ECF No. 97. They argued the BBC's anonymous source was not adequately reliable because the source lacked veracity, reliability, and an adequate basis of knowledge. *Id.* at 11–15. They also argued the information from the anonymous source had not been sufficiently corroborated. *Id.* at 15–18. The motion was well written, its arguments were

ORDER - 3

well chosen and well crafted. *See id.* The Court denied the motion on its merits, but not due to any deficiency in the presentation. *See* ECF No. 118.

Dr. Ilg argues his attorneys were deficient for failing to bring up several specific arguments. ECF No. 193. First, Dr. Ilg argues his counsel should have focused more on the unreliability of the anonymous source. *Id.* at 4, 20–25, 37–46. The Court rejects this argument because Dr. Ilg's counsel did argue the BBC's anonymous source was unreliable. ECF No. 97 at 11–15. Dr. Ilg thinks the motion to suppress would have been successful if his attorneys had focused more on the unknown source's lack of reliability and less on the lack of corroboration, ECF No. 193 at 4, 20–25, 37–46, but the Court disagrees. Mr. Oreskovich and Mr. Wagley argued reliability well, and they were wise to also address corroboration. Dr. Ilg's proposed tactic would not have been more successful. Besides, even if, in hindsight, it had been advisable to focus more on the anonymous source, counsel's reasonable tactical choice still could not be the basis for an ineffective assistance of counsel claim. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) ("[Defendant]'s disagreement with trial counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel.").

Next, Dr. Ilg says his attorneys should have argued the information in the warrant application could not be authenticated at trial. ECF No. 193 at 25–27, 46–49. He cites Rule 901 of the Federal Rules of Evidence,[1] which requires authentication of evidence. *Id.* at 25. He also notes that information used in summary judgment must be capable of authentication. *Id.* at 27. The Court rejects Dr. Ilg's argument. Rule 901 does not apply to suppression motions. *See* Fed. R. Evid. 1101(d)(1); Fed. R. Evid. 104(a). Nor do rules specific to summary judgment. Besides, Dr. Ilg's counsel did argue that the messages were unauthenticated and could have been fabricated. *See* ECF No. 97 at 14–15, 21. Dr. Ilg may

---

[1] Dr. Ilg refers the Court to Rule 901 of the Federal Rule of Criminal Procedure, ECF No. 193 at 25, but there is no Rule 901 of the Federal Rule of Criminal Procedure. Rule 901 of the Federal Rules of Evidence requires authentication. *See* Fed. R. Evid. 901.

ORDER - 4

quibble with the way his attorneys made the argument, but that is not enough for an ineffective assistance of counsel claim. *See Wildman*, 261 F.3d at 839; *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997).

      Dr. Ilg raises several other arguments he wishes his attorneys had made, or made more vigorously: there were unknown intermediaries in the payment he made to the purported hitman; there was no direct connection between the payments and the dark web itself; the headers above two of the dark web messages are slightly different, which shows the messages were fabricated; and Dr. Ilg had an impressive and "unblemished" medical career. ECF No. 193 at 27–35, 50–52. But none of these arguments are as convincing as those put forth by Dr. Ilg's attorneys. Mr. Oreskovich and Mr. Wagley litigated this case well, *cf. Richter*, 562 U.S. at 111, and Dr. Ilg's complaints about their tactical decisions are simply not enough to establish ineffective assistance of counsel, *see Wildman*, 261 F.3d at 839; *Gerlaugh*, 129 F.3d at 1033.

      Finally, Dr. Ilg argues his Sixth Amendment rights were violated because his attorneys had a conflict of interest. ECF No. 193 at 35. According to the Motion, Dr. Ilg was suing his former employer, Mednax, while his criminal case was pending. *Id.* Dr. Ilg states that Mr. Wagley and Mr. Oreskovich had a conflict of interest regarding a motion filed by Mednax to compel arbitration. *Id.* He claims this conflict prevented Mr. Oreskovich and Mr. Wagley from presenting mitigating information related to Dr. Ilg losing his job. *Id.* The Court rejects this argument. Dr. Ilg's attorneys introduced the idea that Dr. Ilg's job loss contributed to his actions, and the arguments Dr. Ilg presents now would not have affected the ultimate outcome. Dr. Ilg also claims the conflict of interest "explains why [his attorneys] refused to counter the government's fabricated, discriminatory, mischaracterization of [his] loving, consensual BDSM lifestyle." *Id.* at 36. The Court repeats now what it said at sentencing: Dr. Ilg's conviction and sentence were based on his crimes, not his lifestyle. Even if Mr. Wagley and Mr. Oreskovich did have a conflict of interest, it did not significantly affect their performance, as would be necessary to establish a Sixth Amendment violation in this context. *See Mickens v. Taylor*, 535 U.S. 162, 172–73 (2002).

ORDER - 5

Related to his conflict-of-interest claim, Dr. Ilg asks the Court to order his attorneys to turn over his complete file, ECF No. 193 at 67, but based on the Motion and its attachments, the Court concludes Dr. Ilg's attorneys have already provided him with the materials to which he is entitled, *see id.* at 35–36, 70–79. Dr. Ilg also asks the Court to appoint an attorney from outside the Eastern District of Washington to assist him with the Motion. ECF No. 167. His request is denied because the interests of justice do not require appointment of counsel in this instance. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).[2]

Dr. Ilg says "he would be home" "[h]ad [his attorneys] represented [him] to the standards necessary as his advocate." ECF No. 193 at 59–60. The Court disagrees. Dr. Ilg's attorneys litigated this case well. Dr. Ilg is not in prison because his attorneys did a bad job. Dr. Ilg is in prison because he committed horrendous crimes.

## CERTIFICATE OF APPEALABILITY

An appeal of this order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the preceding analysis, the Court concludes that jurists of reason would not find the Court's assessment of the issues debatable or wrong. Thus, a certificate of appealability should not issue.

This order is entered to memorialize and supplement the oral rulings of the Court. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant Ronald Craig Ilg's 28 U.S.C. § 2255 Motion to Vacate Sentence, filed February 8, 2024, **ECF No. 193**, is **DENIED**.

The District Court Executive is directed to:
- File this Order,

---

[2] Besides, Dr. Ilg has not filed a CJA 23 form or otherwise shown that he is indigent.

ORDER - 6

- Provide copies to counsel and *pro se* Defendant,
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:24-CV-0041-WFN.

**DATED** this 13th day of March, 2024.

                                    WM. FREMMING NIELSEN
                                    SENIOR UNITED STATES DISTRICT JUDGE

03-07-24

ORDER - 7